## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VINCENT NASTRO, | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | |
| v. | : | 3:02CV00857(DJS) |
| | : | |
| | : | |
| ARTHUR M. D'ONOFRIO, et. al. | : | |
| | : | |
| Defendants. | : | August 5, 2003 |

## REQUEST FOR PRODUCTION OF DOCUMENTS
## TO DEFENDANT CAROLYN D'ONOFRIO

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff Vincent Nastro requests that defendant Carolyn D'Onofrio produce for inspection and copying those documents listed on Schedule A attached hereto. Said documents should be produced for inspection within thirty (30) days of this request at the offices of the undersigned or at such other reasonable location as may be agreed upon by counsel.

THE PLAINTIFF
VINCENT NASTRO

by: _____
Edwin L. Doernberger
Saxe, Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517
Tel. (203) 287-8890
Fax. (203) 287-8847
Fed. Bar No. ct05199

## SCHEDULE A
## (Carolyn D'Onofrio)

1.    Any and all Federal and State Tax Returns for the years 1994 onward.

2.    All records concerning any checking account, savings account, certificate of deposit or any other deposit account with any bank, savings institution or credit union for any such account during the period from January 1, 1994 onward.

3.    All records concerning any brokerage accounts for the period from January 1, 1994 onward, including, but not limited to, the most recent account statement.

4.    All records concerning any life insurance owned by you or insuring your life, including copies of policies, which policies were in existence during the period from January 1, 1994 onward.

5.    All documents indicating the ownership of any motor vehicles, boats or aircraft owned by you now or during the period from January 1, 1994 onward.

6.    All documents concerning the leasing of any motor vehicles, boats or aircraft by you now or during the period from January 1, 1994 onward.

7.    Any financial statement or other document indicating your financial status prepared during the period from January 1, 1994 onward.

8.    All documents relating to the ownership of real property owned by you now or during the period from January 1, 1994 onward, including, but not limited to, deeds, mortgages or other security agreements, leases and/or rental agreements, insurance policies and all appraisals.

9.    All documents indicating the ownership of personal property owned by you now or during the period from January 1, 1994 onward, including, but not limited to, collections of any type, artwork, antiques, firearms, jewelry or any other personal property of any value.

10.    All applications for credit or loans applied for by you or by any organization and/or entity for which you signed any guaranty, including all supporting documentation, during the period from January 1, 1994 onward.

11.    All loan documents, line of credit agreements or other similar documents relating to or reflecting the extension of credit by any person or entity to you during the period from January 1, 1994 onward.

12.    All records indicating any office equipment, inventory, tools and other equipment in which you now have or had during the period from January 1, 1994 onward.

13.    All records concerning any accounts receivable in which you now have or had any interest during the period from January 1, 1994 onward.

14.    All stock certificates, bonds, certificates of deposit or any other document indicating your financial interest in any organization or account in which you now have or had any interest during the period from January 1, 1994 onward, including, but not limited to the following entities:

> Goodspeed Airport Development Corp.
> New England Propeller Service, Incorporated
> U.S. Propeller Service - North Carolina
> U.S. Propeller Service - Florida
> U.S. Propeller Service - Connecticut
> U.S. Propeller Service - Pennsylvania
> U.S. Propeller Service - Oklahoma
> Aerocess, Inc.
> Prop Care, Inc.
> Accuworks, Inc.
> AIM-HI, Inc.
> DIV-ACQ, Inc.
> Real Estate Services of Haddam, Inc.

15.    All state and federal tax returns for each corporation or business entity in which you had any ownership interest for the period of time from January 1, 1994 onward.

16.    All documents indicating ownership or leasing of any safe deposit box or any other secure storage area.

17.    All documents relating to your ownership interest (past or present) in property located at 3 Lumberyard Road, East Haddam, Connecticut, including, but not limited to, any deeds, mortgages and/or transfers relating to the property.

18.    All documents relating to your ownership interest (past or present) in property located at 1304 Saybrook Road, Haddam, Connecticut, including, but not limited to, any deeds, mortgages and/or transfers relating to the property.

19.    All documents relating to the sale and or transfer of the Goodspeed Airport property (or any interest therein) and/or any property owned by Goodspeed Airport Development Corp.

20.    All documents relating to any trust established by you as grantor or settler individually or together with any other person or entity, including, but not limited to, all trust documents (draft or final), correspondence relating to the trust, documents relating to assets transferred into or out of the trust, distribution reports and tax returns.

