UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 JAN 26  P 2: 38

U.S. DISTRICT COURT
HARTFORD, CT.

VINCENT NASTRO,

            Plaintiff,

v.

ARTHUR M. D'ONOFRIO, et. al.

            Defendant.

CIVIL ACTION NO.

3:02CV00857(DJS)

JANUARY 23, 2004

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

This Memorandum is submitted by plaintiff Vincent Nastro ("Nastro") in support of the Motion to Compel Production of Documents pursuant to subpoenas for production of documents issued to East Coast Propeller Service, Inc. ("ECPS") and Goodspeed Airport Development Corp. ("GADCO"). These subpoenas were served upon ECPS on November 24, 2003 (Exhibit 1) and upon GADCO on December 4, 2003 (Exhibit 2). On or about December 9, 2003 "defendants Arthur D'Onofrio, et al." filed a Notice of Objection to Production Subpoenas, by which these defendants objected to the production of documents called for in the ECPS and GADCO subpoenas (Exhibit 3).

Nastro is moving to compel production of documents as called for in the subpoena.

    1.     DEFENDANTS' OBJECTION IS PROCEDURALLY IMPROPER

Defendants' purportedly have moved under F.R.C.P. 45(c)(2)(B) which permits "a person commanded to produce and permit inspection and copying" to

7

file a written objection to the inspection or copying or the documents subpoenaed. In this case, no objection was filed by either ECPS or GADCO, but rather objection was filed by the D'Onofrio defendants'. If these defendants' had wished to prevent the production of the subpoenaed documents, then they were required to proceed under F.R.C.P. 26(c) which permits "a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without court action, and for good cause shown", to limit the discovery sought. In the present action, no good faith certificate and no cause has been shown by which the D'Onofrio defendants' can simply object to the production of documents by ECPS and GADCO, non-parties to this action.

2. DEFENDANTS' HAVE MADE MATERIAL MISREPRESENTATIONS

In the objection to the production subpoenas, the D'Onofrio defendants' state that the "regular place of business" of ECPS is Lititz, Pennsylvania and that, therefore, the document requests exceed the one hundred mile geographical limitation in F.R.C.P. 45. Although ECPS may have a place of business in Lititz, Pennsylvania,[1] There is no indication or documentation to state that this is the only place of business of ECPS. The federal income tax form filed by defendant New England Propeller Service, Inc. allowed the one hundred percent owner of ECPS, lists the address for ECPS as "P.O. Box 263, East Haddam, Conn. 06423." (See Exhibit 4, bates stamp page 131) It should further be noted that the tax

---

[1] Nastro does not dispute that Letitz, Pennsylvania is beyond the one hundred mile limitation contained in FRCP 45.

8

return contains detailed financial information regarding income and earnings of ECPS (See Exhibit 4, pages 132 - 138), which information was apparently furnished to defendant New England Propeller Service, Inc. Finally, the subpoena itself was served by State Marshal Theodore W. Herrmann upon defendant Arthur M. D'Onofrio the "person in charge at East Coast Propeller Service, Inc. in East Haddam, Conn.". Upon the basis of this information, ECPS has a sufficient place of business in East Haddam, Conn. to be subject to the subpoena power of this court.

The D'Onofrio defendants' also claim that GADCO is "a dissolved Connecticut corporation that was sold by its prior owner, Carolyn D'Onofrio, in approximately August, 1999". As indicated by the records of the Connecticut Secretary of State GADCO is an active Connecticut corporation. (See Exhibit 6, page 1). No certificate of dissolution has been filed (See Exhibit 6, page 2), and defendant Arthur D'Onofrio is the president and a director of GADCO (See Exhibit 6, page 3). As asserted in the complaint filed herein, Nastro believes that the stock ownership in GADCO was transferred from Arthur D'Onofrio to Carolyn D'Onofrio for no consideration prior to the sale by GADCO of the Goodspeed Airport located in Connecticut, which sale produced millions of dollars. Nastro has asserted that this conduct by Arthur D'Onofrio is a continuing pattern of his transfer of assets to avoid his debts, and that the constructive trust should be placed upon this transfer. Nastro is entitled to the discovery of the requested documents to produce evidence of this transaction.

