## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| VINCENT NASTRO, | : |
| Plaintiff, | : CIVIL ACTION NO. |
| v. | : 3:02CV00857(DJS) |
| ARTHUR M. D'ONOFRIO, et. al. | : |
| Defendants. | : FEBRUARY 25, 2004 |

### PLAINTIFF'S REPLY TO CAROLYN D'ONOFRIO'S
### OBJECTION TO MOTION TO COMPEL

This memorandum is submitted by plaintiff Vincent Nastro ("Nastro") in response to the Objection of Carolyn D'Onofrio to Plaintiff's Motion to Compel Dated December 18, 2003, which objection is dated February 17, 2004 (Docket No. 96, hereinafter the "Objection"). Contrary to the unverified assertions of Carolyn D'Onofrio in the Objection, the fact remains that defendant Carolyn D'Onofrio has not produced a single document in this case, either directly or by reference to production of documents by other persons.

1.   THIS ACTION IS DIFFERENT FROM THE CALIFORNIA ACTION

Although this action does have its genesis in the California Action,[1] the actions are fundamentally different. In the California Action, Nastro sought and was awarded damages against Arthur D'Onofrio on account of, among other items, D'Onofrio's misappropriation of corporate funds, failure to make payments

---

[1] Nastro v. D'Onofrio, Superior Court of California, County of San Joaquin, Stockton Branch, Case No. 293975.

1

to several creditors, absconding with money, absconding with employee contributions to a corporate 401(k) plan, and failing to remit to taxing authorities money collected from customers for sales tax payments, all of which the California Court found to be "reprehensible" and "undertaken with the intent to defraud."

*In contrast*, the present action arises out of the fraudulent transfers by Arthur D'Onofrio of his assets. The fundamental nature of these actions is different and therefore require different discovery. Most importantly, Carolyn D'Onofrio is not a party to the California Action, but is a party to the present action by virtue of her receipt of the fraudulently transferred assets, or the benefit thereof, and her participation in D'Onofrio's fraudulent transfers. This Court should and must inquire independently if Carolyn D'Onofrio has complied with the document request.[2]

2. <u>CAROLYN D'ONOFRIO HAS NOT COMPLIED WITH THE REQUEST</u>

The Objection also makes reference to documents produced by defendants other than Carolyn D'Onofrio. Apparently, Carolyn D'Onofrio or her counsel believes, without any legal support advanced, that compliance with production requests by one defendant[3] constitutes compliance by her. Nastro does not dispute that Carolyn D'Onofrio could claim in response to a specific request that she has nothing in her "possession, custody or control" other than a

---

[2] Carolyn D'Onofrio has *not* produced any documents in response to the subpoena duces tecum issued for her deposition in the California Action. See Affidavit of Edwin L. Doernberger.

[3] In the Objection, Carolyn D'Onofrio consistently refers to the fact that Nastro has not filed motions to compel as to the responses to production by other defendants. There is no requirement that Nastro file all motions to compel simultaneously as to all defendants, and, indeed, Nastro will be filing motions to compel with regard to the incomplete document production by other defendants in this case.

specific documents or documents produced by some other defendant and by reference to *specific* documents. Indeed, F.R.C.P. 34 provides:

> A party who produces documents for inspection shall produce them as they are kept in the usual course of business or <u>shall organize and label them to correspond with the categories in the request.</u>

(emphasis added). However, Carolyn D'Onofrio has nowhere stated that any specific document was produced by her in response to a specific request.

Carolyn D'Onofrio claims that "virtually each and every document produced by these five other defendants [Arthur D'onofrio and the four business entities] is likewise responsive to the document requests directed to Carolyn D'Onofrio." (Objection at 7). However, as set forth in the Affidavit of Edwin L. Doernberger attached hereto, each of the D'Onofrio defendants producing documents on October 30, 2003,[4] attached a copy of the schedule from the document request with the document production.[5] The schedule of documents requested from Carolyn D'Onofrio was not produced at that time, and, therefore, Nastro cannot determine what specific responsive documents Carolyn D'Onofrio claims to have produced. Furthermore, in response to direct inquiry by the undersigned, counsel for Carolyn D'Onofrio stated she would not produce documents.

