UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

| | |
|---|---|
| VINCENT NASTRO, | : |
| Plaintiff | : |
| v. | : No. 3:02CV857 (DJS) |
| ARTHUR M. D'ONOFRIO, et al., | : |
| Defendants | : |

2004 APR 16 P 5:17

U.S. DISTRICT COURT
HARTFORD, CT.

### ORDER

Two motions requesting relief pursuant to Rule 37 of the Federal Rules of Civil Procedure are pending before the court in the above-captioned matter. First, plaintiff's motion to compel production of documents by East Coast Propeller Service, Inc. and Goodspeed Airport Development Corp. (dkt. # 89) is **GRANTED**, and plaintiff's motion for entry of an order (dkt. # 99) is **GRANTED**. Respondents have objected to the subpoena pursuant to Rule 45(c)(2)(B). Respondents' objections are overruled. Because a corporation may be served with a subpoena in any judicial district where it maintains sufficient minimum contacts to permit the exercise of personal jurisdiction, East Coast Propeller Service, Inc. may properly be served in the State of Connecticut, where it maintains an office. See generally 9A Wright, et al., Federal Practice and Procedure § 2454, at 25 (2d ed. 1994). Further, although respondents represent that Goodspeed Airport Development Corp. has been dissolved, the corporation is still listed as active in the Secretary of State for the State of

Connecticut's database, and an agent did accept service of the subpoena on behalf of the corporation.  The court also finds respondents' objections regarding the scope of the subpoena to be without merit.  Respondents shall comply with the subpoenas on or before **May 28, 2004.**

Second, plaintiff's motion to compel production of documents by defendant Carolyn D'Onofrio (dkt. # 85) is **GRANTED in part** and **DENIED in part.**  The court finds that plaintiff's requests are unduly burdensome.  Carolyn D'Onofrio shall produce the following documents, from January 1, 1995 through the present:

1. Any and all tax returns filed by or on behalf of Carolyn D'Onofrio, including supporting materials submitted to the IRS.

2. All statements of any bank account maintained by Carolyn D'Onofrio.  If the accounts are no longer in existence, Carolyn D'Onofrio shall name all banks with which she has maintained an account from January 1, 1995 through the present. If the statements of any bank account are no longer in existence, the statements shall be reproduced at plaintiff's expense.

3. Any documents relating to transfers of assets from Goodspeed Airport Development Corp.; New England Propeller Service, Incorporated; U.S. Propeller Service- North Carolina; U.S. Propeller Service- Florida; U.S. Propeller Service- Connecticut; U.S. Propeller Service- Pennsylvania; U.S. Propeller

Service- Oklahoma; Aerocess, Inc.; Prop Care, Inc.; Accuworks, Inc.; AIM-Hi, Inc.; DIV-ACQ, Inc; and Real Estate Services of Haddam, Inc.

4. Any documents relating to any transfer from Arthur D'Onofrio to Carolyn D'Onofrio of property or assets exceeding $1,000.00 in value.

Defendant shall serve response to these modified requests for production on or before **May 28, 2004**.

So ordered this 16th day of April, 2004.

/s/ DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE