UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VINCENT NASTRO,<br>    Plaintiff, | : | NO.: 3:02CV00857(DJS) |
| vs. | | |
| ARTHUR M. D'ONOFRIO, ET AL.,<br>    Defendants. | : | APRIL 30, 2004 |

## DEFENDANTS' MOTION TO QUASH SUBPOENAS

Defendants ARTHUR M. D'ONOFRIO, CAROLYN D'ONOFRIO, ARTHUR A. D'ONOFRIO, PAUL D'ONOFRIO, NICOLE D'ONOFRIO, NEW ENGLAND PROPELLER SERVICE OF CT, INC., DIV-ACQ, INC., ADMW, LLC and U.S. PROPELLER SERVICE OF CT., INC., pursuant to Federal Rule of Civil Procedure 45(c), hereby move to quash subpoenas issued to First National Bank, Citizens Bank of Connecticut, Hartzell Propeller, Inc. and McCauley Propeller Systems, directing the production of financial and business documents relating to not only certain of these defendants, but also several other business entities having absolutely no involvement in this litigation.  Copies of the subpoenas in issue are attached as Exhibit A.

As to the banking subpoenas directed to non-parties, the subject subpoenas fail to conform with both federal and state

statutes relating to banking privacy.  All of the subject subpoenas include document requests that not only are not reasonably calculated to lead to the discovery of admissible evidence but are so overly broad, oppressive, unduly burdensome and invasive of confidential, proprietary and protected commercial information as to border on discovery abuse.

    A memorandum of law in support of this motion is attached.

    WHEREFORE, defendants move that the subject subpoenas be quashed.

    DEFENDANTS, ARTHUR M. D'ONOFRIO, CAROLYN D'ONOFRIO, ARTHUR A. D'ONOFRIO, PAUL D'ONOFRIO, NICOLE D'ONOFRIO, NEW ENGLAND PROPELLER SERVICE OF CT, INC., DIV-ACQ, INC., ADMW, LLC and U.S. PROPELLER SERVICE OF CT., INC.

BY_____
Nicole D. Dorman
Federal Bar Number: ct07030
Sack, Spector & Karsten
836 Farmington Avenue
West Hartford, CT 06119
Their Attorney
Phone No.: (860)233-8251
E-mail: ndorman@sackspec.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 30th day of April, 2004, to the following counsel of record:

Edwin L. Doernberger, Esquire
Bradford J. Sullivan, Esquire
Saxe Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517

Thomas O'Dea, Esquire
Halloran & Sage LLP
315 Post Road West
Westport, CT 06880

_____
Nicole D. Dorman

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VINCENT NASTRO, | : | NO.: 3:02CV00857(DJS) |
| Plaintiff, | | |
| vs. | | |
| ARTHUR M. D'ONOFRIO, ET AL., | : | APRIL 30, 2004 |
| Defendants. | | |

### MEMORANDUM IN SUPPORT OF
### DEFENDANTS' MOTION TO QUASH SUBPOENA

### PRELIMINARY STATEMENT

As this Court is aware, defendant Arthur D'Onofrio is the defendant in a certain California action captioned <u>Vincent Nastro v. Arthur D'Onofrio</u>, Case No. 293975, Superior Court of California, County of San Joaquin, Stockton Branch.  In that action, plaintiff obtained a judgment that was partially reversed on appeal.  A new trial on the issue of punitive damages was to have commenced March 29, 2004.  In accordance with California procedure, pretrial discovery was to have been completed by March 1, 2004.  Code of Civil Procedure § 20424, subdivision (a). Plaintiff failed to timely complete discovery.  Instead, on March 2, 2004, plaintiff's California counsel filed an ex parte motion seeking not only continued discovery but also a commission for

Nastro's Connecticut counsel to issue subpoenas duces tecum to sixteen different business entities and individuals to produce documents regarding Arthur D'Onofrio's finances for use at trial.[1] This motion was granted on March 30, 2004.  A new trial on the issue of punitive damages is scheduled for June 7, 2004.

Having failed to conduct timely discovery in advance of the California retrial, plaintiff's attorneys apparently have enlisted his Connecticut counsel to issue subpoenas in this action.  Yet, the production requests accompanying those subpoenas make clear that the documents sought bear absolutely no relationship to the instant action.  Instead, Nastro has propounded document requests seeking confidential financial and commercial information of not only certain of the defendants, but also multiple non-party business entities.  Further, the document

---

[1] Under California Code of Civil Procedure § 2024(e), discovery may be reopened after the cutoff only upon a showing of diligence and the reasons third party discovery could not have been conducted earlier.  Plaintiff failed to make such a showing.  Moreover, the only statutory authority to issue a commission to obtain evidence from a non-resident witness is Code of Civil Procedure § 2026, subdivision (c) which authorizes a commission for a deposition.  There is no authority for a commission to subpoena a non-resident to provide evidence for use at trial.  Amoco Chemical Co. v. Certain Underwriters at Lloyd's of London, 34 Cal. App. 4th 554, 555 (1995).  Accordingly, a petition for writ of mandate for review of the trial court's orders was filed on behalf of Arthur D'Onofrio.  In addition, defendants were forced to file motions to quash and for protective orders as to subpoenas issued pursuant to Connecticut statute.

requests are overly broad, unduly burdensome, unreasonable in scope and, in view of plaintiff's causes of action in this case, cannot lead to the discovery of admissible evidence.

