

Exhibit

A

## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

VINCENT NASTRO,

      Plaintiff,

    v.

ARTHUR M. D'ONOFRIO, et. al.

      Defendants.

CIVIL ACTION NO.

3:02CV00857(DJS)

April 22, 2004

## NOTICE OF SERVICE OF RECORDS SUBPOENA
## DIRECTED TO CITIZENS BANK OF CONNECTICUT

**NOTICE** is hereby given that the undersigned counsel for plaintiff Vincent Nastro has caused a Subpoena issued in this action (a copy of which is attached hereto) to be served upon Citizens Bank of Connecticut requiring the production of the records listed therein.

THE PLAINTIFF
VINCENT NASTRO

by: _____

Edwin L. Doernberger
Saxe, Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517
Tel. (203) 287-8890
Fax. (203) 287-8847
e-mail: eld@sdvlaw.com
Fed. Bar No. ct05199

AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

## UNITED STATES DISTRICT COURT

HARTFORD

DISTRICT OF     CONNECTICUT

VINCENT NASTRO

V.

ARTHUR M. D'ONOFRIO, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  3:02-CV-00857 (DJS)

TO:  CITIZENS BANK OF CONNECTICUT
2854 DIXWELL AVENUE
HAMDEN, CT  06514

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE SCHEDULED A ATTACHED

| PLACE   SAXE DOERNBERGER & VITA, P.C. 1952 Whitney Avenue, Hamden, CT  06517 | DATE AND TIME 5-4-04, 11:30 a.m. |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) (ATTORNEY FOR PLAINTIFF) | DATE 4-22-04 |
|---|---|

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |
|---|---|
| Edwin L. Doernberger, Esq. | Saxe Doernberger & Vita, P.C. 1952 Whitney Avenue Hamden, CT  06517   (203)287-8890 |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## SCHEDULE A
### (CITIZENS BANK OF CONNECTICUT)

1.    All records regarding any loans or extensions of credit to the following companies and/or individuals made or in existence after May 8, 1996:

a.    Aerocess, Inc
b.    U.S. Propeller Service of CT, Inc.
c.    Aerocess, Inc. New England Propeller Services, Inc.
d.    AccuWorks, Inc.
e.    Aim-Hi, Inc.
f.    Div-Acq, Inc.
g.    Prop Care, Inc.
h.    ADMW, LLC
i.    Plane Pieces, a/k/a Plain Pieces
j.    East Coast Propeller Service, Inc.
k.    Goodspeed Airport Development Corp.
l.    Bailey's Propeller Service
m.    South Coast Propeller Service, Inc.
n.    Aviation Maintenance, Inc.
o.    Arthur M. D'Onofrio, Jr., a/k/a Arthur D'Onofrio
p.    Carolyn D'Onofrio

2.    All financial statements from any of the entities or persons listed in request No. 1.

AO88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed via first class mail, postage pre-paid, to the following counsel of record on April 22, 2004:

Scott M. Karsten, Esq.
Nicole D. Dorman, Esq.
Sack, Spector and Karsten, LLP
836 Farmington Avenue
West Hartford, CT 06119

Thomas P. O'Dea, Jr., Esq.
James M. Sconzo, Esq.
Halloran & Sage LLP
315 Post Road West
Westport, CT 06880-4739

Edwin L. Doernberger

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

VINCENT NASTRO,

    Plaintiff,

v.

ARTHUR M. D'ONOFRIO, et. al.

    Defendants.

    :
    :  CIVIL ACTION NO.
    :
    :  3:02CV00857(DJS)
    :
    :
    :
    :  April 22, 2004

## NOTICE OF SERVICE OF RECORDS SUBPOENA
## DIRECTED TO FIRST INTERNATIONAL BANK

   NOTICE is hereby given that the undersigned counsel for plaintiff Vincent Nastro has caused a Subpoena issued in this action (a copy of which is attached hereto) to be served upon First International Bank requiring the production of the records listed therein.

     THE PLAINTIFF
     VINCENT NASTRO

   by: _____
     Edwin L. Doernberger
     Saxe, Doernberger & Vita, P.C.
     1952 Whitney Avenue
     Hamden, CT 06517
     Tel. (203) 287-8890
     Fax. (203) 287-8847
     e-mail: eld@sdvlaw.com
     Fed. Bar No. ct05199

AO88 (Rev. 1/94) Subpoena in a Civil Case

### Issued by the

# UNITED STATES DISTRICT COURT

HARTFORD

DISTRICT OF        CONNECTICUT

VINCENT NASTRO

V.

