UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VINCENT NASTRO,                   :   NO.:  3:02CV00857(DJS)
    Plaintiff,

vs.

ARTHUR M. D'ONOFRIO, ET AL.,      :   MAY 12, 2004
    Defendants.

### MOTION TO QUASH SUBPOENAS NUNC PRO TUNC

    Defendants ARTHUR M. D'ONOFRIO, CAROLYN D'ONOFRIO, ARTHUR A. D'ONOFRIO, PAUL D'ONOFRIO, NICOLE D'ONOFRIO, NEW ENGLAND PROPELLER SERVICE OF CT, INC., DIV-ACQ, INC., ADMW, LLC and U.S. PROPELLER SERVICE OF CT., INC., pursuant to Federal Rule of Civil Procedure 45(c), hereby move to quash subpoenas issued to Jay-Allen Eisen and Douglas L. Smith, both attorneys licensed to practice in the State of California, purporting to command production of retainer agreements with Arthur M. D'Onofrio and records of payment of legal bills.  Copies of the subpoenas in issue are attached as Exhibit A.

    As set forth in the accompanying memorandum of law and supporting affidavit of counsel, the documents requested in the

subpoenas reveal privileged, confidential communications and are therefore not subject to disclosure.

To the extent that certain documents may have already been disclosed to plaintiff's attorney, all such documents are, nonetheless, privileged and, in accordance with Federal Rule of Civil Procedure, not discoverable.  That such documents were mistakenly disclosed does not alter their privileged nature.

WHEREFORE, defendants move that this Court enter orders quashing the subject subpoenas, directing plaintiff's attorney to return all documents already in his possession, and in view of their privileged nature, ruling all such documents inadmissible.

    DEFENDANTS, ARTHUR M.
D'ONOFRIO, CAROLYN D'ONOFRIO,
ARTHUR A. D'ONOFRIO, PAUL
D'ONOFRIO, NICOLE D'ONOFRIO,
NEW ENGLAND PROPELLER SERVICE
OF CT, INC., DIV-ACQ, INC.,
ADMW, LLC and U.S. PROPELLER
SERVICE OF CT., INC.

BY_____
Nicole D. Dorman
Federal Bar Number: ct07030
Sack, Spector & Karsten
836 Farmington Avenue
West Hartford, CT 06119
Their Attorney

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 12th day of May, 2004, to the following counsel of record:

Edwin L. Doernberger, Esquire
Bradford J. Sullivan, Esquire
Saxe Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517

Thomas O'Dea, Esquire
Halloran & Sage LLP
315 Post Road West
Westport, CT 06880

_____
Nicole D. Dorman

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VINCENT NASTRO,<br>    Plaintiff, | : | NO.: 3:02CV00857(DJS) |
| vs. | | |
| ARTHUR M. D'ONOFRIO, ET AL.,<br>    Defendants. | : | MAY 12, 2004 |

### MEMORANDUM IN SUPPORT OF
### DEFENDANTS' MOTION TO QUASH SUBPOENAS

### PRELIMINARY STATEMENT

As has been detailed in the parties' previous submissions to this Court, plaintiff Vincent Nastro is simultaneously pursuing, in both California and Connecticut courts, claims against defendant, Arthur D'Onofrio, arising from their prior business dealings.  With a limited retrial slated to commence in California on June 7, 2004, Nastro's attorneys in both states embarked on a concerted campaign to discover all manner of confidential, protected information by way of a virtual onslaught of subpoenas directed to third party individuals and entities.[1]

---

[1] As detailed in the attached affidavit of counsel, the subpoenas at issue were served while Attorney Karsten was on vacation.  During the same week, plaintiffs' attorneys served no fewer than twenty subpoenas in Connecticut state and federal courts along with additional subpoenas issued in California, all of which required motions to quash and/or for protective orders.  The

Among the subpoenas issued by Nastro's Connecticut counsel were two directed to his California attorneys. Both sought disclosure of "[a]ny and all retainer agreements with Arthur M. D'Onofrio" and "[a]ny and all records of payment of legal bills, including the name of the payor, relating to the retainer with Arthur M. D'Onofrio." Because compliance with these subpoenas requires disclosure of privileged and confidential communications and no exception or waiver applies, both must be quashed.

