# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

VINCENT NASTRO            :      CIVIL ACTION
                                               NO. 3:02 CV 00857 (DJS)

V.                                 :

ARTHUR M. D'ONOFRIO, et.al.     :      May 21, 2004

## MEMORANDUM IN OPPOSITION TO DEFENDANTS MOTION TO QUASH SUBPOENAS

The plaintiff Vincent Nastro ("Nastro") submits this memorandum of law in opposition to the defendants' Motion to Quash Subpoenas dated April 30, 2004. Nastro opposes the Motion as this motion is nothing more than a continuation of the deliberate delay in this case as evidenced by the failure of these defendants to produce verifiable documents in response to the subpoenas and requests for production served upon them.

This action was brought by Nastro against Arthur M. D'Onofrio, Carolyn D'Onofrio, Arthur, A. D'Onofrio, Paul D'Onofrio, Nicole D'Onofrio, New England Propeller Service of CT, Inc., IV-ACQ, Inc., ADMW, LLC and U.S. Propeller Service of CT., Inc. (collectively the "Defendants"), under Unfair Trade Practices Act, Conn. Gen. Stat. §42-110(a) et seq., and Connecticut Unfair Fraudulent Transfer Act, Con. Gen. Stat. §52-552a, et seq. Further, Nastro seeks the valuation of the assets transferred by Arthur M. D'Onofrio ("D'Onofrio") pursuant to Conn. Gen. Stat. §52-552i, as well as the imposition of a constructive trust upon all assets fraudulently transferred by D'Onofrio and any proceeds from such transfers.

Nastro also has a case against D'Onofrio in California as referred to by D'Onofrio's counsel in his Motion to Quash and Nastro's Connecticut counsel has been commissioned to conduct discovery within Connecticut in order to assist the California litigation move forward. However, the information sought under the subpoenas at issue is indeed relevant and material to this Connecticut District case.

A.    **The subpoenas issued to Hartzell Propeller, Inc. and McCauley Propeller Systems were appropriate and valid uses of discovery tools under Rule 26(b) of the Federal Rules of Civil Procedure.**

Upon reasonable information and belief on behalf of Nastro, subpoenas were issued to Hartzell Propeller, Inc. ("Hartzell") and McCauley Propeller Systems ("McCauley") as vendors to New England Propeller Service of CT, Inc., ("New England Propeller") a defendant in this matter. The claims brought against D'Onofrio include the transfer of his entire ownership interests in New England Propeller and other entities to an offshore Trust account. The entities included in the subpoena which are not defendants in this matter are related to New England and D'Onofrio as well as other defendants and, therefore, the information subpoenaed with respect to them is likely to lead to admissible evidence.

The subpoenas to Hartzell and McCauley were to obtain information which could potentially lead to admissible and relevant evidence with respect to the value of New England Propeller as well as who has what interest in this entity. Rule 26(b) permits discovery to items reasonably calculated to lead to the discovery of admissible, and hence relevant, evidence. See LeBlanc v. Spector, 378 F.Supp. 310, 313 (D.Conn. 1974). The scope of discovery under Fed. R. Civ. P. 26(b) is very broad, "'encompass[ing] any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue

that is or may be in the case.'" <u>Maresco v. Evans Chemetics, Div. Of W.R. Grace & Co.</u>, 964 F.2d 106, 114 (2d Cir. 1992) (quoting <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)).   "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  The inclusion of other entities is due to the fact that New England

Hartzell had no documents to produce in response to the subpoena.  (See Hartzell letter attached hereto as Exhibit A).  McCauley did produce several documents, some of which indicate that D'Onofrio still retains an interest in New England Propeller.  (See documents produced by McCauley attached hereto as Exhibit B).  Particularly, in the 2002 and 2003 McCauley Service Agreements, D'Onofrio is listed along with The Chana Trust as having 100% ownership interest.  On or about June 21, 2001, following the entry of the judgment in California, D'Onofrio as settlor created The Chana Trust, an "offshore trust", located on the Island of Jersey in the Channel Islands.  As of that date, D'Onofrio had allegedly transferred all of his interest in New England Propeller to The Chana Trust and, therefore, D'Onofrio should not be listed as an owner of New England Propeller.  This information is specifically relevant to the present case and, therefore, these documents are discoverable within the scope of the subpoena power. Further, as both Hartzell and McCauley have already responded to the subpoenas the Motion to Quash is moot as it relates to these entities.[1]

---

[1] Apparently, the D'Onofrio defendants did not give any notice to the subpoenaed entities that they should not respond pending a determination of the Motion to Quash.

**B.     The subpoenas issued to First International and Citizens Bank are valid and enforceable.**

A copy of the subpoenas to the two financial institutions was sent to D'Onofrio's counsel on April 22, 2004. As counsel points out Conn. Gen. Stat. §36a-43 requires the customer whose records are being subpoenaed be notified so as to have an opportunity to object. The Motion to Quash these subpoenas was filed by Defendants on April 30, 2004, this is within the ten day period a customer has to challenge a subpoena for his or her financial documents and no documents have yet been produced to Nastro.

One of the main thrusts of this litigation is to determine what interests D'Onofrio has in his companies, what interests have been transferred to The Chana Trust, and what the value of those interests might be. This is not information that D'Onofrio is willing to offer up voluntarily. However, as discovery entitles a party to information reasonably calculated to lead to the discovery of admissible, and hence relevant, evidence, Nastro is entitled to the documents sought from the financial institutions in question here.

The financial status of D'Onofrio is of critical importance in both this case and the California case. There are in existence financial statements for D'Onofrio to First International Bank and Citizens Bank. Attached hereto as Exhibits C and D are copies of D'Onofrio's financial statements on First International Bank and Citizen's Bank. These financial statements are highly relevant and material to discovery in this matter. However, these documents are not signed and, upon information and belief, are not in D'Onofrio's handwriting. Therefore, among other items, Nastro seeks any such financial statements. These documents indicate the value of New England Propeller as well as other assets transferred to The Chana Trust and also indicate D'Onofrio's financial situation after the

purported transfers.   This is highly relevant information that is very likely to lead to admissible evidence and, therefore, within the power of a subpoena.


**CONCLUSION:**

For the foregoing reasons, Nastro respectfully requests that the Court deny Defendants' Motion to Quash.

> THE PLAINTIFF
> VINCENT NASTRO
>
> by: _Heidi H. Zapp_
> Heidi H. Zapp
> Saxe, Doernberger & Vita, P.C.
> 1952 Whitney Avenue
> Hamden, CT 06517
> Tel. (203) 287-8890
> Fax. (203) 287-8847
> Fed. Bar No. ct05199

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

VINCENT NASTRO         :      CIVIL ACTION
                                NO. 3:02 CV 00857 (DJS)

V.                             :

ARTHUR M. D'ONOFRIO, et.al.      :      May 21, 2004

### AFFIDAVIT OF HEIDI H. ZAPP

STATE OF CONNECTICUT)
                     )     ss. HAMDEN
COUNTY OF NEW HAVEN)

I, Heidi H. Zapp, being first duly sworn, on oath depose and say:

1.     I am over the age of eighteen and believe in the obligations of an oath.

2.     I am an attorney for plaintiff Vincent Nastro in this action and make this affidavit based upon my personal knowledge.

3.     Attached hereto as Exhibit A is a true and correct copy of the letter received by this firm in response to the subpoena issued on April 26, 2004 to Hartzell Propeller Inc.

4.     Attached hereto as Exhibit B are true and correct copies of the documents received by this firm in response to the subpoena issued on April 26, 2004 to McCauley Propeller Systems.

5.    Attached hereto as Exhibit C is a true and correct copy of the financial statement submitted to Citizens Bank as of December 31, 2002 as received by this firm in response to the subpoena issued to Arthur M. D'Onofrio

6.    Attached hereto as Exhibit D is a true and correct copy of the financial statement submitted to First International Bank as of December 31, 2000 as received by this firm in response to the subpoena issued to Arthur M. D'Onofrio

Further affiant sayeth not.

Dated at Hamden, Connecticut, May 21, 2004.

Heidi H. Zapp, Esq.

Subscribed and sworn to before me this 21st day of May, 2004

Notary Public
My Commission Expires on 2/28/07

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VINCENT NASTRO | : | CIVIL ACTION |
| | | NO. 3:02 CV 00857 (DJS) |
| V. | : | |
| ARTHUR M. D'ONOFRIO, et.al. | : | May 21, 2004 |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed via first class mail, postage pre-paid, to the following counsel of record on May 21, 2004.

Scott M. Karsten, Esq.
Nicole D. Dorman, Esq.
Sack, Spector and Karsten, LLP
836 Farmington Avenue
West Hartford, CT 06119

Thomas P. O'Dea, Jr., Esq.
James M. Sconzo, Esq.
Halloran & Sage LLP
315 Post Road West
Westport, CT 06880-4739

Heidi H. Zapp



EXHIBIT

A

**HARTZELL PROPELLER INC.**

One Propeller Place
Piqua, Ohio 45356-2634 U.S.A.