21.    All documents relating to any trust of which you are or were a beneficiary, including, but not limited to, all trust documents (draft or final), correspondence relating to the trust, documents relating to assets transferred into or out of the trust, distribution reports and tax returns.

22.    All documents relating to any trust for which you serve or served as a trustee, including, but not limited to, all trust documents (draft or final), correspondence relating to the trust, documents relating to assets transferred into or out of the trust, distribution reports and tax returns.

23.    All powers of attorney granted by you for the period of time from January 1, 1994 onward.

24.    All powers of attorney issued in your favor for the period of time from January 1, 1994 onward.

25.    All documents and records concerning or relevant to the transfer to you by Arthur M. D'Onofrio of any property, real or personal, from and after January 1, 1994. The aforesaid request includes, but is not limited to, transfers by sale, gift, deed or conveyance in any manner whatsoever.

26.    All documents and records concerning or relevant to transfers of any property referenced in document request 25 by you to any other person or entity. The aforesaid request includes, but is not limited to, transfers by sale, gift, deed or conveyance in any manner whatsoever.

27.    All tax returns, Federal and state, regarding or reflecting the income and or financial affairs of any business entity in any manner related to the property referenced in document request 25 for the period of time from and after January 1, 1994. By way of example, and not in limitation, if stock in any company was transferred from Arthur D'Onofrio to you, any tax returns of that company are requested.

28.    All documents and records concerning or relevant to the transfer to any family member (including blood relatives and those related by marriage) by Arthur M. D'Onofrio of any property, real or personal, from and after January 1, 1994. The aforesaid request includes, but is not limited to, transfers by sale, gift, deed or conveyance in any manner whatsoever.

29.    All documents and records concerning or relevant to transfers of any property referenced in document request 28 by the transferee to any other person or entity. The aforesaid request includes, but is not limited to, transfers by sale, gift, deed or conveyance in any manner whatsoever.

30.    All tax returns, Federal and state, regarding or reflecting the income and or financial affairs of any business entity in any manner related to the property referenced in document request 28 for the period of time from and after January 1, 1994.

31.    All documents relating to any patents, trademarks copyrighted material, FAA supplemental type certificates (STC's), FAA parts manufacturing authorities (PMA's) or any other intellectual property owned by you or in which you had any interest during the period of time from January 1, 1994 onward, including, but not limited to, any documents relating to transfers or assignments of such items.

32.    All credit card statements for all credit cards in your name or on which you are or were an authorized signer for the period of time from January 1, 1996 onward.

33.    All retainer agreements with any attorney providing legal services/and or advice to you for the period of time from January 1, 1994 onward.

34.    All documents relating to any judgment issued in your favor during the period of time from January 1, 1994 onward.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed via first class mail, postage pre-paid, to the following counsel of record on August 5, 2003:

Scott M. Karsten, Esq.
Nicole D. Dorman, Esq.
Sack, Spector and Karsten, LLP
836 Farmington Avenue
West Hartford, CT 06119

Thomas P. O'Dea, Jr., Esq.
James M. Sconzo, Esq.
Halloran & Sage LLP
315 Post Road West
Westport, CT 06880-4739

_____
Edwin L. Doernberger

B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VINCENT NASTRO,                  :  NO.:  3:02CV00857(DJS)
    Plaintiff,

vs.

ARTHUR M. D'ONOFRIO, CAROLYN
D'ONOFRIO, ARTHUR A. D'ONOFRIO,
PAUL D'ONOFRIO, NICOLE D'ONOFRIO,
NEW ENGLAND PROPELLER SERVICE OF
CT, INC., DIV-ACQ, INC., ADMW, LLC,
THE CHANA TRUST, THE CONTINENTAL
TRUST COMPANY LIMITED, KLEBAN &
SAMOR, P.C., ELLIOT I. MILLER and
U.S. PROPELLER SERVICE OF CT., INC.,   :  SEPTEMBER 5, 2003
    Defendants.