### 3. THE DOCUMENTS SUBPOENAED ARE DISCOVERABLE

The D'Onofrio defendants' have also objected to the subpoenaed documents on specific technical grounds which shall be addressed in order.

1. The D'Onofrio defendants' claim that the documents are "irrelevant to the claims in this lawsuit." With respect to ECPS, the documents requested relate to the assets of ECPS over the course of time. As set forth in the Motion to Dismiss filed by the D'Onofrio defendants', they contend that defendant New England Propeller Service, Inc. is a company with no value (and, therefore, not an asset which could be fraudulently conveyed under the uniform fraudulent transfer act) so the financial condition of ECPS is directly relevant to the issues raised by the D'Onofrio defendants' in this case. Similarly, the documents requested from GADCO relate both to its financial status (in order to be able to prove the value of the company as to a fraudulent transfer), and the ownership of GADCO. Again, the documents requested are directly relevant to the issues in this case.

The D'Onofrio defendants' also claim that the document requests are "grossly overbroad and unduly burdensome as to the time frames of the requests and the nature of the documents/materials requested." However, the D'Onofrio defendants' do not specify how these requests will be unduly burdensome. It might be noted that if ECPS and GADCO perceive their request to be burdensome, each of these entities could have filed their objections.[2] As this case progresses, it becomes increasingly obvious that all of the corporate entities and transfers

---

[2] It is not surprising that the objections filed to these subpoenas were filed by the D'Onofrio defendants'.

10

between corporations and individuals are nothing but a "smoke screen" to attempt to avoid financial obligations and insulate the individual defendants from personal liability. The D'Onofrio defendants' also claim that the document requests seeks disclosure of trade secrets, proprietary and/or other commercial information. Again, nothing is specified as to which items constitute trade secrets, or what type of proprietary information is being requested which would at all be considered so confidential as to even require a protective order.

4. **CONCLUSION**

For the foregoing reasons, it is respectfully requested that the Motion to Compel be granted.

THE PLAINTIFF
VINCENT NASTRO

by: /s/ Heidi H. Zapp
Heidi H. Zapp
Saxe, Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517
Tel. (203) 287-8890
Fax. (203) 287-8847
Fed. Bar No. ct05199

11

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF ~~Connecticut~~

Vincent Nastro

**V.**

Arthur M. D'Onofrio, et al.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] 3:02 CV00857 (DJS)

TO: East Coast Propeller Service, Inc.
Industrial Park, 6 Matthews Drive
East Haddam, CT 06423

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Schedule A

| PLACE | DATE AND TIME |
| --- | --- |
| Saxe Doernberger & Vita, P.C. 1952 Whitney Ave, Hamden, CT 06517 | Thurs, 12/11/03 @ 2:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| [signature] (Attorney for Plaintiff) | 11/2*/03 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Edwin L. Doernberger, Saxe Doernberger & Vita, P.C. 1952 Whitney Ave Hamden, CT 06517

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | Arthur M. D'Onofrio Person in Charge | East Coast Propeller Service, Inc. East Haddam, CT |

SERVED ON (PRINT NAME)

MANNER OF SERVICE
Served in hands

SERVED BY (PRINT NAME)
Theodore W. Herrmann

TITLE
State Marshal

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  November 24, 2003
                     DATE

_[signature]_
SIGNATURE OF SERVER

1 Kim Ileen Ct., Cromwell, CT
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A
### (East Coast Propeller Service, Inc.)

1. Any and all Federal and State Tax Returns for the years 1990 onward.

2. All records concerning any checking account, savings account, certificate of deposit or any other deposit account with any bank, savings institution or credit union for any such account during the period from January 1, 1990 onward.