As an example, the need for specific document designation by Carolyn D'Onofrio can be shown by reference to a document produced by Arthur

---

[4] Contrary to the unverified assertion that the D'Onofrio defendants have produced "boxes of documents" (Objection at 6), Arthur D'Onofrio and the four business entities produced only 1,420 pages of documents (including the pages listing the requested documents) in response to the document requests served in this case. See Affidavit of Edwin L. Doernberger.

[5] See Affidavit of Edwin L. Doernberger, Exhibit C for an example. By these statements, Nastro does not concede that the document production by Arthur D'Onofrio and the four business entities was complete or in compliance with the Federal Rules of Civil Procedure.

3

D'Onofrio. He produced an unsigned Federal Tax Return for the year 2002, a copy of which is attached hereto as Exhibit B (Bates No. 1370 – 1388), which return is a joint return for Arthur and Carolyn D'Onofrio. The Objection specifically refers to the production of "joint tax returns for Arthur and Carolyn." (Objection at 8). However, Carolyn D'Onofrio in her response to the request for production does not state that a complete copy of her tax return was produced by Arthur D'Onofrio. Indeed, the tax return shows "Wages, salaries, tips, etc." of $145,659 (Ex. B, page 1370, line 7), yet only *one* "W-2" for Arthur D'Onofrio is included with the copy of the tax return produced (Ex. B, page 1371). Either Arthur D'Onofrio has failed to produce the entire tax return, or he has omitted any "W-2" relating to Carolyn. In any event, if Carolyn D'Onofrio wishes to refer to a copy of a joint tax return produced by Arthur D'Onofrio, she may do so, but Nastro is entitled to know that she claims to have produced the responsive documents.

Finally, as a point not addressed by Carolyn D'Onofrio in her Objection, despite her claim that certain documents are protected by attorney-client privilege, no privilege log required by F.R.C.P. 26(b)(5) has ever been provided.

Nastro is entitled to either document production by *Carolyn D'Onofrio,* or a specific statement from Carolyn D'Onofrio that a particular document (e.g. the 2002 Federal Income Tax Return) was included in the document production by some other defendant. Nastro should not have to guess as to the manner in which Carolyn D'Onofrio alleges compliance with document requests.

3.  <u>NO JUDGMENT IS REQUIRED FOR A FRAUDULENT TRANSFER CLAIM</u>

Contrary to the further assertions of Carolyn D'Onofrio that there is "no final judgment" in the California Action (Objection at 2-3), a Judgment on Compensatory Damages was entered in the California Action on August 15, 2003. A copy of this judgment is attached hereto as Exhibit A.[6] Most importantly, as previously recognized by this Court, a "judgment" is not a prerequisite to a claim of fraudulent transfer, only that a claim exist. See Conn. Gen. Stat. §52-552b(3). Nastro does not have to demonstrate that D'Onofrio anticipated a "judgment" at any time (as claimed by D'Onofrio, see Objection at 10-11), the "claim" existed even earlier than the filing of the California Action in 1996.

4.  <u>NASTRO IS ENTITLED TO DOCUMENTS RELATING TO FRAUDLENT TRANSFERS</u>

In her objections, Carolyn D'Onofrio claims that Nastro is not entitled to production of documents prior to May 17, 1998 (Objection at 9). Contrary to that assertion, Nastro is entitled to discovery as to any transfers from Arthur D'Onofrio both to demonstrate Arthur D'Onofrio's practice of transfers to his wife without any or for inadequate consideration in order to prove the claim of unfair trade practices asserted in the complaint, and for the purpose of demonstrating fraudulent intent on the part of Arthur D'Onofrio for the purpose of the imposition of a constructive trust on such fraudulently transferred assets. Contrary to the claim of Carolyn D'Onofrio that any time prior to May 17, 1998 is irrelevant to the