**SPECIFIC OBJECTIONS AND ARGUMENT**

    **1.**    **First International Bank and Citizens Bank of Connecticut.**

These subpoenas seek production of "[a]ll records regarding any loans or extensions of credit to [sixteen] companies and/or individuals made or in existence after May 8, 1966". Further, all financial statements from any of the entities or persons listed are requested.

Connecticut General Statutes § 36a-43 permits bank disclosure of financial records pursuant to a subpoena only if "...the party seeking the records causes such subpoena...or a certified copy thereof to be served upon the customer whose records are being sought, at least ten days prior to the date on which the records are to be disclosed...." The statute then allows for the bank's customer to challenge the subpoena, and bars compliance while such a challenge is pending. As to the non-party entities in the banking subpoenas, it appears no such opportunity to object has been afforded. See also, 15 U.S.C.

6801 et seq.. ("It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information.")

These subpoenas also seek bank records of defendants Arthur D'Onofrio and Carolyn D'Onofrio, both of whom have already complied with production requests seeking precisely the same financial records. As to the other individuals and entities, there is no reasonable relationship between the bank records sought and plaintiff's claims in this case which are premised upon the creation and existence of the Chana Trust, rendering the document requests nothing more than a prohibited "fishing expedition".

Finally, these document requests seek highly confidential business, research, development or trade secret information of parties and nonparties alike. While Nastro undoubtedly is entitled to conduct discovery to collect his judgment, the subject subpoenas and production requests bear no relationship to the discovery of assets that may be available to satisfy that

- 4 -

judgment. Instead, Nastro apparently is seeking to use discovery in this action a platform for development and advancement of his own business interests in the aircraft parts industry.

### 2. Hartzell Propeller, Inc. and McCauley Propeller Systems.

In what likely is the most abusive and oppressive discovery propounded in this case to date, Nastro has caused subpoenas to be served upon two manufacturers of propellers and parts, Hartzell Propeller, Inc. and McCauley Propeller Systems, both of whom are longtime vendors of New England Propeller Service, Inc. These subpoenas seek production of business agreements and contracts, dating back to 1995, between the subpoenaed entity and not only New England Propeller but all other defendants in this case and seven other entities with no involvement in this action. This transparent effort to discover, undermine and disrupt New England Propeller's business activities further underscores Nastro's campaign to promote his own business endeavors by obtaining confidential business and trade information from every competitor possible.

Moreover, these subpoenas and the requests incorporated therein are wholly unreasonable in scope, both temporally and substantively.

First, the action resulting in Nastro's judgment, upon which this action is premised, was not even commenced until 1996. Thus, there is no basis for production of documents from January 1, 1995. To the extent that the subpoenaed entities are vendors of New England Propeller Services, Inc., there is no plausible basis upon which Nastro can contend that business contracts and agreements dating back to 1995 are related to his judgment. Nor is there a logical relationship between the claims asserted by Nastro in this action, all of which arise from the California judgment, and any potential business contracts or agreements of the subpoenaed entities.

Notwithstanding Nastro's efforts to abuse, vex and oppress Arthur D'Onofrio into settlement as to the California judgment, the fact remains that that judgment entered as to Arthur D'Onofrio <u>only</u>.  Nastro alleges in this action that assets were transferred to the Chana Trust thereby preventing satisfaction of that judgment.  The proposed subpoenas reach far beyond any

reasonable inquiry into assets of the defendant that may be available to satisfy Nastro's judgment. Instead, Nastro again seems to simply seize upon any "potential" business association and proceed to issue yet another oppressive, invasive subpoena, in what is amounting to discovery designed to harass and oppress, as opposed to discovery calculated to lead to admissible evidence.

In view of the unreasonable scope, over breadth, oppressive nature of these subpoenas that undoubtedly cannot lead to the discovery of evidence even remotely related to the claims in this action, these subpoenas must be quashed.

### CONCLUSION

For all the foregoing reasons, the plaintiff's subpoenas must be quashed and in accordance with F.R.C.P. 45(c)(2)(B), absent further motion by plaintiff and order of this Court, no production should occur.

         DEFENDANTS, ARTHUR M.
         D'ONOFRIO, CAROLYN D'ONOFRIO,
         ARTHUR A. D'ONOFRIO, PAUL
         D'ONOFRIO, NICOLE D'ONOFRIO,
         NEW ENGLAND PROPELLER SERVICE
         OF CT, INC., DIV-ACQ, INC.,
         ADMW, LLC and U.S. PROPELLER
         SERVICE OF CT., INC.


BY_____
 Nicole D. Dorman
 Federal Bar Number: ct07030
 Sack, Spector & Karsten
 836 Farmington Avenue
 West Hartford, CT 06119
 Their Attorney

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 30th day of April, 2004, to the following counsel of record:

Edwin L. Doernberger, Esquire
Bradford J. Sullivan, Esquire
Saxe Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517

Thomas O'Dea, Esquire
Halloran & Sage LLP
315 Post Road West
Westport, CT 06880

_____
Nicole D. Dorman