ARTHUR M. D'ONOFRIO, et al.

SUBPOENA IN A CIVIL CASE

Case Number:[1] 3:02-CV-00857 (DJS)

TO: FIRST INTERNATIONAL BANK
    280 TRUMBULL STREET
    HARTFORD, CT 06103

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE SCHEDULED A ATTACHED

| PLACE    SAXE DOERNBERGER & VITA, P.C. | DATE AND TIME |
|---|---|
| 1952 Whitney Avenue, Hamden, CT 06517 | 5-4-04, 10:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* (ATTORNEY FOR PLAINTIFF) | 4-22-04 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Edwin L. Doernberger, Esq.

Saxe Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517

(203) 287-8890

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## SCHEDULE A
## (FIRST INTERNATIONAL BANK)

1.    All records regarding any loans or extensions of credit to the following companies and/or individuals made or in existence after May 8, 1996:

    a.    New England Propeller Services, Inc.
    b.    U.S. Propeller Service of CT, Inc.
    c.    Aerocess, Inc.
    d.    AccuWorks, Inc.
    e.    Aim-Hi, Inc.
    f.    Div-Acq, Inc.
    g.    Prop Care, Inc.
    h.    ADMW, LLC
    i.    Plane Pieces, a/k/a Plain Pieces
    j.    East Coast Propeller Service, Inc.
    k.    Goodspeed Airport Development Corp.
    l.    Bailey's Propeller Service
    m.    South Coast Propeller Service, Inc.
    n.    Aviation Maintenance, Inc.
    o.    Arthur M. D'Onofrio, Jr., a/k/a Arthur D'Onofrio
    p.    Carolyn D'Onofrio

2.    All financial statements from any of the entities or persons listed in request No. 1.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed via first class mail, postage pre-paid, to the following counsel of record on April 22, 2004:

Scott M. Karsten, Esq.
Nicole D. Dorman, Esq.
Sack, Spector and Karsten, LLP
836 Farmington Avenue
West Hartford, CT 06119

Thomas P. O'Dea, Jr., Esq.
James M. Sconzo, Esq.
Halloran & Sage LLP
315 Post Road West
Westport, CT 06880-4739

Edwin L. Doernberger

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

VINCENT NASTRO,

             Plaintiff,

v.

ARTHUR M. D'ONOFRIO, et. al.

             Defendants.

:
:
:    CIVIL ACTION NO.
:
:    3:02CV00857(DJS)
:
:
:
:
:    April 26, 2004

## NOTICE OF SERVICE OF RECORDS SUBPOENA
## DIRECTED TO HARTZELL PROPELLER, INC.

**NOTICE** is hereby given that the undersigned counsel for plaintiff Vincent Nastro has caused a Subpoena issued in this action (a copy of which is attached hereto) to be served upon Hartzell Propeller, Inc. requiring the production of the records listed therein.

THE PLAINTIFF
VINCENT NASTRO

by: _____
Heidi H. Zapp
Saxe, Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517
Tel. (203) 287-8890
Fax. (203) 287-8847
e-mail: eld@sdvlaw.com
Fed. Bar No. ct24655

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed via first class mail, postage pre-paid, to the following counsel of record on April 26, 2004:

Scott M. Karsten, Esq.
Nicole D. Dorman, Esq.
Sack, Spector and Karsten, LLP
836 Farmington Avenue
West Hartford, CT 06119

Thomas P. O'Dea, Jr., Esq.
James M. Sconzo, Esq.
Halloran & Sage LLP
315 Post Road West
Westport, CT 06880-4739

Heidi H. Zapp

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

Southern

DISTRICT OF ____ Ohio

Vincent Nastro

V.

Arthur M. D'Onofrio

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: ' District of Connecticut
3:02-CV-00857(DJS)

TO: Hartzell Propeller, Inc.
One Propeller Place
Piqua, Ohio 45356

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | |
|---|---|
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A attached

| PLACE | DATE AND TIME |
|---|---|
| Saxe Doernberger & Vita, P.C. 1952 Whitney Ave., Hamden, CT 06517 | May 6, 2004 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | |
|---|---|
| | DATE AND TIME |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Heidi H. Zapp    Saxe Doernberger & Vita, P.C.
1952 Whitney Ave., Hamden, CT 06517    (203) 287-8890

(See Rule 45. Federal Rules of Civil Procedure. Parts C & D on Reverse)

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
| | |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------|-------|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|------|-------|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

1.     Any and all agreements and/or contracts by which Hartzell Propeller, Inc. agreed to provide parts and/or equipment to any company or individual listed below or by which Hartzell Propeller, Inc. authorized any company or individual listed below to provide repairs and/or services upon or in connection with any aircraft or aircraft parts manufactured by Hartzell Propeller, Inc. for the period of time from January 1, 1995 onward.