To the extent that certain documents may already have been mistakenly delivered to plaintiff's counsel in response to these subpoenas, all such documents remain privileged and, therefore not subject to discovery. Accordingly, appropriate protective orders must enter.

**LAW AND ARGUMENT**

Ordinarily, the fact of a legal retainer or identity of a

---

undersigned prepared such motions but failed to address the subject subpoenas despite good grounds for objecting to them.

To the extent that the instant motion is untimely, the undersigned counsel simply dropped this particular ball in the midst of responding to the numerous subpoenas and other filings propounded by Nastro's attorneys in both Connecticut and California. Yet, Nastro will not be prejudiced by the granting of this motion, since the information sought is not discoverable in the first instance.

client is not a privileged communication. United States v. Pape, 144 F.2d 778, 782 (2d Cir.), cert. denied 323 U.S. 752, 65 S.Ct. 86, 89 L.Ed. 602 (1944). This is so because the attorney-client privilege is limited to confidential communications and a retainer is not a confidential communication, despite the fact that it cannot come into existence without some communication between the attorney and prospective client. See In re Grand Jury Subpoena Served Upon Doe, 781 F.2d 238, 247 (2d Cir.) (en banc), cert denied, 475 U.S. 1108, 106 S.Ct. 1515, 89 L.Ed. 2d 914 (1986).

Where disclosure of such information would "amount to the prejudicial disclosure of a confidential communication", however, client identity and fee information are protected. In re Grand Jury Subpoena Duces Tecum (Shargel), 742 F.2d 61, 64 (2d Cir. 1984) quoting Colton v. United States, 306 F.2d 633, 637 (2d Cir. 1962), cert denied 371 U.S. 951, 83 S.Ct. 505, 9 L.Ed.2d 499 (1963). The Second Circuit consistently has recognized that if revelation of fee payment information thwarts or prejudices the attorney-client relationship, the heart of the privilege, special circumstances bar disclosure. Vignelli v. United States, 992

F.2d 449, 452 (2d Cir. 1993).  Accord, In re Grand Jury Proceedings, 727 F.2d 1352 (4th Cir. 1984); In re Grand Jury Subpoena (Anderson), 906 F.2d 1485 (10th Cir. 1990); In the Matter of Grand Jury Proceedings, Cherney, 898 F.2d 565 (7th Cir. 1990); In re Grand Jury Subpoenas (Hirsh), 803 F.2d 493 (9th Cir. 1986).  This well-defined exception to disclosure of retainer and fee payment information is premised upon the principle that the boundaries of the attorney/client privilege have been drawn "in terms of the goal of enabling lawyers to render informed legal advice and advocacy."  In re: Grand Jury Subpoena Duces Tecum (Shargel), supra, 742 F.2d at 64.

In this instance, the disclosures sought are tantamount to revealing confidential communications related to the representation of not only D'Onofrio but other clients.  Such privileged, confidential communications are outside the scope of discovery permitted pursuant to Federal Rule of Civil Procedure 26 and are, therefore, not discoverable.  The discovery sought clearly invades the boundaries of the attorney/client privilege as articulated in this Circuit.  Accordingly, both subpoenas must be quashed.  Moreover, in that certain privileged documents were

mistakenly disclosed and already in the possession of plaintiff's counsel, all such documents are inadmissible and must be returned forthwith.

        DEFENDANTS, ARTHUR M. D'ONOFRIO, CAROLYN D'ONOFRIO, ARTHUR A. D'ONOFRIO, PAUL D'ONOFRIO, NICOLE D'ONOFRIO, NEW ENGLAND PROPELLER SERVICE OF CT, INC., DIV-ACQ, INC., ADMW, LLC and U.S. PROPELLER SERVICE OF CT., INC.

BY_____
Nicole D. Dorman
Federal Bar Number: ct07030
Sack, Spector & Karsten
836 Farmington Avenue
West Hartford, CT 06119
Their Attorney
Phone No.: (860)233-8251
E-mail: ndorman@sackspec.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 12th day of May, 2004, to the following counsel of record:

Edwin L. Doernberger, Esquire
Bradford J. Sullivan, Esquire
Saxe Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517

Thomas O'Dea, Esquire
Halloran & Sage LLP
315 Post Road West
Westport, CT 06880

_____
Nicole D. Dorman