**HARTZELL**

May 11, 2004

Heidi H. Zapp
Saxe, Doernberger & Vita, P.C.
1952 Whitney Ave.
Hamden, CT 06517

RE:  Subpoena, Vincent Nastro v. Arthur D'Onofrio

Dear Ms. Zapp,

In response to Schedule A of your subpoena, Hartzell has not had any agreements or contracts with any of the companies or individuals listed since January 1, 1995.

Hartzell does not have any financial information furnished by any of the companies or individuals listed since January 1, 1995.

Hartzell Propeller approved aluminum blade rolling samples from New England Propeller Services, Inc., East Coast Propeller Services, and South Coast Propeller Service, Inc. Such approvals are made as part of the quality assurance process in the performance of propeller overhauls and do not involve any contracts or agreements.

Sincerely,

Tom McCreary
Air Safety Investigation Manager

**EXHIBIT**

B

tabbies®



**Cessna**
A Textron Company

DIRECT PHONE: 316-831-4005
DIRECT FAX: 316-831-4188
E-MAIL: cswade@cessna.textron.com

May 11, 2004

Heidi H. Zapp
Saxe Doernberger & Vita, P.C.
1952 Whitney Ave.
Hamden, CT 06517

**Re:    Vincent Nastro vs. Arthur M. D'Onofrio**
**Case No. 3:02-CV-00857 (DJS)**

Dear Ms. Zapp:

In response to the Subpoena served on Cessna Aircraft Company regarding the above referenced matter, attached are copies of all documents in Cessna's possession which may be responsive to items listed on Schedule A of the Subpoena.

If you have any questions, please do not hesitate to contact me.

Sincerely,

Matthew D. Flesher
Assistant General Counsel

MDF/csk

Enclosure

MAY 1 4 2004

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF ___Kansas___

Vincent Nastro

### V.

Arthur M. D'Onofrio

# SUBPOENA IN A CIVIL CASE

CASE NUMBER: ' District of Connecticut
3:02-CV-00857(DJS)

TO: McCauley Propeller Systems
5800 East Pawnee
Wichita, Kansas 67218

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A attached

| PLACE | DATE AND TIME |
|---|---|
| Saxe Doernberger & Vita, P.C. | May 13, 2004 |
| 1952 Whitney Ave., Hamden, CT 06517 |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _[signature]_        Attorney for Plaintiff | 4/26/04 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Heidi H. Zapp
Saxe Doernberger & Vita, P.C.  1952 Whitney Ave., Hamden, CT  06517  (203) 287-8890

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| SERVED | | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

1.    Any and all agreements and/or contracts by which McCauley Propeller Systems agreed to provide parts and/or equipment to any company or individual listed below or by which McCauley Propeller Systems authorized any company or individual listed below to provide repairs and/or services upon or in connection with any aircraft or aircraft parts manufactured by McCauley Propeller Systems for the period of time from January 1, 1995 onward.

2.    All financial information furnished by any company or individual listed below during the period of time from January 1, 1995 onward.

      (a)    Arthur M. D'Onofrio
      (b)    Carolyn D'Onofrio
      (c)    New England Propeller Services, Inc.
      (d)    East Coast Propeller Services
      (e)    U.S. Propeller Services of CT, Inc.
      (f)    DIV-ACQ, Inc.
      (g)    Aerocess, Inc.
      (h)    Goodspeed Airport Development Corp.
      (i)    Prop Care, Inc.
      (j)    Accuworks, Inc.
      (k)    Plane Pieces
      (l)    Bailey's Propeller Service, Inc
      (m)   South Coast Propeller Service, Inc.



UPS Capital Business Credit
280 Trumbull Street
Hartford, CT 06103
860 727 0700 Tel

**IRREVOCABLE LETTER OF CREDIT – SB1448**
For US$100,000.00
Issued June 28, 2000

DATE: April 28, 2004

**BENEFICIARY**:
Cessna Aircraft Company
P.O. Box 12270
Wichita, Kansas 67277

**APPLICANT**:
New England Propeller Services (NEPS)
Matthews Drive
East Haddam, Connecticut 06423

The above referenced standby letter of credit was issued in your favor on June 28 2000 for US$100,000.00. It is our understanding that the need for the letter of credit no longer exists. Therefore, in accordance to the terms of the letter of credit, we are advising you of its termination at least 30 days prior to June 30, 2004. Please note that if we do not receive your reply on or before July 1, 2004, we will consider this letter of credit closed.

For good order, kindly fax by return to 860-241-2575 authorizing your consent. If you require any further assistance, please feel free to contact me at 860-541-5235.

Thank you and best regards,

Anne C. Janangelo
Portfolio Manager
UPS Capital Business Credit
Formerly known as First International Bank

We, Cessna Aircraft Company, agree to the cancellation of the above referenced standby letter of credit, will not present any claims, and consider it null and void.

Authorized signature
Cessna Aircraft Company

SIGN HERE

Customer Type

[ ]   Retail
[ ]   Service Station
[ ]   Dealer/Distributor
[ ]   CPC

*Prop Shop*

CESSNA AIRCRAFT COMPANY
P. O. Box 12270
Wichita, KS   67277

OPEN ACCOUNT APPLICATION


Cessna

Billing address:

Name NEW ENGLAND PROPELLER SERVICE INC.
Attn: RUTH HADDEN
     P.O. BOX 244
     EAST HADDAM,  CT   06423

Tel:  (800) - 233-2586,203-873-1494
Fax:  (    )
Telex: 643-297

RETAIL ONLY:  Aircraft model
Serial _____ Unit _____ N# _____
Owner _____ Leasing ____ Other ____

Authorized to order parts:
BEN BIRON , ART D'ONOFRIO
MIKE KELSEY, COURTNEY CLARK

Bank reference:
Name: CHESTER BANK
Addr: NATHAN HALE PLAZA
     MOODUS, CT  06469
Tel:  (203) 873-1445
Acct # N/A

Shipping address:

NEW ENGLAND PROPELLER SERVICE, INC.
INDUSTRIAL PARK
MATTHEWS DRIVE
EAST HADDAM,  CT   06423

P.O. required:  Yes _____   No  X
Tax exempt:     Yes  X      No _____
*Signed copy of tax exemption required.

*Trade references:
Name: MCCAULEY ACCESSORY DIVISION
Addr: P.O. BOX 430,3535 MCCAULEY DRIVE
     VANDALIA,    OHIO   45377
Tel:  (513) - 890-5246

Name: AVIATION SUPPLY
Addr: 3820 N. LIBERTY STREET
     WINSTON SALEM,  N.C.  27115
Tel:  (919)- 767-5993

Name: SAFEWAY PRODUCTS
Addr: 440 MIDDLEFIELD STREET
     MIDDLETOWN,  CT   06457
Tel:  (203) - 346-6601

*SHOULD BE CURRENT VENDORS OTHER THAN
 FUEL SUPPLIERS & CREDIT CARDS.

---

I/we warrant the information on this application to be true.  I/we authorize the person
to whom this application is submitted to investigate from time to time in a prudent
manner the references or other data obtained from me/us or from any other source
pertinent to my credit and financial responsibility.

Customer signature _____    Date 12/9/87

Social Security Number required if account is for an individual. _____

800/3
80-0320

Customer Type

CESSNA AIRCRAFT COMPANY
P. O. Box 12270
Wichita, KS   67277

[ ] Retail
[ ] Service Station
[ ] Dealer/Distributor
[ ] CPC

OPEN ACCOUNT APPLICATION


Cessna

Billing address:

Shipping address:

Name New England Propeller Service, Inc. New England Propeller Service Inc.
Attn: Ruth Hadden                              Industrial Park
      P.O. Box 244                             East Haddam, CT   06423
      East Haddam, CT   06423

Tel:  (203)873-1494
Fax:  (203)873-2388          P.O. required:  Yes  X    No
Telex:    643-297            Tax exempt:     Yes  X    No
                             *Signed copy of tax exemption required.

RETAIL ONLY:  .Aircraft model          *Trade references:
Serial _____ Unit _____ N# _____       Name: Aviall
Owner _____ Leasing _____ Other _____  Addr: 3292 North 29th CT
                                             Hollywood, FL  33020
                                       Tel:  (305) 922-2630
Authorized to order parts:
  Arthur M. D'Onofrio                  Name: Safeway Products
  Ben Biron                            Addr: 440 Middlefield St.
  Mike Kelsey                                Middletown, CT   06457
                                       Tel:  (203)346-6601

                                       Name: Aero Propeller
Bank reference:                        Addr: 3400-H Industrial Lane
Name: Chester Bank                           Broomfield, CO  80020
Addr: Nathan Hale Plaza                Tel:  (303)469-1740
      Moodus, CT   06469
Tel:  (203)873-1445              *SHOULD BE CURRENT VENDORS OTHER THAN
Acct # N/A                        FUEL SUPPLIERS & CREDIT CARDS.