## OBJECTION OF DEFENDANT CAROLYN D'ONOFRIO
## TO PLAINTIFF'S REQUESTS FOR PRODUCTION

Defendant Carolyn D'Onofrio hereby objects to the requests

for production described in the Schedule A attached to

Plaintiff's Requests For Production dated August 5, 2003, as

follows:

1.   As to all requests, the time period inquired about

(January 1, 1994 to the present) is overly broad, unduly

burdensome, and not reasonably limited in scope to a relevant

temporal period.  The California litigation underlying this case

was commenced in 1996.  Amended Complaint, ¶ 15.  The transfers

in issue occurred in June, 2001, and this action was commenced on
May 17, 2002.  Defendant objects to any production related to the
period prior to May 17, 1999.

2.   Request numbers 2, 3, 4, 5, 6, 8, 9, 12, 13, 14, 17,
18, 19, 20, 21, 22, 25, 26, 28, 29, 31, 32 and 34.  Plaintiff's
requests for "all records relating to", "all records concerning"
or "all records indicating" are overly broad, unduly burdensome,
and not reasonably calculated to lead to the discovery of
admissible evidence.

3.   Request Number 9.  Plaintiff's request for documents
relating to "any personal property of any value" is overly broad,
unduly burdensome and calculated to be oppressive, not to
discover admissible evidence.

4.   Request numbers 14, 15.  Defendant objects to any
purported requirement that he produce documents not in her
possession or under her control at the present time.

5.   Request numbers 25, 26, 27, 28, 29 and 30.  Plaintiff's
request for documents relating to all transfers of "any property,
real or personal" are overly broad, oppressive and not reasonably
calculated to lead to the discovery of admissible evidence.

- 2 -

**SACK, SPECTOR AND KARSTEN, LLP** • *ATTORNEYS AT LAW*
836 FARMINGTON AVE • WEST HARTFORD, CT 06119-1544 • (860) 233-8251 • JURIS NO. 52776

6.   Request number 32 is duplicative of number 11, and further is unduly burdensome.

7.   Request number 33 purports to require production of material protected by the attorney-client privilege and further is not reasonably calculated to lead to the discovery of admissible evidence.

8.   As to all requests directed to this defendant, on the ground that the information and documents sought are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, defendant objects to any production relating to or concerning:

a.   any assets or property other than that transferred to the Chana Trust on or about June 21, 2001;

b.   any transaction between this defendant and any other individual occurring prior to or subsequent to June 21, 2001; and

c.   any actions, transactions, conduct, records, affairs or other matters arising or occurring prior to May 17, 1999.

- 3 -

WHEREFORE, defendant objects to plaintiff's request for production.

DEFENDANT, CAROLYN D'ONOFRIO

BY _Scott M. Karsten_

Scott M. Karsten
Federal Bar Number:  ct05277
Sack, Spector & Karsten
836 Farmington Avenue
West Hartford, CT 06119
Their Attorney
Phone No.: (860)233-8251
E-mail: skarsten@sackspec.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 5th day of September, 2003, to the following counsel of record:

Edwin L. Doernberger, Esquire
Saxe Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517

Thomas O'Dea, Esquire
Halloran & Sage LLP
315 Post Road West
Westport, CT 06880

_Scott M. Karsten_

Scott M. Karsten

- 4 -

## SCHEDULE A
### (Carolyn D'Onofrio)

1.    Any and all Federal and State Tax Returns for the years 1994 onward.

2.    All records concerning any checking account, savings account, certificate of deposit or any other deposit account with any bank, savings institution or credit union for any such account during the period from January 1, 1994 onward.

3.    All records concerning any brokerage accounts for the period from January 1, 1994 onward, including, but not limited to, the most recent account statement.

4.    All records concerning any life insurance owned by you or insuring your life, including copies of policies, which policies were in existence during the period from January 1, 1994 onward.

5.    All documents indicating the ownership of any motor vehicles, boats or aircraft owned by you now or during the period from January 1, 1994 onward.

6.    All documents concerning the leasing of any motor vehicles, boats or aircraft by you now or during the period from January 1, 1994 onward.

7.    Any financial statement or other document indicating your financial status prepared during the period from January 1, 1994 onward.

8.    All documents relating to the ownership of real property owned by you now or during the period from January 1, 1994 onward, including, but not limited to, deeds, mortgages or other security agreements, leases and/or rental agreements, insurance policies and all appraisals.

9.    All documents indicating the ownership of personal property owned by you now or during the period from January 1, 1994 onward, including, but not limited to, collections of any type, artwork, antiques, firearms, jewelry or any other personal property of any value.