3. All records concerning any brokerage accounts for the period from January 1, 1990 onward, including, but not limited to, the most recent account statement.

4. All documents indicating the ownership of any motor vehicles, boats or aircraft owned by the company now or during the period from January 1, 1990 onward.

5. All documents concerning the leasing of any motor vehicles, boats or aircraft by the company now or during the period from January 1, 1990 onward.

6. Any financial statement or other document indicating the financial status of the company prepared during the period from January 1, 1990 onward.

7. All documents relating to the ownership by the company of real property now or during the period from January 1, 1990 onward, including, but not limited to, deeds, mortgages or other security agreements, leases and/or rental agreements, insurance policies and all appraisals.

8. All documents indicating the ownership by the company of personal property now or during the period from January 1, 1990 onward, including, but not limited to, collections of any type, artwork, antiques, firearms, jewelry or any other personal property of any value.

9. All promissory notes, loan agreements, mortgages or any other type of credit agreement signed by the company or in effect during the period from January 1, 1990 onward.

10. All applications for credit or loans applied for by the company or by any organization and/or entity for which the company signed any guaranty, including all supporting documentation and any information submitted regarding any renewals, during the period from January 1, 1990 onward

11. All records indicating any office equipment, inventory, tools and other equipment in which the company now has or had during the period from January 1, 1990 onward.

12. All records concerning any accounts receivable in which the company now has or had any interest during the period from January 1, 1990 onward.

13. All stock certificates, bonds, certificates of deposit or any other document indicating the company's financial interest in any other organization in which the company now has or had any interest during the period from January 1, 1990 onward.

14. All documents relating to any patents, trademarks copyrighted material, FAA supplemental type certificates (STC's), FAA parts manufacturing authorities (PMA's) or any other intellectual property owned by the company or in which you had any interest during the period of time from January 1, 1990 onward, including, but not limited to, any documents relating to transfers or assignments of such items.

15. All documents indicating the ownership of the company during the period of time from January 1, 1990 onward.

16. All documents indicating the officers, members, managing agents, or any other person acting for or on behalf of the company for the period of time from January 1, 1990 onward.

17. All general ledgers, including, but not limited to, cash receipts and disbursements journals for the period of time from January 1, 1990 onward..

18  All inventory statements, including all statements of inventory at cost and at market for the period of time from January 1, 1990 onward..

19. All depreciation schedules for the period of time from January 1, 1990 onward.

20. All 1099's issued by the company for the period of time from January 1, 1990 onward.

21. All documents regarding commissions paid to any person or entity for the period of time from January 1, 1990 onward.

22.. All documents, including financial records regarding loans to affiliates for the period of time from January 1, 1990 onward.

23. All documents, including claims submitted and financial records regarding proceeds of any insurance policies for the period of time from January 1, 1990 onward.

24.    All documents, including financial records, regarding proceeds or amounts received from settlements for the period of time from January 1, 1990 onward.

25..   All documents, including financial records, regarding advances to and from affiliates for the period of time from January 1, 1990 onward.

26.    All documents, including financial records, regarding rents received and/or paid for the period of time from January 1, 1990 onward.

27.    All documents, including financial records, regarding pension plans profit sharing plans or any other type of employee benefit programs for the period of time from January 1, 1990 onward.

28.    All minutes of any shareholder and/or board of director meetings for the period of time from 1985 onward.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
## UNITED STATES DISTRICT COURT

Vincent Nastro      DISTRICT OF   Connecticut

V.