---

[6] The award of compensatory damages was affirmed by the California Appellate Court and D'Onofrio's petition to the California Supreme Court for certiorari was denied. As recognized by the entry of the judgment by the California trial court, this portion of the California Action is completed.

issues in this case, Nastro has already provided the Court and counsel for Carolyn D'Onofrio with this authority. See Memorandum in Opposition to Motion to Dismiss dated July 30, 2003, citing Cadel Co. v. Gabel, 69 Conn. App. 279, 289-90 (2002); Cadel Co. v. Jones, United States District Court, District of Connecticut (March 13, 2003, Eginton, J.).[7]

5.  CONCLUSION

On August 5, 2003, Nastro served a request for production of documents on Carolyn D'Onofrio. The request was met by a request for extension of time to respond, a refusal to produce documents and requests, both timely and untimely, to respond to the motion to compel. Now, over five months later, it is time for Carolyn D'Onofrio to produce the documents requested. Those documents should be produced in compliance with the Federal Rules of Civil Procedure and not by way of an unsupported, unverified and vague claim that some other party produced the documents.

[continued on page 7]

---

[7] Counsel for Carolyn D'Onofrio apparently refuses to recognize that the Court denied the motion to dismiss the CUTPA claims against the D'Onofrio defendants.

For the foregoing reasons and those set forth in the motion to compel, Nastro requests that the Court grant the motion to compel.

          THE PLAINTIFF
          VINCENT NASTRO

by: _____
     Edwin L. Doernberger
     Saxe, Doernberger & Vita, P.C.
     1952 Whitney Avenue
     Hamden, CT 06517
     Tel. (203) 287-8890
     Fax. (203) 287-8847
     Fed. Bar No. ct05199

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VINCENT NASTRO, | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| v. | : | 3:02CV00857(DJS) |
| ARTHUR M. D'ONOFRIO, et. al. | : | |
| Defendants. | : | FEBRUARY 23, 2004 |

### AFFIDAVIT OF EDWIN L. DOERNBERGER

STATE OF CONNECTICUT   )
                                            )   ss: Hamden
COUNTY OF NEW HAVEN   )

Edwin L. Doernberger, being first duly sworn, on oath deposes and says:

1. I am over the age of 18 and believe in the obligations of an oath.

2. I make this affidavit based upon my personal knowledge.

3. This affidavit is submitted in connection with Plaintiff's Reply to Carolyn D'Onofrio's Objection to Motion to Compel.

4. On October 30, 2003, document production to the extent agreed upon took place at the offices of Scott M. Karsten, Esq. On that date, the documents produced by the D'Onofrio defendants were divided into piles, with each pile containing the schedule of documents requested from that entity. No documents were produced by Carolyn D'Onofrio nor was the schedule for Carolyn D'Onofrio present at that time.

5. On that date I asked Scott M. Kartsen about document production by Carolyn D'Onofrio and was informed that Carolyn D'Onofrio would not produce any documents.

6. Following a review of the documents produced, I requested that copies of **all** documents produced be provided. I was informed that the documents would be delivered to the local office of Kinko's, which later sent to me via Federal Express copies of the documents. Upon receipt of the copies, my office Bates stamped each document received.

7. The total documents received numbered 1,420 pages and were produced by New England Propeller Service, Inc (Nos. 1 through 771), U.S. Propeller Service, Inc. (Nos. 772 through 997), Div-Acq Inc. (Nos. 998 through 1212), ADMW, LLC (Nos. 1213 through 1271), and Arthur M. D'Onofrio (Nos. 1272 through 1420).

8. Based upon an examination of the documents received from defendants other than Carolyn D'Onofrio, other defendants have failed to comply with the documents requests and I intend to file motions to compel as to each of the other D'Onofrio defendants.