2.     All financial information furnished by any company or individual listed below during the period of time from January 1, 1995 onward.

(a)    Arthur M. D'Onofrio
(b)    Carolyn D'Onofrio
(c)    New England Propeller Services, Inc.
(d)    East Coast Propeller Services
(e)    U.S. Propeller Services of CT, Inc.
(f)    DIV-ACQ, Inc.
(g)    Aerocess, Inc.
(h)    Goodspeed Airport Development Corp.
(i)    Prop Care, Inc.
(j)    Accuworks, Inc.
(k)    Plane Pieces
(l)    Bailey's Propeller Service, Inc
(m)    South Coast Propeller Service, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

VINCENT NASTRO,                              .

           Plaintiff,                 :        CIVIL ACTION NO.

v.                                          :        3:02CV00857(DJS)

 

ARTHUR M. D'ONOFRIO, et. al.                 :

           Defendants.                :        April 26, 2004

### NOTICE OF SERVICE OF RECORDS SUBPOENA
### DIRECTED TO MCCAULEY PROPELLER SYSTEMS

NOTICE is hereby given that the undersigned counsel for plaintiff Vincent

Nastro has caused a Subpoena issued in this action (a copy of which is attached

hereto) to be served upon McCauley Propeller Systems requiring the production of the

records listed therein.

THE PLAINTIFF
VINCENT NASTRO

by: _____
Heidi H. Zapp
Saxe, Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517
Tel. (203) 287-8890
Fax. (203) 287-8847
e-mail: eld@sdvlaw.com
Fed. Bar No. ct24655

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was mailed via first class mail, postage pre-paid, to the following counsel of record on April 26, 2004:

Scott M. Karsten, Esq.
Nicole D. Dorman, Esq.
Sack, Spector and Karsten, LLP
836 Farmington Avenue
West Hartford, CT 06119

Thomas P. O'Dea, Jr., Esq.
James M. Sconzo, Esq.
Halloran & Sage LLP
315 Post Road West
Westport, CT 06880-4739

Heidi H. Zapp

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF ___Kansas___

Vincent Nastro

V.

Arthur M. D'Onofrio

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: ' District of Connecticut
3:02-CV-00857(DJS)

TO: McCauley Propeller Systems
5800 East Pawnee
Wichita, Kansas 67218

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A attached

| PLACE Saxe Doernberger & Vita, P.C. 1952 Whitney Ave., Hamden, CT 06517 | DATE AND TIME May 13, 2004 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Heidi H. Zapp_          Attorney for Plaintiff | 4/26/04 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Heidi H. Zapp
Saxe Doernberger & Vita, P.C.    1952 Whitney Ave., Hamden, CT   06517  (203) 287-8890

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

' If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| SERVED | | | |

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
|---|---|---|

| SERVED BY (PRINT NAME) | | TITLE |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                          DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

## Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

1.　　Any and all agreements and/or contracts by which McCauley Propeller Systems agreed to provide parts and/or equipment to any company or individual listed below or by which McCauley Propeller Systems authorized any company or individual listed below to provide repairs and/or services upon or in connection with any aircraft or aircraft parts manufactured by McCauley Propeller Systems for the period of time from January 1, 1995 onward.

2.　　All financial information furnished by any company or individual listed below during the period of time from January 1, 1995 onward.

| | |
|---|---|
| (a) | Arthur M. D'Onofrio |
| (b) | Carolyn D'Onofrio |
| (c) | New England Propeller Services, Inc. |
| (d) | East Coast Propeller Services |
| (e) | U.S. Propeller Services of CT, Inc. |
| (f) | DIV-ACQ, Inc. |
| (g) | Aerocess, Inc. |
| (h) | Goodspeed Airport Development Corp. |
| (i) | Prop Care, Inc. |
| (j) | Accuworks, Inc. |
| (k) | Plane Pieces |
| (l) | Bailey's Propeller Service, Inc |
| (m) | South Coast Propeller Service, Inc. |