--------------------------------------------------------------------

I/we warrant the information on this application to be true.  I/we authorize the person
to whom this application is submitted to investigate from time to time in a prudent
manner the references or other data obtained from me/us or from any other source
pertinent to my credit and financial responsibility.

Customer signature _____ president _____    Date  8-8-88

Social Security Number required if account is for an individual.  N/A



THE CESSNA AIRCRAFT COMPANY
DOMESTIC ADDRESS/STATUS INFORMATION

====================================================================

Type of Correction

[X]  New Dealer/CPC: *Service Station / Propeller Service Station*    CPC/Dealer Code: ___8001*8*___
[ ]  Delete Dealer/CPC
[ ]  Address:  Bill to: [ ]                    [ ] Change Firm Name
                Ship to: [ ]                    [ ] Change Ownership
[ ]  Phone Number                              [ ] Contract *Change* Codes

====================================================================

Name:  NEW ENGLAND PROPELLER SERVICE, INC.    Airport  _____

       ~~PO 274~~ *Mathews Drive*              Principal  _____

*East Haddam* INDUSTRIAL PARK                  Gen. Mgr.  COURTNEY CLARK

       EAST HADDAM,  CT  06423                 Tel:      203-873-1494

*CPT 12-18-87*                                 Telex:    _____

====================================================================

Contract Category

        Current                                      After Change

[ ] CPC         [ ] AG                    [ ] CPC              [ ] AG
[ ] SE          [ ] ME                    [ ] SE              [ ] ME
[ ] PROPSHOP    [ ] PROPJET               [X] PROPSHOP        [ ] PROPJET
[ ] OTHER _____                   [X] OTHER  SPL DISCOUNT "M"

====================================================================

DSD Rated: _____


Other: _____
All ratings, training, parts and tool orders have been received and reviewed and
this certifies that all requirements have been met for the rating noted above.


_____          Date _____
Approval Customer Service

SPECIAL COMMENTS:


_____        *12/17/87*         _____
Zone                   Date               Zone Manager Signature

*2*

John Mackey

316-688-4825

To Linda Dodson —

The following people are
authorized to order on
New England Propeller's Account

Michael Kelsey
Robbie Billings
Mable Gowac
Arthur D'Onofrio

Thank you,
Ruth

                          UPDATE CUSTOMER NOTES

              NEW ENGLAND PROPELLER SERVICES (NEPS) MATHEWS DRIVE
              EAST HADDAM INDUSTRIAL PARK    EAST HADDAM      CT 06423
    (860)873-1494   CONTACT - COURTNEY CLARK   SHORT NAME - NEWENGLANDPROPE


    DATE: 06281991  PAGE: 01  PURGE THIS PAGE: _   ADD A PAGE: _

    ACQUWORKS  860-873-9402 (RUTH)        LC: $100,000.  EXP: 06-30-2004  AE
                                          FIRST INTL. BANK  #SB1448
    ALSO HANDLES ACCT #59020 & 59021
    FAX:  (860) 873-2638                  BAL TRANSFERRED TO 59913 ON 7/25/94
    ARTE DONOFRIO (OWNER) 203-873-1494
    ** C/L REVOKED PER LG
       DUE TO PYMT HISTORY 11/18/93
    GAIL FAX:  209-982-1240
    GAIL - (CA OFFICE)
    1-800-466-6626


    COMPANY: 01 CUSTOMER: 00000000059013 OR ALPHA: _____
      OR ITEM: _____  OR NATIONAL ACCOUNT: _____
                                                      ACTION: _____

The Cessna Aircraft Company- Account Data/Status Sheet

___ New McCauley Service Station     ___ Annual Renewal          ___ Change (indicated Below)

_X_ Status   __ Name   __ Address   __ Personnel   __ Tele Numbers   __ Other___   McCauley Service Station ___

LEGAL NAME AND
PLACE OF BUSINESS
                                                            SHIPPING ADDRESS

Legal Name: New England Propeller Service, Inc.

Street: East Haddam Industrial Park              Street: East Haddam Industrial Park, 6 Matthews Drive

Airport: Goodspeed Airport                       City: East Haddam

City: East Haddam                                State/Prov: CT

State/Prov: CT                                   Zip/Post/City Code: 06423

Zip/Post/City Code: 06423                        Country: USA

Country: USA


MAILING ADDRESS                                  MANAGEMENT CONTACTS

                                                 General
Name: New England Propeller Service, Inc.        Manager: Arthur M. D'Onofrio, Jr.

Street:                                          Controller:

                                                 Director,
P.O. Box: 244                                    Maintenance:

                                                 Service
City: East Haddam                                Manager:

                                                 Parts
State/Prov:                                      Manager:

Zip/Post/City Code: 06423

Country: USA                                     Telephone: (860) 873-1494

                                                 Telex/Cable: NEP@AIRPLANE PROPELLER.

                                                 Facsimile: (860) 873-2388


------------------------------------------------------------------------------------

Start up Kit Ordered _____   Plaque Ordered _____   Data Base Updated _____   Copies Routed _____

Code Summary:
Copy to Roger Martin _____
   SPL Discount_____     8130-Type_____     STK Inc Cat_____

Legal, Name: New England Propeller Service, Inc.

## Account Summary

| P R E V I O U S | R E M I T | E M V I A T I O N   S I G | Customer Number | Agreement | Discount McCauley Dist.- Z S.S.- D ASR/FO- A 2,3, | SE 4 | AG 5 | ME 6 | CONQ 7 | 208 8 | 406 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Piston Dist. | Z | X | X | X | | | |
| | | | | PJ Dist. | Z | | | | | | |
| | | | | SE Serv. Sta. | D | X | | | | | |
| | | | | ME Serv. Sta. | D | | | X | | | |
| | | | | PJ Serv. Sta. | D | | | | X | X | X |
| | | | | Ag Serv. Sta. | D | | X | | | | |
| | | | | Canada Ag Add. | A | | X | | | | |
| | | | | Car 1 Serv. Sta | D | | | | | X | |
| | | | | Car 2 Serv. Sta | D | | | | | | X |
| | | | | Int. PJ Add. | D | | | | X | X | X |
| | | | | Canada PJ Add. | A | | | | X | X | X |
| | | | | Int. CAR ASR AD | A | | | | | | |
| | | | | EMC Purch. Add. | A | X | X | X | X | X | X |
| | | | | Fleet Operator | A | | | | | | |
| | | | | Cessna P. Cntr. | A | 11 only | | | | | |
| | | | | Caravatage | A | | | | X | | |
| | | | | Car. ASR- | | Not applicable | | | | | |
| | | | | Caravan Comm. | | Not applicable | | | | | |
| X | X | | 59013 | McCauley Service Station | McCauley | McCauley | | | | | |

SSD Requirements for Year _____ have been met as indicated

and/or other _____

F.C.P.A. Approval _____  SSD Administrator _____  Date _____

Signature(s) _____  Date 8/7/03  Market Area: _____

Distribution Committee signatures required if account status changes

Legal Name:<u>New England Propeller Service, Inc.</u>

SIGNATURE AUTHORIZATION

**WARRANTY CLAIMS**  (Please type names as signatures are not required)

1. <u>Arthur M. D'Onofrio, Jr.</u>     4. <u>Randy Barnett</u>

2. <u>Michael Kelsey</u>              5. <u>Ronald Porciello</u>

3. <u>Bernard Biron</u>               6.

**PARTS ORDERS**  (Please type names as signatures are not required)

1. <u>Arthure M. D'Onofrio, Jr.</u>    4. <u>Randy Barnett</u>

2. <u>Michael Kelsey</u>              5. <u>Ronald Porciello</u>

3. <u>Bernard Biron</u>               6. <u>Brian Rich</u>

**CHECKS**  (Please type names as signatures are not required)

1. <u>Arthur M. D'Onofrio, Jr.</u>     4.

2. <u>Randy Barnett</u>               5.

3. <u>Ruth A. Denya</u>               6.

Page 3

JAN 29 '04  04:03PM                                                      P.1

---

The Cessna Aircraft Company- Account Data/Status Sheet

---

___ New McCauley Service Station    ___ Annual Renewal        X Change (indicated Below)

_X_ Status __ Name __ Address __ Personnel __ Tele Numbers __ Other____ McCauley Service Station ___

---

LEGAL NAME AND                                          *TERMINATON*
PLACE OF BUSINESS
                                                        SHIPPING ADDRESS

Legal Name:New England Propeller Service, Inc.

Street:East Haddam Industrial Park            Street:East Haddam Industrial Park, 6 Matthews Drive

Airport:Goodspeed Airport                     City:East Haddam

City:East Haddam                              State/Prov:CT

State/Prov:CT                                 Zip/Post/City Code:06423

Zip/Post/City Code:06423                      Country:USA

Country:USA


MAILING ADDRESS                               MANAGEMENT CONTACTS

                                              General
Name:New England Propeller Service, Inc.      Manager:Arthur M. D'Onofrio, Jr.