10.    All applications for credit or loans applied for by you or by any organization and/or entity for which you signed any guaranty, including all supporting documentation, during the period from January 1, 1994 onward.

11.    All loan documents, line of credit agreements or other similar documents relating to or reflecting the extension of credit by any person or entity to you during the period from January 1, 1994 onward.

12.    All records indicating any office equipment, inventory, tools and other equipment in which you now have or had during the period from January 1, 1994 onward.

13.    All records concerning any accounts receivable in which you now have or had any interest during the period from January 1, 1994 onward.

14.    All stock certificates, bonds, certificates of deposit or any other document indicating your financial interest in any organization or account in which you now have or had any interest during the period from January 1, 1994 onward, including, but not limited to the following entities:

Goodspeed Airport Development Corp.
New England Propeller Service, Incorporated
U.S. Propeller Service - North Carolina
U.S. Propeller Service - Florida
U.S. Propeller Service - Connecticut
U.S. Propeller Service - Pennsylvania
U.S. Propeller Service - Oklahoma
Aerocess, Inc.
Prop Care, Inc.
Accuworks, Inc.
AIM-HI, Inc.
DIV-ACQ, Inc.
Real Estate Services of Haddam, Inc.

15.    All state and federal tax returns for each corporation or business entity in which you had any ownership interest for the period of time from January 1, 1994 onward.

16.    All documents indicating ownership or leasing of any safe deposit box or any other secure storage area.

17.    All documents relating to your ownership interest (past or present) in property located at 3 Lumberyard Road, East Haddam, Connecticut, including, but not limited to, any deeds, mortgages and/or transfers relating to the property.

18.    All documents relating to your ownership interest (past or present) in property located at 1304 Saybrook Road, Haddam, Connecticut, including, but not limited to, any deeds, mortgages and/or transfers relating to the property.

19.    All documents relating to the sale and or transfer of the Goodspeed Airport property (or any interest therein) and/or any property owned by Goodspeed Airport Development Corp.

20.    All documents relating to any trust established by you as grantor or settler individually or together with any other person or entity, including, but not limited to, all trust documents (draft or final), correspondence relating to the trust, documents relating to assets transferred into or out of the trust, distribution reports and tax returns.

21.    All documents relating to any trust of which you are or were a beneficiary, including, but not limited to, all trust documents (draft or final), correspondence relating to the trust, documents relating to assets transferred into or out of the trust, distribution reports and tax returns.

22.    All documents relating to any trust for which you serve or served as a trustee, including, but not limited to, all trust documents (draft or final), correspondence relating to the trust, documents relating to assets transferred into or out of the trust, distribution reports and tax returns.

23.    All powers of attorney granted by you for the period of time from January 1, 1994 onward.

24.    All powers of attorney issued in your favor for the period of time from January 1, 1994 onward.

25.    All documents and records concerning or relevant to the transfer to you by Arthur M. D'Onofrio of any property, real or personal, from and after January 1, 1994. The aforesaid request includes, but is not limited to, transfers by sale, gift, deed or conveyance in any manner whatsoever.

26.    All documents and records concerning or relevant to transfers of any property referenced in document request 25 by you to any other person or entity. The aforesaid request includes, but is not limited to, transfers by sale, gift, deed or conveyance in any manner whatsoever.

27.    All tax returns, Federal and state, regarding or reflecting the income and or financial affairs of any business entity in any manner related to the property referenced in document request 25 for the period of time from and after January 1, 1994. By way of example, and not in limitation, if stock in any company was transferred from Arthur D'Onofrio to you, any tax returns of that company are requested.

28.    All documents and records concerning or relevant to the transfer to any family member (including blood relatives and those related by marriage) by Arthur M. D'Onofrio of any property, real or personal, from and after January 1, 1994. The aforesaid request includes, but is not limited to, transfers by sale, gift, deed or conveyance in any manner whatsoever.

29.    All documents and records concerning or relevant to transfers of any property referenced in document request 28 by the transferee to any other person or entity. The aforesaid request includes, but is not limited to, transfers by sale, gift, deed or conveyance in any manner whatsoever.

30.    All tax returns, Federal and state, regarding or reflecting the income and or financial affairs of any business entity in any manner related to the property referenced in document request 28 for the period of time from and after January 1, 1994.