Arthur M. D'Onofrio, et al

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 3:02 CV00857 (DJS)

TO: Goodspeed Airport Development Corp.
c/o M. Jackson Webber, Esq.
661 Wethersfield Avenue, Hartford, CT 06114

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Schedule A

| PLACE | DATE AND TIME |
|---|---|
| Saxe Doernberger & Vita, P.C. 1952 Whitney Ave., Hamden, CT 06517 | Thurs, 12/11/03 @ 10:00 a.m |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)

_[signature]_ (Attorney for Plaintiff)     DATE 11/21/03

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Edwin L. Doernberger, Saxe Doernberger & Vita, P.C. 1952 Whitney Avenue Hamden, CT 06517

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 12/4/03 | 661 Wethersfield Ave Hartf |

SERVED ON (PRINT NAME) / MANNER OF SERVICE

Accepted By Connie Shea Secretary to attorney Jackson Webber Per instructions from attorney Webber

SERVED BY (PRINT NAME) / TITLE

John Lepito    Ct State Marshal

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  12/4/03
                DATE

SIGNATURE OF SERVER: John Lepito

ADDRESS OF SERVER: PO Box 305
New Britain CT 06050

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A
### (Goodspeed Airport Development Corp.)

1. Any and all Federal and State Tax Returns for the years 1990 onward.

2. All records concerning any checking account, savings account, certificate of deposit or any other deposit account with any bank, savings institution or credit union for any such account during the period from January 1, 1990 onward.

3. All records concerning any brokerage accounts for the period from January 1, 1990 onward, including, but not limited to, the most recent account statement.

4. All documents indicating the ownership of any motor vehicles, boats or aircraft owned by the company now or during the period from January 1, 1990 onward.

5. All documents concerning the leasing of any motor vehicles, boats or aircraft by the company now or during the period from January 1, 1990 onward.

6. Any financial statement or other document indicating the financial status of the company prepared during the period from January 1, 1990 onward.

7. All documents relating to the ownership by the company of real property now or during the period from January 1, 1990 onward, including, but not limited to, deeds, mortgages or other security agreements, leases and/or rental agreements, insurance policies and all appraisals.

8. All documents indicating the ownership by the company of personal property now or during the period from January 1, 1990 onward, including, but not limited to, collections of any type, artwork, antiques, firearms, jewelry or any other personal property of any value.

9. All promissory notes, loan agreements, mortgages or any other type of credit agreement signed by the company or in effect during the period from January 1, 1990 onward.

10. All applications for credit or loans applied for by the company or by any organization and/or entity for which the company signed any guaranty, including all supporting documentation and any information submitted regarding any renewals, during the period from January 1, 1990 onward

11. All records indicating any office equipment, inventory, tools and other equipment in which the company now has or had during the period from January 1, 1990 onward.

12. All records concerning any accounts receivable in which the company now has or had any interest during the period from January 1, 1990 onward.

13. All stock certificates, bonds, certificates of deposit or any other document indicating the company's financial interest in any other organization in which the company now has or had any interest during the period from January 1, 1990 onward.

14. All documents relating to any patents, trademarks copyrighted material, FAA supplemental type certificates (STC's), FAA parts manufacturing authorities (PMA's) or any other intellectual property owned by the company or in which you had any interest during the period of time from January 1, 1990 onward, including, but not limited to, any documents relating to transfers or assignments of such items.

15. All documents indicating the ownership of the company during the period of time from January 1, 1990 onward.

16. All documents indicating the officers, members, managing agents, or any other person acting for or on behalf of the company for the period of time from January 1, 1990 onward.

17. All general ledgers, including, but not limited to, cash receipts and disbursements journals for the period of time from January 1, 1990 onward..

18 All inventory statements, including all statements of inventory at cost and at market for the period of time from January 1, 1990 onward..

19. All depreciation schedules for the period of time from January 1, 1990 onward.

20. All 1099's issued by the company for the period of time from January 1, 1990 onward.

21. All documents regarding commissions paid to any person or entity for the period of time from January 1, 1990 onward.

22.. All documents, including financial records regarding loans to affiliates for the period of time from January 1, 1990 onward.

23. All documents, including claims submitted and financial records regarding proceeds of any insurance policies for the period of time from January 1, 1990 onward.

24. All documents, including financial records, regarding proceeds or amounts received from settlements for the period of time from January 1, 1990 onward.