9. Because of my familiarity with issues in the case, I was admitted pro hac vice in the California Action for the purpose of conducting discovery in Connecticut relating to the issue remaining for trial in the California litigation. Pursuant to a commission for the taking of her deposition, I served a subpoena duces tecum upon Carolyn D'Onofrio for her deposition and for the production of

documents. To date, Carolyn D'Onofrio has produced no documents in response to the subpoena.

10. Attached hereto as Exhibit A is a copy of the Judgment on Compensatory Damages dated August 15, 2003 in the California Action.

11. Attached hereto as Exhibit B is a true and correct copy of a document produced by Arthur D'Onofrio in this case, Bates No. 1370 to 1388)

12. Attached hereto as Exhibit C is a true and correct copy of Schedule A to the document request served upon defendant Arthur D'Onofrio as produced on October 20, 2003 containing handwritten notes as to documents purportedly produced (Bates nos. 1272 through 1275).

Further affiant sayeth not.

Dated at Hamden, Connecticut, February 25, 2004.

_____
Edwin L. Doernberger

Subscribed and sworn to before me this 25th day of February, 2004.

_____
Commissioner of the
Superior Court

1  KIM A. SMITH, SBN 99554
   KATHLEEN M. ABDALLAH, SBN 137673
2  KROLOFF, BELCHER, SMART,
   PERRY & CHRISTOPHERSON
3  7540 Shoreline Drive (95219)
   P.O. Box 692050
4  Stockton, CA 95269-2050
   (209) 478-2000
5
   Attorneys for Plaintiff
6  VINCENT NASTRO

7

8          SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN

9                            STOCKTON BRANCH

10

11 VINCENT NASTRO,                          Case No. 293975

12         Plaintiff,                       JUDGMENT ON COMPENSATORY
                                            DAMAGES
13 vs.

14 ARTHUR M. D'ONOFRIO, et al.              DATE:   August 15, 2003
                                            TIME:   9:00 a.m.
15         Defendants,                      DEPT:   11
   _____/
16

17     The Motion For Entry of Final, Severable Judgment on Compensatory Damages brought by

18 Vincent Nastro, plaintiff herein, came on for hearing August 15, 2003, in Department 13 of the above-

19 entitled court before the Honorable K. Peter Saiers, presiding. Kathleen M. Abdallah of Kroloff,

20 Belcher, Smart, Perry & Christopherson, appeared on behalf of Vincent Nastro, plaintiff. Jay-Allen

21 Eisen of Jay-Allen Eisen Law Corporation appeared on behalf of defendant, Arthur M. D'Onofrio.

22     The court having granted the Motion For Entry of Final, Severable Judgment on Compensatory

23 Damages, and good cause appearing therefrom,

24 ///

25 ///

26 ///

27 ///

28 ///

THE ANNEXED INSTRUMENT IS A CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE.
CAUTION: SEAL MUST BE IN PURPLE.
ATTEST____ NOV 4 2003
JOANNE MILLSAPS
Clerk of the Superior Court
in and for the County of
San Joaquin, State of California
Stockton Branch
BY _____ Deputy

EXHIBIT A

1  NOW, THEREFORE, IT IS ADJUDGED, ORDERED AND DECREED that judgment is
2  hereby entered in favor of Vincent Nastro, plaintiff, and against Arthur M. D'Onofrio, defendant, on the
3  compensatory damage award in the principal amount of $514,698.75, plus prejudgment interest on this
4  amount at the legal rate from and after December 31, 1997 and costs incurred by plaintiff herein.

5
   DATED: NOV 4 2003                                  K. PETER SAIERS
6                                                    _____
                                                      JUDGE OF THE SUPERIOR COURT
7

8

9  **APPROVED AS TO FORM:**

10 JAY-ALLEN EISEN LAW CORPORATION

11

12 By:_____
        JAY-ALLEN EISEN
13 Attorneys for Defendant
   ARTHUR M. D'ONOFRIO

28 G:\data\wpdata\KAS\NASTRO.D'ONOFRIO-STATE\MO 4 ENTRY FIN SEV JUDG.JDT.wpd (krl)