Street:                                       Controller:

                                              Director,
P.O. Box:244                                  Maintenance:

                                              Service
City:East Haddam                              Manager:

                                              Parts
State/Prov:                                   Manager:

Zip/Post/City Code:06423

Country:USA                                   Telephone:(860) 873-1494

                                              Telex/Cable:NEP&AIRPLANE PROPELLER.

                                              Facsimile:(860) 873-2388

---

Start up Kit Ordered _____ Plaque Ordered _____ Data Base Updated _____ Copies Routed _____

Code Summary:
Copy to Roger Martin _____
    SPL Discount_____    8130-Type_____    STK Inc Cat_____

JAN 29 '04  04:03PM                                                                P.2

Legal Name: New England Propeller Service, Inc.

Account Summary

| P R E V I O U S | R E M N G | Customer Number | Agreement | Discount McCauley Dist.- Z  S.S.- D  ASR/FO- A | Parts Purchase Levels | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | SE | AG | ME | CONQ | 208 | 406 |
| | | | | | 2,3, | 4 | 5 | 6 | 7 | 8 |
| | | | Piston Dist. | Z | X | X | X | | | |
| | | | PJ Dist. | Z | | | | | | |
| | | | SE Serv. Sta. | D | X | | | | | |
| | | | ME Serv. Sta. | D | | | X | | | |
| | | | PJ Serv. Sta. | D | | | | X | X | X |
| | | | Ag Serv. Sta. | D | | X | | | | |
| | | | Canada Ag Add. | A | | X | | | | |
| | | | Car 1 Serv. Sta | D | | | | | X | |
| | | | Car 2 Serv. Sta | D | | | | | | X |
| | | | Int. PJ Add. | D | | | | X | X | X |
| | | | Canada PJ Add. | A | | | | X | X | X |
| | | | Int. CAR ASR AD | A | | | | | | |
| | | | EMC Purch. Add. | A | X | X | X | X | X | X |
| | | | Fleet Operator | A | | | | | | |
| | | | Cessna P. Cntr. | A | 1 only | | | | | |
| | | | Caravatage | A | | | | | | X |
| | | | Car. ASR- | | Not applicable | | | | | |
| | | | Caravan Comm. | | Not applicable | | | | | |
| ✗ | | 59013 | McCauley Service Station | McCauley | McCauley | | | | | |

SSD Requirements for Year _____ have been met as indicated

and/or other _____

F.C.P.A. Approval _____  SSD Administrator _____  Date _____

Signature(s) _Steve R Howard_____ Date 1/30/04  Market Area: ____

Distribution Committee signatures required if account status changes

Page 2

Legal Name:New England Propeller Service, Inc.

SIGNATURE AUTHORIZATION

WARRANTY CLAIMS  (Please type names as signatures are not required)

1.  Arthur M. D'Onofrio, Jr.       4.  Randy Barnett

2.  Michael Kelsey                 5.  Ronald Porciello

3.  Bernard Biron                  6.

PARTS ORDERS  (Please type names as signatures are not required)

1.  Arthure M. D'Onofrio, Jr.      4.  Randy Barnett

2.  Michael Kelsey                 5.  Ronald Porciello

3.  Bernard Biron                  6.  Brian Rich

CHECKS  (Please type names as signatures are not required)

1.  Arthur M. D'Onofrio, Jr.       4.

2.  Randy Barnett                  5.

3.  Ruth A. Denya                  6.

Page 3



# EAST COAST PROPELLERS PTY. LTD.
A.C.N. 003 774 703

BUILDING 641
KLEMM STREET
BANKSTOWN AIRPORT
TELEPHONE      (02) 9791 0246
FACSIMILE      (02) 9791 0057
MOBILE         0416 009 772
I.D.D. PHONE   61 2 9791 0246
I.D.D. FAX     61 2 9791 0057
EMAIL          eastcoastpropellers@bigpond.com.au
WEBSITE        www.eastcoastpropellers.com.au

### *** AUTHORISED McCAULEY SERVICE CENTRE***
### *** AUTHORISED HARTZELL SERVICE CENTRE***
### I.D.D. PHONE: 61 2 9791 0246
### I.D.D. FAX:    61 2 9791 0057

### FACSIMILE COVER SHEET

**NUMBER OF PAGES INCLUDING COVER SHEET : 2   DATE : 17.04.01**

**COMPANY: McCAULEY PROPELLER SYSTEMS**

**FAX NO.: 0011 1 937 890 6001**

**ATTENTION: KATHLEEN EVANS**
                **PRODUCT SUPPORT ADMINISTRATIVE ASSISTANT**

--------------------------------------------------------------------------

**RE: INSURANCE POLICY**

**DEAR KATHLEEN**

**AS REQUESTED, PLEASE FIND ATTACHED COPY OF OUR RENEWED
CERTIFICATE OF INSURANCE.**

**REGARDS**

**JOHN MARKS
MANAGING DIRECTOR**

# AUSTRALIAN AVIATION INSURANCE GROUP (AGENCY) PTY. LIMITED

A.B.N. 87 056 014 496

SUITE 201, 12-14 O'CONNELL STREET, SYDNEY
P.O. BOX R785, ROYAL EXCHANGE, SYDNEY NSW 2000 AUSTRALIA
TELEPHONE: (02) 9232 7855  FACSIMILE: (02) 9232 5098

## CERTIFICATE OF INSURANCE

## AIRPORT OPERATORS/HANGARKEEPERS LIABILITY

We hereby certify that we have arranged Insurance in respect of the following:

**POLICY NO:**               H01374

**NAME OF INSURED:**         J.A. & E.M. Marks T/As
                             East Coast Propellers Pty Limited
                             The Cessna Aircraft Company

*Expires 4-12-02*

**PERIOD OF INSURANCE:**     12 months at 12 April 2001

**Nature of Insured's Business or Operation in respect of which the Policy is effected is:-**

Propeller maintenance, repair and overhaul

**The place(s) in or about which the Indemnity granted by the Policy is to apply is (are):-**

Hangar 641 Klemm Street, Bankstown Airport and / or elsewhere in the Commonwealth of Australia in the course of the Insured's business.

**The amount of Indemnity shall not exceed:-**

| | | |
|---|---|---|
| Section 1. | $10,000,000 | any one accident |
| Section 2. | $   120,000 | any one accident |
| Section 3 | $ 5,000,000 | any one accident |

**Excess to Be Borne By Insured:**

$500.00 each and every loss in respect of Section 2 and Section 3 only.

Issued under an authority granted by Gerling Australia Insurance Company Pty. Limited / Insurance Company of North America to Australian Aviation Insurance Group (Agency) Pty. Ltd.

SIGNED.................................................................................. DATED 17/03/01



STATE OF CONNECTICUT.

## SALES & USE TAX RESALE CERTIFICATE

Issued to (Seller)
MCCAULEY ACCESSORY DIVISION
THE CESSNA AIRCRAFT COMPANY

Address 3535 MCCAULEY DRIVE, P.O. BOX 5053

VANDALIA, OHIO 45377-5053

I certify that    Name of Firm (Buyer)

NEW ENGLAND PROPELLER SERVICE, INC.

is engaged as a registered

Street Address or P.O. Box No.

P.O. Box 244

( ) Wholesaler
( ) Retailer
( ) Manufacturer
( ) Lessor
( X ) Other (specify)
FAA Repair Station

City          State          Zip Code

EAST HADDAM, CT 06423

and is registered with the below listed states and cities within which your firm would deliver purchases to us and that any such purchases are for wholesale, resale, ingredients or components of a new product to be resold, leased, or rented in the normal course of our business. We are in the business of wholesaling, retailing, manufacturing, leasing (renting) the following:

REPAIR AND SALES OF AIRCRAFT PROPELLERS, PROPELLER PARTS AND PROPELLER ACCESSORIES.

| City or State | State Registration or ID No. | City or State | State Registration or ID No. |
|---|---|---|---|
| CONNECTICUT | 0585836000 | | |
| City or State | State Registration or ID No. | City or State | State Registration or ID No. |
| City or State | State Registration or ID No. | City or State | State Registration or ID No. |

I further certify that if any property so purchased tax free is used or consumed by the firm as to make it subject to a sales or use tax we will pay the tax due direct to the proper taxing authority when state law so provides or inform the seller for added tax billing. This certificate shall be part of each order which we may hereafter give to you, unless otherwise specified, and shall be valid until cancelled by us in writing or revoked by the city or state.

General description of products to be purchased from the seller:

I declare under the penalties of false statement that this certificate has been examined by me and to the best of my knowledge and belief is a true, correct and complete certificate.

Authorized Signature
(Owner, Partner or Corporate Officer)          PRESIDENT          12-11-2001
                                               Title              Date

**Near North Insurance Brokerage, Inc.**
**875 North Michigan Avenue**
**Chicago, Illinois 60611**
**Telephone (312) 280-5600**
**Fax (312) 280-3964**

**This is to certify to:**

McCauley Propeller Systems
3535 McCauley Drive
P.O. Drawer 5053
Vandalia, OH 45377-5053

that the policy of insurance listed below has been issued to the Insured and is in effect as of this date for the policy period July 10, 2001 to July 10, 2002 at 12:01 a.m.