31.    All documents relating to any patents, trademarks copyrighted material, FAA supplemental type certificates (STC's), FAA parts manufacturing authorities (PMA's) or any other intellectual property owned by you or in which you had any interest during the period of time from January 1, 1994 onward, including, but not limited to, any documents relating to transfers or assignments of such items.

32.    All credit card statements for all credit cards in your name or on which you are or were an authorized signer for the period of time from January 1, 1996 onward.

33.    All retainer agreements with any attorney providing legal services/and or advice to you for the period of time from January 1, 1994 onward.

34.    All documents relating to any judgment issued in your favor during the period of time from January 1, 1994 onward.



## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

VINCENT NASTRO,                      :
                                     :
                    Plaintiff,       :        CIVIL ACTION NO.
                                     :
v.                                   :        3:02CV00857(DJS)
                                     :
                                     :
ARTHUR M. D'ONOFRIO, et. al.         :
                                     :
                    Defendants.      :        DECEMBER 18, 2003

### <u>AFFIDAVIT OF EDWIN L. DOERNBERGER</u>

STATE OF CONNECTICUT        )
                            )        ss: Hamden
COUNTY OF NEW HAVEN         )

Edwin L. Doernberger, being first duly sworn, on oath deposes and says:

1.    I am over the age of 18 and believe in the obligations of an oath.

2.    I make this affidavit based upon my personal knowledge.

3.    This affidavit is submitted pursuant to D. Conn. L. Civ. R. 9(d)(2) regarding the good faith effort to resolve a discovery dispute.

4.    As set forth in the attached motion, the dispute at issue regards a request for production of documents served upon defendant Carolyn D'Onofrio on August 5, 2003 (Ex. A), to which objections were filed on or about September 5, 2003 (Ex. B).

5.    A telephonic conference was held between Scott M. Karsten, counsel for Carolyn D'Onofrio, and me on September 16, 2003.

4

6.    During the conference, discussions were held concerning all outstanding document requests to the D'Onofrio defendants, including Arthur D'Onofrio, New England Propeller Service, U.S. Propeller Service, Div-Acq and ADMW.

7.    Those discussions included discussions regarding the time period for which documents would be produced: although defendants agreed to producing documents prior to the date contained in their objection (May 17, 1999), their position was modified to May 17, 1998, 4 years prior to the filing of this litigation. Plaintiff believes and continues to believe the relevant time period extends far prior to that date and at least as far as the date contained in the request (January 1, 1994), since plaintiff believes it is entitled to obtain discovery as to *any* transfers between Arthur and Carolyn D'Onofrio which may have occurred outside of the 4 year period. Such discovery may be relevant to concealed transactions, and are directly relevant to the claims asserted under CUTPA, claims for imposition of a constructive trust on fraudulently transferred property, and claims for RICO violations.

8.    Except for the time period disagreement, the undersigned believed that many issues had been resolved regarding discovery, and that once documents were produced, further discussions might resolve any other issues.

9.    The documents agreed upon were to be produced by agreement at the offices of Scott M. Karsten, Esq., on October 30, 2003. On that date, the undersigned appeared and was informed that no documents were being produced on behalf of Carolyn D'Onofrio. At that time, limited documents were

produced on behalf of Arthur M. D'Onofrio, New England Propeller Service, Inc., U.S. Propeller Service, Inc., Div-Acq Inc. and ADMW, LLC.[1]

10.    Discussions took place between the undersigned and Scott M. Kartsen on October 30, 2003, regarding the failure of Carolyn D'Onofrio to produce any documents and the undersigned was informed that Carolyn D'Onofrio would not produce any documents.

Further affiant sayeth not.

Dated at Hamden, Connecticut, December 18, 2003.

Edwin L. Doernberger

Subscribed and sworn to before me this 18th day of December, 2003.

Commissioner of the
Superior Court

---

[1] The undersigned believes that these other defendants have failed to produced the documents agreed upon and efforts are being made to obtain such documents without filing additional motions to compel, but such motions will be filed if necessary.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed via first class mail,

postage pre-paid, to the following counsel of record on December 18, 2003:

Scott M. Karsten, Esq.
Nicole D. Dorman, Esq.
Sack, Spector and Karsten, LLP
836 Farmington Avenue
West Hartford, CT 06119

Thomas P. O'Dea, Jr., Esq.
James M. Sconzo, Esq.
Halloran & Sage LLP
315 Post Road West
Westport, CT 06880-4739

Edwin L. Doernberger