25.. All documents, including financial records, regarding advances to and from affiliates for the period of time from January 1, 1990 onward.

26. All documents, including financial records, regarding rents received and/or paid for the period of time from January 1, 1990 onward.

27. All documents, including financial records, regarding pension plans profit sharing plans or any other type of employee benefit programs for the period of time from January 1, 1990 onward.

28. All minutes of any shareholder and/or board of director meetings for the period of time from 1985 onward.

DEC 09 '03 04:09 FR SACK SPECTOR KARSTEN   6023287736 TO 12662878847   P.02/04

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VINCENT NASTRO,                              :   NO.:  3:02CV00857(DJS)
    Plaintiff,

vs.

ARTHUR M. D'ONOFRIO, CAROLYN
D'ONOFRIO, ARTHUR A. D'ONOFRIO,
PAUL D'ONOFRIO, NICOLE D'ONOFRIO,
NEW ENGLAND PROPELLER SERVICE OF
CT, INC., DIV-ACQ, INC., ADMW, LLC,
THE CHANA TRUST, THE CONTINENTAL
TRUST COMPANY LIMITED, KLEBAN &
SAMOR, P.C., ELLIOT I. MILLER and
U.S. PROPELLER SERVICE OF CT., INC.,   :   DECEMBER 9, 2003
    Defendants.

## NOTICE OF OBJECTION TO PRODUCTION SUBPOENAS

Pursuant to FRCP 45(c)(2)(B), defendants Arthur D'Onofrio, et al. hereby give notice of their objection to subpoenas issued by plaintiff's counsel purporting to command the production for inspection and copying of certain documents and materials, as set forth in Schedule A appended to said subpoenas. The subpoenas in question were issued to East Coast Propeller Service, Inc., a Pennsylvania corporation with a regular place of business in Lititz, Pennsylvania, and Goodspeed Airport Development Corp., a dissolved Connecticut corporation that was sold by its prior owner, Carolyn D'Onofrio, in approximately August 1999.

SACK, SPECTOR AND KARSTEN, LLP • ATTORNEYS AT LAW
836 FARMINGTON AVE., SUITE 221 • WEST HARTFORD, CT 06119-1544 • (860) 233-8251 • JURIS NO. 52776

DEC 09 '03 04:09 FR SACK SPECTOR KARSTEN    8602328736 TO 12052878847    P.03/04

Defendants object to these subpoenas and the requested production on a variety of grounds. Among those grounds, without waiver or limitation, are the following:

1. The requested documents and materials are irrelevant to the claims in this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence;

2. The document requests are grossly overbroad and unduly burdensome as to both the time frames of the requests and the nature of the documents/materials requested;

3. The document requests seek disclosure of trade secrets, proprietary and/or other commercial information;

4. As to East Coast Propeller Service, Inc., the document requests exceed the geographical limitations of Rule 45(b)(2).

WHEREFORE, written notice is hereby given of defendants' objections to said subpoenas.

                                DEFENDANTS, ARTHUR M.
                                D'ONOFRIO, ET AL.

BY _____
   Scott M. Karsten
   Federal Bar Number: ct05277
   Sack, Spector & Karsten
   836 Farmington Avenue
   West Hartford, CT 06119
   Their Attorney

## CERTIFICATION

This is to certify that a copy of the foregoing has been telecopied and mailed, postage prepaid, this 9th day of December, 2003, to the following counsel of record:

Edwin L. Doernberger, Esquire
Saxe Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517

Thomas O'Dea, Esquire
Halloran & Sage LLP
315 Post Road West
Westport, CT 06880

_Scott M. Karsten_
Scott M. Karsten

SACK, SPECTOR AND KARSTEN, LLP • ATTORNEYS AT LAW
836 FARMINGTON AVE., SUITE 221 • WEST HARTFORD, CT 06119-1544 • (860) 233-8251 • JURIS NO. 52776

** TOTAL PAGE.04 **