**NAMED INSURED:**

New England Propeller Service, Inc.
East Haddam Industrial Park
Matthews Drive
East Haddam, CT 06423

**INSURER:**

ACE Property and Casualty Insurance Company

**POLICY NO:**

APN670545

**TYPE OF INSURANCE:**

General Liability

**LIMIT OF LIABILITY:**

Each Occurrence Limit - $5,000,000
Products-Completed Operations Aggregate Limit - $5,000,000

**SPECIAL PROVISIONS:** The Certificate Holder named above and Cessna Aircraft Company are included as Additional Insureds, but only as respects the operations of the Named Insured.

This is to certify that the policy of insurance listed above has been issued to the insured named above and is in force at this time. Notwithstanding any requirement, term or condition of any contracts or other document with respect to which the certificate may be issued or may pertain, the insurance afforded by the policy described herein is subject to all the terms, exclusions and conditions of such policy.

The insurer has authorized Near North Insurance Brokerage, Inc. to issue Certificates on their behalf. If prior Certificates have been issued, this Certificate cancels and supersedes all such Certificates.

**NEAR NORTH INSURANCE BROKERAGE, INC.**

**Date of Issue:** July 12, 2001

_Kris Larkin_
**Authorized Representative**

**Near North Insurance Brokerage, Inc.**
875 North Michigan Avenue
Chicago, Illinois 60611
Telephone (312) 280-5600
Fax (312) 280-3964

**This is to certify to:**            Cessna Aircraft Company

that the policy of insurance listed below has been issued to the Insured and is in effect as of this date for the policy period July 10, 2001 to July 10, 2002 at 12:01 a.m.

**NAMED INSURED:**            New England Propeller Service, Inc.
East Haddam Industrial Park
Matthews Drive
East Haddam, CT 06423

**INSURER:**            ACE Property and Casualty Insurance Company

**POLICY NO:**            APN670545

**TYPE OF INSURANCE:**            General Liability

**LIMIT OF LIABILITY:**            Each Occurrence Limit - $1,000,000
Products-Completed Operations Aggregate Limit - $1,000,000

**SPECIAL PROVISIONS:**   Cessna Aircraft Company is included as Additional Insureds, but only as respects the operations of the Named Insured.

This is to certify that the policy of insurance listed above has been issued to the insured named above and is in force at this time.  Notwithstanding any requirement, term or condition of any contracts or other document with respect to which the certificate may be issued or may pertain, the insurance afforded by the policy described herein is subject to all the terms, exclusions and conditions of such policy.

The insurer has authorized Near North Insurance Brokerage, Inc. to issue Certificates on their behalf.  If prior Certificates have been issued, this Certificate cancels and supersedes all such Certificates.

**NEAR NORTH INSURANCE BROKERAGE, INC.**

**Date of Issue:** December 6, 2001

Authorized Representative

FILENAME New England - McCauley

1



**CESSNA AIRCRAFT COMPANY**
Independent Representative Reference Inquiry

| Name of company providing reference: | NAUTILUS AIR SERVICES, Bldg 431 BANKSTOWN AIRPORT |
|---|---|

1. How long have you had a business relationship with **EAST COAST PROPELLERS?**

   *12 YEARS*

2. What products do **EAST COAST PROPELLERS** represent/market in their country?

   *AIRCRAFT PROPELLERS OVERHAUL & SUPPLY*

3. In your opinion, do you consider **EAST COAST PROPELLERS** to be a reputable company?

   *YES*

4. The Foreign Corrupt Practices Act is federal legislation enacted by the U.S. Government to which all U.S. companies are bound. This law prohibits direct or indirect payment or promise to provide anything of value to a non-U.S. official to obtain an improper advantage. Are you aware of any export compliance issues or violations of the Foreign Corrupt Practices Act (FCPA) by **EAST COAST PROPELLERS** or its representatives?

   Yes     (No)

   If yes, please comment:

5. Can you think of any reason Cessna should not consider **EAST COAST PROPELLERS** as our representative?

   Yes     (No)

   Comments:

   *HAVE BEEN IMPRESSED WITH ALL BUSINESS DEALINGS I HAVE HAD WITH EAST COAST PROPELLERS*

Completed By:   NICK MC GLONE     Date: *28/4/2004*
Title:     *MANAGING DIRECTOR OF NAUTILUS AIR SERVICES*
Phone Number:   *61.2.9913.8142*
E-Mail Address:   *nautilusair@bigpond.com*

*Please return this form to Bill Raftopoulos, Cessna Aircraft Company, fax: 316-206-9232, at your earliest convenience. Thank you.*

**QBE INSURANCE (AUSTRALIA) LIMITED**
12-14 O'Connell Street
Sydney NSW 2000

Telephone: (02) 9232 7355
Facsimile: (02) 9232 5098

# CERTIFICATE OF CURRENCY

We hereby certify that we have arranged Insurance in respect of the following:

CURRENCY IS AUSTRALIAN DOLLARS

**POLICY NO:**            H02374

**NAME OF INSURED:**      J.A. & E.M. Marks T/As
                          East Coast Propellers Pty Limited
                          The Cessna Aircraft Company

**PERIOD OF INSURANCE:**  12 months at 12 April 2002

**Nature of Insured's Business or Operation in respect of which the Policy is effected is:-**

Propeller maintenance, repair and overhaul

**The place(s) in or about which the Indemnity granted by the Policy is to apply is (are):-**

Hangar 641 Klemm Street, Bankstown Airport and / or elsewhere in the Commonwealth of Australia in the course of the Insured's business.

**The amount of Indemnity shall not exceed:-**

| | | |
|---|---|---|
| Section 1. | $10,000,000 | any one accident |
| Section 2. | $   120,000 | any one accident |
| Section 3 | $ 5,000,000 | any one accident |

**Excess to Be Borne By Insured:**

$2,500.00 each and every loss in respect of property damage claims.

On behalf of QBE Aviation

SIGNED.................................................................................. DATED ...19 4 2002



**QBE**
Aviation

QBE INSURANCE (AUSTRALIA) LIMITED
ABN 78 003 191 035

12-14 O'Connell Street
Sydney, NSW 2000

Postal Address
P.O Box R765
Royal Exchange, NSW 2000

Telephone: (+612) 9232 7355
Facsimile: (+612) 9232 5098

21 July, 2003

## CERTIFICATE OF CURRENCY

This is to confirm that:-

ASSURED:                    EAST COAST PROPELLERS PTY LTD
                            BANKSTOWN AIRPORT LIMITED
                            ALL FOR THEIR RESPECTIVE
                            RIGHTS AND INTERESTS

PERIOD OF INSURANCE:        12TH APRIL 2003 TO 12TH APRIL 2004

TRADE OR BUSINESS:          OWNER / OCCUPIER OF HANGAR

COVERING:                   HANGARKEEPERS LIABILITY INSURANCE

SITUATION:                  HANGAR 641 KLEMM STREET
                            BANKSTOWN AIRPORT

LIMITS OF LIABILITY:

        SECTION 1           $10,000,000      ANY ONE ACCIDENT /
                                             UNLIMITED IN ALL

        SECTION 2           $100,000         ANY ONE AIRCRAFT

                            $250,000         ANY ONE ACCIDENT /
                                             UNLIMITED IN ALL

        SECTION 3           $5,000,000       ANY ONE ACCIDENT /
                                             UNLIMITED IN ALL

Are insured by this Company under Policy Number 02 Q62 0009622 which is current until
17ᵗʰ April 2004.

..................................................
Authorised Signatory

## McCAULEY SERVICE CENTER AGREEMENT
## 2002

NEW ENGLAND PROPELLER SERVICE, Inc.

(Name of Service Center)

EAST HADDAM INDUSTRIAL PARK, 6 MATTHEWS DRIVE, P.O. BOX 244, EAST HADDAM, CT. 06423

(Complete street address of Service Center)

## CHECK LIST

### Page 1

( x )   Service Center's name and address correctly stated (Legal name i.e., Corp., Corporation, Co., Inc., LLC, etc.).  P. O. BOX IS NOT ACCEPTABLE.

Service Center marked as individual proprietorship, partnership, limited liability company, or corporation (X the correct box) and make sure state is identified.

### Page 18

( x )   Service Center's correct firm name must agree with the name given on Page 1.

( x )   Signatures, titles of signatories, and dates.

### Entire Agreement

( x )   ALL ERASURES AND CHANGES INITIALED.

( x )   All Exhibits completed.

( x )   Complete all of above items on all originals of the Agreement so that all originals are identical.

### Additional Forms

( x )   Sales Tax Exemption Certificate filled out and signed.

( x )   Certificates of Insurance.

# McCAULEY SERVICE CENTER AGREEMENT
## 2002

This McCAULEY SERVICE CENTER AGREEMENT ("Agreement") is made and entered into by and between Cessna Aircraft Company, a Kansas corporation, doing business as McCauley Propeller Systems, hereinafter referred to as "McCauley," with a principal place of business at 3535 McCauley Drive, Vandalia, Ohio 45377, United States of America ("U.S."), and

NEW ENGLAND PROPELLER SERVICE, INC.
_____
(Legal Name of Service Center)

[  ]    an individual proprietorship

[  ]    a partnership

[x]    a corporation organized under the laws of __CONNECTICUT_____

[  ]    a limited liability company

with its business address at

_____ EAST HADDAM INDUSTRIAL PARK,6 MATTHEWS DRIVE____
(Street Address)

P.O. BOX 244, EAST HADDAM, CONNECTICUT 06423
(City, County, State, Zip)

U.S.A.
_____
(Country)

hereinafter referred to as "Service Center."

The purpose of this Agreement is to establish Service Center as the authorized customer support and service representative for McCauley propellers and accessories referred to in Service Center's appointment. This Agreement also sets forth the responsibilities of McCauley to Service Center and the responsibilities of Service Center to McCauley.

Service Center hereby acknowledges, agrees, and accepts the responsibility for providing the highest possible standard of customer support and service to all owners of McCauley propellers and accessories included in Service Center's appointment.

IN CONSIDERATION of the foregoing and the mutual promises, covenants, understandings and other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, McCauley and Service Center agree as follows:

## A.  SERVICE CENTER'S APPOINTMENT AND RESPONSIBILITIES

1.    **APPOINTMENT**.  Subject to the terms and conditions of and for the term of this Agreement, McCauley appoints Service Center as a McCauley Service Center for all models of McCauley propellers, governors and de-ice accessories ("Products").

McCauley grants to Service Center the nonexclusive, nontransferable, and nonassignable privilege to conduct service on applicable propeller models and to purchase, sell, and service Products at the specified facility and at no other location.

Service Center hereby accepts such appointment agrees to purchase and sell Products, and to provide, to the satisfaction of McCauley, prompt and efficient maintenance and service for Products at reasonable prices and terms on a consistent and continuing basis.   The failure of Service Center to provide such Products, maintenance and service shall, at the discretion of McCauley, be a basis for the termination of this Agreement.

2.    **NONEXCLUSIVE AREA**.   Service Center acknowledges and agrees that McCauley reserves, without liability or obligation to notify Service Center, the right, at any time and from time to time, to make direct sales and dispositions of Products and to provide any service to anyone without liability to Service Center.

McCauley also reserves, without obligation to notify Service Center, the right to appoint others at any location, at any time and from time to time, to sell or dispose of any Products and/or any other parts and services without liability to Service Center.

3.    **NON-FRANCHISE AGREEMENT**.   McCauley and Service Center agree that Service Center does not by this Agreement become a franchisee of McCauley and that there is no required payment of a franchise fee or any other charge to McCauley, directly or indirectly, in connection with Service Center's appointment.

4.    **CHANGES IN OWNERSHIP, MANAGEMENT, ASSIGNMENT, OR TRANSFER**. This Agreement is a personal service contract and is entered into in reliance upon and in consideration of the personal qualifications of the individuals who will substantially participate, both of record and beneficially, in the ownership and/or active management of Service Center's operation.

Service Center warrants that the information contained on the Organization Form, Signature Authorization Sheet, and General Information Data Sheet, hereinafter respectively referred to as Exhibits A, B, and C, is complete, true, and correct.  No direct or indirect change in the working control or in the beneficial ownership of a majority equity interest in Service Center and no substantial change in the active management of Service Center shall be made without the prior written approval of

McCauley. If a change in control of Service Center or a change in the McCauley business-related management of Service Center as shown on such Exhibit A occurs, Service Center shall immediately notify McCauley and McCauley, in its sole discretion, may terminate this Agreement.

Service Center agrees it shall immediately notify McCauley if, during the term of this Agreement, any of its management, directors, and/or stockholders accepts employment, which is not identified on Exhibit A, with any government other than the government of the U.S.

5.   **ASSIGNMENT**.   No property right or interest in the subject matter of this Agreement, either direct or indirect, is created, sold, or transferred hereby. Service Center agrees this Agreement and the licensed privileges herein granted cannot be transferred, assigned, hypothecated, or otherwise conveyed or encumbered without the prior written approval of McCauley, which approval may be granted or withheld at the sole discretion of McCauley.

6.   *INSURANCE. Service Center agrees to secure and maintain at all times:*

*(a)   Products and completed operations liability insurance with at least a combined single limit of One Million Dollars ($1,000,000).*

*(b)   Each type of insurance shall have a combined single limit, shall not have a per seat or per occurrence limit other than the aggregate, shall be placed with reputable companies acceptable to McCauley, and shall include Cessna Aircraft Company as an "additional insured" for any liability or alleged liability arising out of any activity or lack of activity of Service Center and/or its personnel.*

*(c)   Service Center shall furnish McCauley with Certificates of Insurance, or some other evidence acceptable to McCauley, of the required amounts of insurance along with this Agreement for McCauley's consideration.*

*(d)   Service Center or its insurer shall provide McCauley written notice 30 days in advance of any cancellation of the above described policies.*

## B. OPERATIONAL REQUIREMENTS

3

1.    (a)    **FACILITIES AND LOCATION**.  Throughout the term of this Agreement, Service Center agrees to maintain offices and facilities satisfactory to McCauley and to keep such facilities neat, orderly, and businesslike so that they reflect a positive and professional image for Service Center and McCauley.  Service Center shall not directly or indirectly establish or locate offices and/or facilities at any other place of business for the sale or service of Products covered by this Agreement.

(b)    **ON-SITE INSPECTION**.  Service Center agrees McCauley has the right, at McCauley's expense, to inspect, without prior notice, all Service Center facilities and procedures.  Such inspection may include, but is not limited to, overhaul procedures, equipment, tools, knowledge of warranty procedures, service information, parts tracking procedures, and FAA regulatory compliance.

2.    **OPEN ACCOUNT**.  Service Center agrees to establish and maintain an open account with McCauley/Cessna Aircraft Company in accordance with McCauley/Cessna Aircraft Company applicable credit policies which are in effect from time to time. Service Center's failure to establish and continuously maintain an open account with McCauley/Cessna Aircraft Company may, at McCauley's sole discretion, result in termination.  Service Center also agrees to maintain at all times during the term of this Agreement a financial structure and operating capital satisfactory to McCauley/Cessna Aircraft Companies.

3.    **SALES PROMOTION AND TRAINING PROGRAMS**.  Service Center agrees to fully support, participate in, and send a representative to no-charge McCauley sales promotion and training programs as announced by McCauley from time to time and to attend no-charge training courses to assure employee service competence on Products and customer service skills.  Service Center also agrees to demonstrate its technicians' service competence on Products as requested by McCauley.  All technical training must have been attended by at least one representative of Service Center within the past five years of the expiration date of this Agreement.

4.    **SERVICE DEPARTMENT**.

(a)    Service Center agrees to own, maintain, and operate a service department with trained personnel, Products, service equipment, technical information, and all other materials and all revisions thereof, which meet the minimum service requirements of McCauley.  This requirement includes Internet e-mail access, a working telefax machine, and a digital camera.

(b)    Service Center shall be considered to have initially satisfied the requirements of Paragraph B.4.(a) if Service Center has submitted orders for required Products from McCauley or its identified and approved sources for delivery consistent with McCauley requirements and has scheduled required no-charge McCauley training of service personnel for completion as soon as possible.  Service Center must maintain compliance with McCauley's service requirements for Products throughout the term of this Agreement.  Failure of Service Center to purchase and maintain required Products from any available

source or to complete required no-charge McCauley training as scheduled shall be grounds for immediate termination of this Agreement by McCauley.

(c)    Service Center is strongly encouraged to use only McCauley factory-original Products in all repairs and overhaul work.

5.    **LAWS AND REGULATIONS**.    Service Center agrees to fulfill all applicable government license requirements and comply with all applicable laws and regulations including, but not limited to, the U.S. and the European Union, if applicable.

Service Center agrees to comply with all U.S. laws and regulations including, without limitation, those which control the export or re-export of commercial and military products and technology which are obtained from McCauley under this Agreement. Specifically, Service Center agrees to comply with the U.S. Export Administration Act (50 USC 2401, et seq.) and the U.S. Arms Export Control Act of 1976 (22 USC 2751, et seq.), which control the export and re-export of commercial and military goods, respectively, as well as any and all applicable U.S. sanctions and/or embargoes including regulations promulgated by the Office of Foreign Assets Control of the U.S. Department of Treasury.

Service Center agrees it shall immediately notify McCauley if, during the term of this Agreement, any of its owners, management, directors, and/or employees are the subject of an indictment or have been convicted of a violation of the U.S. Export Administration Act of 1979, as amended (50 USC app. 2401-2420); the U.S. Export Administration Regulations, or any order, license or authorization issued thereunder; any regulation, license or order issued under the U.S. International Emergency Economic Powers Act (50 USC 1701-1706); U.S. Espionage and Censorship (18 USC 793, 794 or 798); Section 4(b) of the U.S. Internal Security Act of 1950 (50 USC 783(b)); or Section 38 of the U.S. Arms Export Control Act (22 USC 2778).

Service Center acknowledges that information regarding U.S. export rules, regulations, and restrictions are readily available from computer internet addresses, including the U.S. Department of State, Office of Defense Trade Controls at http://www.pmdtc.org; the U.S. Government Printing Office at http://www.access.gpo.gov; the U.S. Department of Commerce, Bureau of Export Administration at http://www.bxa.doc.gov; and the U.S. Department of the Treasury, Office of Foreign Assets Control at http://www.treas.gov/ofac.

Service Center affirms that it has not and agrees that it will not, in connection with the transactions contemplated by this Agreement or in connection with any other business transactions involving McCauley, make or promise to make any payment or transfer anything of value, directly or indirectly: (i) to any government official or candidate for government office or government employee (including employees of government-controlled enterprises); (ii) to any political party, official of a political party, or candidate for political party office; (iii) to an intermediary for payment to any of the foregoing; (iv) to any officer, director, employee, or representative of any actual or potential customer of McCauley; (v) to any officer, director, or employee of Textron Inc., Cessna Aircraft Company, or any of their affiliates; or (vi) to any other person or entity if such payment or transfer would violate the laws of the country in which made or the

laws of the U.S. It is the intent of the parties that no payments or transfers of value shall be made which have the purpose or effect of public or commercial bribery, acceptance of or acquiescence in extortion, kickbacks, or other unlawful or improper means of obtaining business. This provision shall not, however, prohibit normal and customary business entertainment or the giving of business mementos of nominal value.

The U.S. Foreign Corrupt Practices Act of 1977, as amended, made it unlawful, among other things, for a U.S. company or anyone acting on its behalf to make or offer payment, promise to pay, or authorize the payment of anything of value to: (i) any officer or candidate for office or employee of, or any person acting in any official capacity for, a foreign government or any department, agency, or corporation thereof (including a government-controlled enterprise), or any foreign political party, party official, or candidate for political party office or (ii) any person, while knowing or having reason to know that all or a portion thereof will be offered, given or promised, directly or indirectly, to any government official for the purpose of: (1) influencing any act or decision by such person in his or her official capacity or (2) inducing him or her to use his or her influence with a foreign government to affect, either by action or inaction, any act or decision of such government to obtain or retain business for any person. Service Center acknowledges receipt of a copy of the U.S. Foreign Corrupt Practices Act, confirms its understanding of the provisions of the Act, and agrees to comply with those provisions and to take no action that might cause McCauley to be in violation of such Act.

Service Center affirms that it has disclosed to McCauley that no government official has any ownership interest, direct or indirect, in Service Center or in the contractual relationship established by this Agreement. In the event that during the term of this Agreement there is acquisition of an interest in Service Center or in this Agreement by a government official, Service Center agrees to make immediate disclosure to McCauley and that this Agreement will become subject to immediate termination upon written notice to Service Center. For the purposes of this Agreement, "government official" means any officer or employee of a government or any department, agency, corporation, or instrumentality thereof (including a government-controlled enterprise) or any person acting in an official capacity on behalf of the government or its instrumentality or of any political party, official of a political party, or candidate for government or political party office, including immediate family members or nominees of such government or political party official or candidate.

Service Center affirms that it has obtained assurances from any agent, representative, consultant, or other party, retained by or paid by Service Center in connection with its sale of the Products that they will comply with the U.S. Foreign Corrupt Practices Act and will take no action that might cause McCauley to be in violation of such Act, and Service Center also agrees to obtain such assurances from any such party retained in the future.

In the event McCauley notifies Service Center that McCauley has information or belief that there may be a violation of the U.S. Foreign Corrupt Practices Act, the U.S. Export Administration Act, the U.S. Arms Export Control Act of 1976 or any other applicable U.S. law by Service Center or by any agent, representative, consultant, or

other party, retained by or paid by Service Center in connection with the sale of Products, Service Center agrees to fully cooperate by providing full and complete responses to McCauley's inquiries as to the possible violation and, further, to grant McCauley and/or its representatives access and the right to audit Service Center's books, records, and other relevant documentation.

Payments, transfers of value, or promises to make payments or transfers of value by Service Center in violation of the U.S. Foreign Corrupt Practices Act or any provision of this Agreement, or reasonable cause to believe that such payments or transfers of value or promises are being made, shall be cause for automatic termination of this Agreement. McCauley may retain from or charge to Service Center an amount equal to the amount earned or to be earned by Service Center as a result of any transaction or matter from which such violation arose as liquidated damages and not as a penalty.

6.    (a)    **LIMITED WARRANTIES, WARRANTY DISCLAIMER, AND DAMAGE LIMITATION**. EXCEPT FOR THE EXPRESS TERMS OF McCAULEY'S WRITTEN LIMITED WARRANTIES PERTAINING TO McCAULEY PRODUCTS, AS MAY BE REVISED FROM TIME TO TIME, NEITHER McCAULEY NOR CESSNA AIRCRAFT COMPANY MAKES ANY REPRESENTATIONS OR WARRANTIES, EXPRESS OR IMPLIED, OF MERCHANTABILITY, FITNESS FOR ANY PARTICULAR PURPOSE, OR OTHERWISE WHICH EXTEND BEYOND THE FACE HEREOF OR THEREOF. McCAULEY SPECIFICALLY EXCLUDES AND DISCLAIMS ANY AND ALL REPRESENTATIONS AND/OR WARRANTIES NOT INCLUDED WITHIN THE FOUR CORNERS OF THIS AGREEMENT. THE WRITTEN WARRANTIES OF McCAULEY ACCOMPANYING ITS PRODUCTS ARE IN LIEU OF ANY OTHER OBLIGATION OR LIABILITY TO PURCHASERS OR ANY THIRD PARTY WHATSOEVER BY REASON OF THE MANUFACTURE, SALE, LEASE, OR USE OF THE WARRANTED PRODUCTS AND NO PERSON OR ENTITY IS AUTHORIZED TO MAKE ANY ADDITIONAL REPRESENTATIONS OR WARRANTIES OR TO ASSUME ANY FURTHER OBLIGATIONS ON BEHALF OF McCAULEY OR CESSNA AIRCRAFT COMPANY. THE REMEDIES OF REPAIR OR REPLACEMENT SET FORTH IN McCAULEY'S WRITTEN LIMITED WARRANTIES ARE THE ONLY REMEDIES UNDER SUCH WARRANTIES. IN NO EVENT SHALL McCAULEY OR CESSNA AIRCRAFT COMPANY BE LIABLE FOR ANY INCIDENTAL OR CONSEQUENTIAL DAMAGES, INCLUDING, WITHOUT LIMITATION, LOSS OF PROFITS OR GOODWILL, LOSS OF USE, LOSS OF TIME, INCONVENIENCE, COMMERCIAL LOSS, ETC.

THE LAWS OF SOME STATES DO NOT PERMIT CERTAIN LIMITATIONS ON WARRANTIES OR REMEDIES. IN THE EVENT SUCH A LAW APPLIES, THE FOREGOING EXCLUSIONS AND LIMITATIONS ARE AMENDED INSOFAR, AND ONLY INSOFAR, AS REQUIRED BY SAID LAW.

(b)    **WARRANTY ADMINISTRATION**. McCauley agrees to reimburse Service Center at its business address for applicable warranty parts and labor provided by Service Center in accordance with McCauley's warranty policies and

procedures as revised from time to time. Service Center agrees to fully comply with the terms and conditions of McCauley's written limited Warranty.

(c)    **WARRANTY AUDIT**.  Service Center agrees McCauley has the right, without notice, to inspect and audit Service Center's warranty and related records; and, Service Center expressly agrees to make such records available to McCauley during normal business hours.

(d)    **CARE OF OWNER**.   McCauley and Service Center recognize that customers may reasonably expect that parts sold by Service Center to repair McCauley Products are Products supplied by McCauley. Service Center will not represent that parts are genuine McCauley Products unless they have been supplied by McCauley. In addition, Service Center agrees it will not represent that McCauley has concurred that parts supplied by parties other than McCauley are equivalent to genuine McCauley Products when McCauley has not done so. If Service Center sells or installs a part which has not been supplied by McCauley, then Service Center shall advise the customer in writing that the part was not supplied by McCauley and that it is not covered by a McCauley warranty.  If Service Center uses or sells a part not supplied by McCauley, Service Center agrees that it shall assume the defense of McCauley in any lawsuit related to the sale, installation or use of the part and it further agrees to indemnify and hold McCauley harmless for any loss, damage or expense, including but not limited to attorneys' fees, expenses and costs which McCauley incurs as a result of, or in connection with the sale, installation or use of the part supplied by Service Center which was not originally furnished to Service Center by McCauley. Notwithstanding any other wording in this Agreement, McCauley agrees that Service Center, as a result of this Agreement, has no duty to defend, indemnify or hold McCauley harmless for any liability arising from McCauley's design, manufacture and/or maintenance of any Products.  Service Center guarantees that owners of Products who request service will receive the full benefit of McCauley's service programs. Accordingly, Service Center agrees to:

(1)    Supply owners of Products, regardless of where such Products were purchased, with Warranty inspections, parts, and labor, at no charge and to administer the applicable McCauley Warranties;

(2)    Perform services necessary to comply with McCauley's service manuals, service bulletins and service letters and to administer all related credit programs in accordance with the terms and conditions set forth in such service manuals, service bulletins, service letters, and other correspondence from McCauley, including the performance of such services at no charge to the owner where applicable; and

(3)    Ensure that McCauley's recommended service information and maintenance procedures are followed and all maintenance records are properly completed.

7.    **PRODUCT ORDERS**. Service Center agrees to submit all orders in accordance with and subject to the terms and conditions set forth on McCauley's or McCauley's

distributors' Purchase Order form.  Service Center agrees to pay and be liable for all payment of all sums due under Purchase Orders submitted to McCauley or McCauley's distributors as a result of other written or oral transactions submitted by individuals identified by Service Center on the Signature Authorization Sheet, Exhibit B.

8.    **FINANCE AND OTHER REPORTS**.  Upon request from time to time and within 15 days of Service Center's receipt of McCauley's request, Service Center agrees to furnish to McCauley, in English, complete, accurate, and current financial statements, including a balance sheet, and supporting data, reflecting the true and actual financial condition of Service Center, and other reports as McCauley may reasonably require. McCauley agrees not to disclose such information to anyone except its parent, affiliates, auditors, and as required by law or court order.

9.    **GENERAL AUDIT**.    Service Center agrees McCauley has the right, at McCauley's expense, to inspect and audit Service Center's business records related to McCauley.  Service Center agrees, at McCauley's request, to provide such business records to McCauley during normal business hours.

10.   **SIGNS AND IDENTIFICATION**.    Service Center agrees to participate in McCauley's identification programs and obtain, display, and maintain at its business location a McCauley sign acceptable to and approved by McCauley which accurately illustrates the sales and/or service authority granted Service Center by McCauley. Signs and other identification may be acquired by the Service Center from McCauley, or from  independent  sources  PROVIDED  THE  SIGN  MEETS  McCAULEY's SPECIFICATIONS. Service Center is responsible for all costs incurred in obtaining the required McCauley sign.   Service Center further agrees to remove all outdated or unacceptable McCauley identification within 30 days of notice by McCauley.

11.   **TRADEMARKS AND TRADE NAMES**.  McCauley grants to Service Center the nonexclusive, personal, and nontransferable right to use its trademark and trade name "McCAULEY®" but only in connection with the service of Products at Service Center's appointed location and only for the term of this Agreement.  Service Center agrees to install the McCauley trademark logo decal on all overhauled/repaired products as described in the appropriate McCauley repair/overhaul manuals in lieu of any other identifier.  McCauley encourages Service Center to use the name "McCauley" in its business operations and on its stationery, advertising, and business forms.  Service Center agrees, however, not to use the word "McCauley" in Service Center's legal name or as a part of its assumed, fictitious, or "doing business as" name, or any other firm or corporate designation for itself, or any other word adopted by McCauley for propellers, parts, accessories, or service, or any words, names, or combinations closely resembling them.  Each use of the McCauley Marks shall bear the label "TM," "SM," or "®," as appropriate, or as McCauley may otherwise direct.  It is expressly acknowledged and agreed that all goodwill arising from any use of the McCauley Marks inures to the sole benefit of McCauley.

Upon termination of this Agreement, or expiration of this Agreement if a new agreement is not consummated, all rights granted under this paragraph to use the McCauley name and any of McCauley's trademarks, service marks, signs, logos, and symbols (collectively "McCauley Marks") shall immediately terminate.  Service Center

agrees to discontinue immediately the use of all McCauley Marks, and any names, trademarks, signs or symbols closely resembling those used or adopted by McCauley and anything else representing Service Center as a McCauley Service Center. Service Center agrees to indemnify, defend, and hold McCauley harmless for any and all claims, damages, costs, expenses, and legal fees incurred by McCauley as a result of the improper continued use by Service Center of any McCauley Marks. Service Center further agrees to pay any and all costs, expenses, and legal fees incurred by McCauley in accomplishing removal of said McCauley Marks from Service Center's use.

12.    **PROPRIETARY INFORMATION**.    McCauley retains sole title to any and all proprietary information disclosed to Service Center by McCauley, regardless of the content of the information or the form of media used to make disclosure.    By its disclosure, McCauley does not relinquish and Service Center does not obtain any rights of ownership, assignment, or license of the proprietary information.  Any proprietary information disclosed by McCauley to Service Center is solely for Service Center's internal use in performing its obligations under this Agreement.  Service Center will ensure that all McCauley proprietary information, whether oral or written, shall not be disclosed to others.    The obligation of Service Center to hold such information confidential shall survive the termination or expiration of this Agreement.    Any photocopying, duplication or distribution of proprietary information, including, but not limited to, excerpts from service manuals, McCauley STC paperwork, service letters, service bulletins, etc., without the express written permission of McCauley is prohibited. Any knowledge or information which Service Center has disclosed or may hereafter disclose to McCauley shall not be deemed to be confidential or proprietary information and, accordingly, shall be acquired free from any restriction unless otherwise specifically agreed upon in writing by McCauley.    Service Center shall return all proprietary information to McCauley within 30 days of termination or expiration of the Agreement.

Service Center further acknowledges that it will, during the term of this Agreement, receive access to information from McCauley of a confidential business nature regarding the levels of inventory available in McCauley's parts distribution system.  Service Center further acknowledges and agrees that such confidential information is competitively sensitive to McCauley.  Therefore, Service Center agrees that it will not disclose, publish or release to any third person or entity any information in any form, whether oral, in writing or electronic, regarding McCauley's inventory, except that Service Center may advise an inquiring party regarding whether specific items are available in stock from McCauley.

## C. TERMS OF SALE

Acceptance by Service Center of McCauley's Products shall in all events constitute full acceptance of the terms and conditions in this Agreement.  Service Center may not assign this Agreement, any purchase orders, or any contract for Product purchases with McCauley without McCauley's prior written consent.

1.    **PRICES**.  McCauley agrees to sell Products to Service Center at the applicable McCauley Service Center prices in effect at the time of shipment, subject to the following conditions.  If Service Center wishes to order some items tax-exempt, then Service

Center must have a valid tax-exempt certification on file with McCauley. McCauley Service Center prices shall only apply to McCauley sales to Service Center for bona fide wholesale sales for sale or consumption by Service Center.

All prices shown are in U.S. dollars. Unless specifically otherwise set forth, Product prices do not include the cost of freight; cost or charges for insurance; any production, sales, use, transfer, transportation, excise or other tax; tariffs; or customs' duties. Service Center shall pay directly or be charged by McCauley for all such costs and/or charges in addition to the price(s) of the Products supplied hereunder. Service Center shall be obligated to pay such charges and costs on the same terms as apply to payment for Product as detailed herein. Service Center shall also pay a crating charge pursuant to policies set forth in the Manual for export shipments requiring special handling.

2.    **PRICE CHANGES**. McCauley shall have the right to change prices for Products and all other parts and accessories at any time and from time to time, without liability or obligation to notify Service Center in advance. Such changed prices shall apply to all undelivered or unshipped Products.

3.    **PAYMENTS**. Payments by Service Center for Products shall be made to McCauley in United States dollars (U.S. $) per the terms stated on the invoice or as otherwise specifically required by McCauley. The cost of transmitting funds and any exchange charges shall be borne by Service Center. If McCauley has to litigate or arbitrate to procure payments from Service Center, then McCauley and Service Center agree that all expenses of McCauley including, without limitation, attorneys' fees, arbitrators' fees, court costs, and other costs are the sole responsibility of and will be paid by Service Center.

4.    **INSURANCE**. McCauley does not insure shipments. Service Center may purchase freight insurance directly or from McCauley at the time of order placement. Recovery of losses due to loss or damage during shipment is the sole responsibility of Service Center.

5.    **PRODUCT DELIVERY, RISK OF LOSS AND TITLE**. Terms of delivery are Ex Works (EXW, Incoterms 2000), McCauley's point of shipment. Risk of loss and title shall pass to Service Center upon delivery by McCauley of the Products to Service Center, Service Center's agent, freight forwarder or carrier as the case may be; provided, however, that Service Center hereby grants McCauley and McCauley hereby retains a security interest in all Products and the right to repossess all Products purchased by Service Center from McCauley pursuant to this Agreement until it receives payment in U.S. dollars for the full amount of the Products' purchase price.

As applicable, McCauley shall be considered the U.S. Principal Party in Interest and Exporter of Record for those shipments that require a U.S. export license or are made directly by McCauley to a foreign country. In all other transactions, including a Routed Export, the Service Center shall be considered the U.S. Exporter of Record. It is Service Center's responsibility to ensure that the Shipper's Export Declaration is prepared and signed by Service Center or its U.S.-based authorized agent. Additionally, for Routed Export transactions, Service Center will be required to provide McCauley with a