## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

VINCENT NASTRO                    :        CIVIL ACTION
                                                    NO. 3:02 CV 00857 (DJS)

V.                                            :

ARTHUR M. D'ONOFRIO, et.al.       :        JUNE 1, 2004

## MEMORANDUM IN OPPOSITION TO
## MOTION TO QUASH SUBPOENAS NUNC PRO TUNC

This memorandum is submitted by plaintiff Vincent Nastro ("Nastro") in opposition to the Motion to Quash Subpoenas Nunc Pro Tunc dated May 12, 2004 (the "Motion to Quash") filed by defendants Arthur M. D'Onofrio, Carolyn D'Onofrio, Arthur A. D'Onofrio, Paul D'Onofrio, Nicole D'Onofrio, New England Propeller Service, Inc., Div-Acq, Inc., ADMW, LLC and U.S. Propeller Service of CT, Inc. (hereinafter the "D'Onofrio Defendants" unless individually referenced) which motion seeks to quash subpoenas issued to Jay-Allen Eisen ("Eisen") and Douglas L. Smith ("Smith"), counsel for Arthur M. D'Onofrio ("D'Onofrio") in the related California litigation. Nastro opposes the Motion to Quash on the following grounds:

1.    The Motion to Quash is untimely, and no cause has been shown for the granting of the motion nunc pro tunc.

2.    With respect to the subpoena issued to Eisen, the Motion to Quash is moot since the subpoena, upon information and belief, has been complied with.

3.    The documents requested, evidencing only specific clients of Eisen and Smith and the identity of the payors of such legal bills are not privileged.

## I.    BACKGROUND

This action was commenced by Nastro against, among others, Arthur M. D'Onofrio ("D'Onofrio") alleging that D'Onofrio's transfers of his ownership interest in four Connecticut companies on June 21, 2001, two weeks after a judgment was rendered against D'Onofrio in that certain action entitled <u>Vincent Nastro v. Arthur M. D'Onofrio</u>, Superior Court of California, County of San Joaquin, Stockton Branch, Case No. 293975 (the "California Litigation") were fraudulent.

As a part of the discovery in this action, document subpoenas were issued to Jay-Allen Eisen ("Eisen") of Sacramento, California, and Douglas L. Smith ("Smith) of Citrus Heights, California, copies of which are attached hereto as Exhibits A and B respectively. Eisen and Smith have been counsel of record for D'Onofrio in the California Litigation. The documents requested were for: (1) retainer agreements with D'Onofrio; and (2) records of payment of legal bills, including the name of the payor, for the legal services rendered on behalf of D'Onofrio. The purpose of the subpoenas was to determine the source of funds for payment of the legal bills of Eisen and Smith, since D'Onofrio had testified that he had no assets to satisfy the judgment in favor of Nastro and was not being paid by anyone. At the time the subpoenas were sent for service, courtesy copies of the subpoenas were sent to Scott M. Kartsen. See Exhibit C.

Eisen responded to the subpoena by producing the documents attached hereto as Exhibit D, which documents are Bates-stamped E-1 through E-153. The documents contain a retainer agreement (E-3 through E-6), invoices for legal services from April 27,

2001 (E-151) through March 30, 2004 (E-8),[1] and copies of checks from New England Propeller Service, Inc. ("NEPS") in payment of the invoices.

Smith did not respond to the subpoena but instead sent a letter dated April 26, 2004 (Exhibit E) questioning the time to respond and also raising issues as to claims of privilege. The letter was responded to by the undersigned by facsimile letter of April 28, 2004 (Exhibit F), addressing the issues raised in Smith's letter and specifically stating that identity of client and fee payment were not privileged. A copy of this letter was also sent on the same date to Attorney Scott M. Karsten. By facsimile letter dated May 10, 2004 (Exhibit G), Smith stated that a motion to quash the subpoena had been filed. By facsimile letter dated May 12, 2004 (Exhibit H), the undersigned informed Smith that no motion to quash had been filed and notifying him that the time had passed for the filing of such a motion. Again a copy of the letter was provided to Attorney Scott M. Kartsen.

The response was finally the filing of the current Motion to Quash by counsel for the D'Onofrio Defendants.

## II.    ARGUMENT

### A.    THE MOTION IS UNTIMELY

The subpoenas subject to the Motion to Quash are subject to the provisions of Rule 45 of the Federal Rules of Civil Procedure. Rule 45(c)(3) permits the Court to quash or modify a subpoena "on *timely* motion." Rule 45 (c)(2)(B) sets forth the time limits for the filing of a motion to quash as requiring the filing "within 14 days after service of the subpoena or before the time specified for compliance if such time is less

---

[1] The dates listed are the date of the respective invoices.

than 14 days after service." In the present situation, it is undisputed that the Motion to Quash was not timely filed.

Recognizing the untimely filing, the D'Onofrio Defendants seek to quash the subpoenas "nunc pro tunc" on the grounds that counsel for the D'Onofiro Defendants, although in receipt of copies of the subpoenas, did not file motions to quash these subpoenas. However, no affidavit has been provided setting forth any facts excusing the failure to timely file the motion to quash. In the Affidavit of Counsel attached to the Motion to Quash signed by Scott M. Karsten,[2] he states that Attorney Nicole Dorman of his office prepared responses to subpoenas issued in Connecticut for purposes of the California Litigation,[3] but failed to file motions with respect to the subpoenas directed to Eisen and Smith. However, as shown by Exhibits C and F, not only was notice of the issuance of the subpoenas given, but D'Onofrio was also given further notice of the pendency of these subpoenas through further correspondence with Smith (see Exhibit F). No adequate reason is given for the failure to file any motion to quash, nor is any legal support given for the authority of the Court to quash subpoenas "nunc pro tunc."

## B.    THE MOTION IS MOOT AS TO EISEN.

To the extent the Motion to Quash seeks to quash the subpoena directed to Eisen, the motion is moot since Eisen has complied with the subpoena. Attached hereto as Exhibit D are copies of the documents produced by Eisen (Bates-stamped Nos. E-1 through E-153), which documents include the retainer agreement requested, copies of

---

[2] The affidavit of Scott M. Karsten was attached to the Motion to Quash served by mail upon the undersigned. The version of the Motion to Quash electronically filed has attached an affidavit from Nicole D. Dorman (dated "August ___, 2002" which sets forth no grounds for the failure to file the Motion to Quash, but requests sanctions in the amount of $10,158.15. It is not known what version of the Motion to Quash was provided to the Court.

[3] No documents have yet been produced in response to the State Court subpoenas; only a *single* motion to quash these subpoenas was filed.

invoices and copies of checks from NEPS in payment of the invoices. It should be noted that Eisen, although failing to comply with F.R.C.P. 26(b)(5) by producing a privilege log, did redact, in part, invoices, apparently upon some claim of privilege (see, e.g. Exhibit D, E-144, E-139, E-125, etc.).[4] In any event, the documents subpoenaed from Eisen have been produced.

## C.    THE SUBPOENAED DOCUMENTS ARE NOT PRIVILEGED.

The D'Onofrio Defendants recognize the general principal that neither the identity of a client, the amount of payment, nor the identity of the person or entity paying the legal bills is privilged. See Memorandum in Support of Defendants' Motion to Quash Subpoenas dated May 12, 2004 (the "Memorandum") at pp. 2-3. However, the D'Onofrio Defendants claim that the subpoenas to Eisen and Smith fall within the "special circumstances" exceptions as explained in In re Grand Jury Subpoenas (Shargel), 742 F. 2d 61 (2d Cir. 1884) ("Shargel") and Vignelli v. United States, 992 F. 2d 449 (2d Cir. 1993) ("Vignelli"). However, the D'Onofrio defendants fail to note the very limited nature of the exception and, most importantly, fail to demonstrate that in the present case the identity of the payor of the legal bills and the amount paid fits within the "special circumstances" exception to disclosure.

In Shargel, a federal grand jury issued a subpoena requiring Attorney Shargel to produce records concerning monies or property transferred to him by ten defendants, eight of whom had been indicted for RICO violations. Judge Lasker's denial of Shargel's motion to quash the subpoena was affirmed by the Second Circuit, holding that: "The identification of individuals as clients of Mr. Shargel neither discloses nor implies a

---

[4] Nastro does not concede that the redacted items are privileged, but reserves his right to seek explanation or move to compel the production of unredacted invoices.

confidential communication." 742 F. 2d at 64. The Court went on to state that, in the circumstances where a person's legal bills may have been paid by another, "the view of the privilege we adopt thus denies protection to evidence indicating payment of one person's legal bills by another." *Id.* at 64-65.

In Vigelli, the Second Circuit further explained the narrow "special circumstances" exception to the disclosure rule. Vignelli, an attorney from Arizona, was subpoenaed by a federal grand jury to produce financial documents and records disclosing the source of funds he transmitted to a Vermont law firm to pay for the representation of Ronald Lovell, a defendant in a criminal drug case. The Second Circuit affirmed Judge Parker's finding of contempt on the part of Vignelli for refusing to provide the subpoenaed evidence. The Court first determined that the identity of Vignelli's client was not privileged since such disclosure did not suggest any criminal violations on the part of Vignelli's client. The Court also held that: "Revealing the fee payment information does not thwart or prejudice the attorney-client relationship, which remains at the heart of the privilege." 992 F. 2d at 454. See also In re Grand Jury Subpoena Served upon Doe, 781 F. 2d 238 (2d Cir., en banc, 1986), *cert. denied,* _____U.S. ___ (1986), discussing the narrow "special circumstances" exception to disclosure of client identity and fee payment in light of Fifth and Sixth Amendment privilege claims.

In the present case, the D'Onofrio Defendants fail to explain how the documents subpoenaed from Eisen and Smith come within the "special circumstances" exception to disclosure. Attorney Karsten, in his affidavit (at par. 7), states that certain materials in the Eisen and Smith retainer agreements would disclose confidential communications with D'Onofrio. However, an examination of the Eisen retainer agreement (Exhibit C,

Doc. No. E-3 to E-6) shows no "confidential communication."[5] With respect to the Smith retainer agreement not yet produced, Attorney Karsten fails to state in what manner the retainer agreement discloses "confidential communications," fails to produce a redacted portion of the retainer agreement in the Motion to Quash and fails to submit a copy of the retainer agreement to the Court for *in camera* review. With respect to Attorney Karsten's claim that the Eisen and retainer agreements evidence communications with clients other than D'onofrio, he not only fails to identify such other clients,[6] but he fails to show how such information could possibly fit within the "special circumstances" exception to disclosure. Finally, Attorney Karsten's opinion that "evidence of payment of legal bills" constitute privileged materials is completely devoid of any facts or other information upon which the Court could make such a determination.

The real reason for this motion is shown by the documents produced by Eisen. NEPS has been paying D'Onofrio's legal bills from Eisen in violation of this Court's Order for preliminary injunction dated May 16, 2003.[7] Moreover, to the extent that copies of tax returns produced thus far by D'Onofrio and NEPS are accurate copies of tax returns actually filed with the IRS,[8] D'Onfrio and NEPS have filed fraudulent tax returns by: (1) NEPS claiming corporate deductions for D'Onofrio's personal legal bills, and (2) D'Onofrio failing to disclose the payment of his personal legal bills by NEPS as income.

---

[5] Attorney Karsten's affidavit certainly brings into question his compliance with F.R.C.P. 11 certifying that the "factual contentions [presented to the court] have evidentiary support."
[6] The Eisen retainer agreements does show that it was also entered into with NEPS, which, although not a party to the California Litigation for which D'Onofrio retained Eisen, is a defendant in this case.
[7] Nastro is filing concurrently herewith a Motion For Contempt for Violation of Court Order setting forth the specific grounds by which the payments from NEPS to Eisen violate the preliminary injunction prohibiting NEPS from transferring any funds to or on behalf of D'Onofrio.
[8] To date, the copies of tax returns produced by D'Onofrio and NEPS are unsigned, and D'Onofrio, individually and as president of NEPS, has not identified the copies produced as true and correct copies of the tax returns actually filed.

## III.    CONCLUSION

For the foregoing reasons, it is respectfully requested that the Motion to Quash be denied, that Attorney Douglas Smith be ordered to produce the subpoenaed documents within 10 days of the Court order, and that Nastro be awarded his costs in responding to this motion.

THE PLAINTIFF
VINCENT NASTRO

by: _____
Edwin L. Doernberger
Saxe, Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517
Tel. (203) 287-8890
Fax. (203) 287-8847
e-mail: eld@sdvlaw.com
Fed. Bar No. ct05199

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

VINCENT NASTRO,

          Plaintiff,

  v.

ARTHUR M. D'ONOFRIO, et. al.

          Defendants.

:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION NO.

3:02CV00857(DJS)

June 1, 2004

## AFFIDAVIT OF EDWIN L. DOERNBERGER

STATE OF CONNECTICUT    )
                      )    ss. HAMDEN
COUNTY OF NEW HAVEN    )

Edwin L. Doernberger, being first duly sworn, on oath deposes as says:

    1.    I am over the age of eighteen, believe in the obligations of an oath, and make this affidavit based upon my personal knowledge:

    2.    I am counsel to plaintiff Vincent Nastro ("Nastro") herein, and I have also been admitted pro hac vice as counsel to Nastro in that certain civil action entitled Vincent Nastro v. Arthur M. D'Onofrio, Superior Court of California, County of San Joaquin, Stockton Branch, Case No. 293975 (the "California Litigation") for the purpose of conducting Connecticut discovery as required in the California Litigation. I make this affidavit based upon my personal knowledge as counsel for Nastro in both this litigation and the California Litigation.

    3.    In connection with the current litigation, I issued a "Subpoena in a Civil Action" to Jay-Allen Eisen ("Eisen") of Sacramento, California, a copy of which is

attached hereto as Exhibit A. Eisen has been counsel of record for Arthur D'Onofrio ("D'Onofrio") in the California Litigation since approximately March, 2001. The purpose of the subpoena was to ascertain the source of funds for payment of Eisen's legal bills for the representation of D'Onofrio, since D'Onofrio has testified that he is not currently receiving any salary from any source. In addition, the subpoena sought to ascertain if Eisen was also counsel for any other parties to the current litigation or any related entities.

4.    I also issued a "Subpoena in a Civil Action" to Douglas L. Smith ("Smith") of Citrus Heights, California, a copy of which is attached hereto as Exhibit B. Smith is also counsel of record for D'Onofrio in the California Litigation, and the purpose of the subpoena was the same as that issued to Eisen.

5.    At the time of the issuance of the subpoenas to Eisen and Smith, courtesy copies were provided to Scott M. Karsten, counsel for the D'Onofrio Defendants. See Exhibit C.

6.    In response to the subpoena, Eisen produced the documents attached hereto as Exhibit D, which, after receipt, were Bates-stamped as numbers E-1 through E-153. These documents are all of the documents produced by Eisen.

7.    Attached hereto as Exhibit E is a copy of a letter dated April 26, 2004 from Smith setting forth issues of the time to respond to the subpoena and also raising issues as to claims of privilege.

8.    I responded to the Smith letter by facsimile letter dated April 28, 2004, a copy of which is attached hereto a Exhibit F. A copy of this letter was also sent on the same date to Attorney Scott M. Karsten. See fax confirmation sheet in Exhibit F.

9.    Attached hereto as Exhibit G is a copy of facsimile letter dated May 10, 2004 from Smith stating that a motion to quash the subpoena had been filed.

10.    I responded by facsimile letter dated May 12, 2004, a copy of which is attached hereto as Exhibit H, in which I informed Smith that no motion to quash had been filed and notifying him that the time had passed for the filing of such a motion. A copy of the letter was also sent to Attorney Scott M. Kartsen.

Further affiant sayeth not.

Dated at Hamden, Connecticut, June 1, 2004.

Edwin L. Doernberger, Esq.


Subscribed and sworn to before me this 1st day of June, 2004

Commissioner of the Superior Court

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

EASTERN ———————— DISTRICT OF ___CALIFORNIA___

Vincent Nastro

V.

Arthur M. D'Onofrio

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: ' District of Connecticut
3:02-CV-00857 (DJS)

TO: Jay-Allen Eisen
980 Ninth Street, Suite 1900
Sacramento, CA 95814

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A attached

| PLACE Saxe Doernberger & Vita, P.C. 1952 Whitney Avenue Hamden, CT 06517 | DATE AND TIME May 3, 2004 9:00 A.M. |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| [signature] Attorney for Plaintiff | 4/19/04 |

SUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
leidi H. Zapp, Esq., Saxe Doernberger & Vita, P.C., 1952 Whitney Ave., Hamden, CT 06517
203) 287-8890

EXHIBIT
A

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

If action is pending in dist...

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 4-20-04<br>2:30 Pm | 980 9th Street, Suite 1900, Sacramento, CA |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Jay-Allen Eisen | Personal Service |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Linda Dyer | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___April 20, 2004___
DATE

_____
SIGNATURE OF SERVER

648 N. Oro
ADDRESS OF SERVER

Stockton, CA  95215

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

1. Any and all retainer agreements with Arthur M. D'Onofrio.

2. Any and all records of the payment of legal bills, including the name of the payor, relating to the retainer with Arthur M. D'Onofrio.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

EASTERN ——————— **DISTRICT OF** ———— CALIFORNIA

Vincent Nastro

**V.**

Arthur M. D'Onofrio

### SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1]    District of Connecticut
3:02–CV–00857 (DJS)

TO: Douglas L. Smith
7803 Madison Avenue, Suite 710
Citrus Heights, CA 95610

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A attached

| PLACE | DATE AND TIME |
|---|---|
| Saxe Doernberger & Vita, P.C. 1952 Whitney Ave., Hamden, CT 06517 | May 3, 2004 9:00 A.M. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]    Attorney for Plaintiff | 4/19/04 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Heidi H. Zapp, Esq., Saxe Doernberger & Vita, P.C., 1952 Whitney Avenue,
Hamden, CT 06517  (203) 287-8890

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

**EXHIBIT**

B

tabbies®

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 4-20-04 | 7803 Madison Ave., Ste. 710, Citrus Heights, CA |
| | 3:23 pm | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Karen Sandoval on behalf of Douglas L. Smith | Personal Service |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Linda Dyer | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    April 20, 2004
                    DATE

_____
SIGNATURE OF SERVER

648 N. Oro
ADDRESS OF SERVER

Stockton, CA  95215

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D:**

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

1. Any and all retainer agreements with Arthur M. D'Onofrio.

2. Any and all records of the payment of legal bills, including the name of the payor, relating to the retainer with Arthur M. D'Onofrio.



# SAXE DOERNBERGER & VITA, P.C.

ATTORNEYS AND COUNSELLORS AT LAW

Tina L. Sherman

1952 WHITNEY AVENUE
HAMDEN, CT 06517
TELEPHONE (203) 287-8890
FACSIMILE   (203) 287-8847
*www.sdvlaw.com*

tls@sdvlaw.com

| Send To | From |
|---|---|
| Scott M. Karsten, Esq. | Heidi H. Zapp |
| **Attention** | **Date** |
|  | 4/21/04 |
| **Facsimile Number** | **Telephone Number** |
| 860-232-8736 | |

Total pages, including cover:  7

Re:    *Vincent Nastro v. Arthur M. D'Onofrio*
       *No. 3:02CV00857(DJS)*

Following please find courtesy copies of subpoenas being served on Jay- Allen Eisen and Douglas Smith.

If you have any questions, please feel free to contact us.

IF THERE ARE ANY PROBLEMS REGARDING THIS TELECOPY, OR IF YOU WISH TO SPEAK WITH THE TELECOPY OPERATOR, PLEASE CALL (203) 287-8890.  THANK YOU.

The Information contained in this facsimile message is privileged and confidential information intended only for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that the dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service.

**EXHIBIT**

C

tabbies

## Issued by the
# UNITED STATES DISTRICT COURT

EASTERN —————— **DISTRICT OF** —— CALIFORNIA

Vincent Nastro

**V.**

Arthur M. D'Onofrio

# SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1]  District of Connecticut
3:02-CV-00857 (DJS)

TO:  Jay-Allen Eisen
980 Ninth Street, Suite 1900
Sacramento, CA 95814

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See <u>Schedule A</u> attached

| PLACE<br>Saxe Doernberger & Vita, P.C.<br>1952 Whitney Avenue<br>Hamden, CT 06517 | DATE AND TIME May 3, 2004<br>9:00 A.M. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Heidi C. Zapp_  Attorney for Plaintiff | 4/19/04 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Heidi H. Zapp, Esq., Saxe Doernberger & Vita, P.C., 1952 Whitney Ave., Hamden, CT 06517
(203) 287-8890

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

If action is pending in district other than district of issuance, state district under case number

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| **SERVED** | | | |

SERVED ON (PRINT NAME)                                          MANNER OF SERVICE

SERVED BY (PRINT NAME)                                          TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

                                                    SIGNATURE OF SERVER

                                                    ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

1.   Any and all retainer agreements with Arthur M. D'Onofrio.

2.   Any and all records of the payment of legal bills, including the name of the payor, relating to the retainer with Arthur M. D'Onofrio.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

EASTERN ———————— **DISTRICT OF** ———— CALIFORNIA

Vincent Nastro

**V.**

Arthur M. D'Onofrio

# SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1] District of Connecticut
3:02-CV-00857 (DJS)

TO: Douglas L. Smith
7803 Madison Avenue, Suite 710
Citrus Heights, CA 95610

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See _Schedule A_ attached

| PLACE | DATE AND TIME |
|---|---|
| Saxe Doernberger & Vita, P.C. 1952 Whitney Ave., Hamden, CT 06517 | May 3, 2004 9:00 A.M. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]                        Attorney for Plaintiff | 4/19/04 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Heidi H. Zapp, Esq., Saxe Doernberger & Vita, P.C., 1952 Whitney Avenue, Hamden, CT 06517   (203) 287-8890

[1] (See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)
If action is pending in district other than district of issuance, state district under case number

## PROOF OF SERVICE

| | DATE | | PLACE | |
|---|---|---|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
|---|---|---|

| SERVED BY (PRINT NAME) | | TITLE |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                        DATE                                        SIGNATURE OF SERVER

                                                              _____
                                                                     ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

1. Any and all retainer agreements with Arthur M. D'Onofrio.

2. Any and all records of the payment of legal bills, including the name of the payor, relating to the retainer with Arthur M. D'Onofrio.

```
************************************************************************
*                    ┌─────────────────────────┐                 P. 01 *
*                    │   TRANSACTION REPORT     │                       *
*                    └─────────────────────────┘    APR-21-2004 WED 11:16 AM *
*     FOR:  SAXE DOERNBERGER & VITA     2032878847                      *
*  ────────────────────────────────────────────────────────────────   *
*   DATE  START   RECEIVER        TX TIME  PAGES TYPE      NOTE      M#  DP *
*  ────────────────────────────────────────────────────────────────   *
*   APR-21 11:14 AM 18602328736     2'06"    7  SEND       OK         097 *
*  ────────────────────────────────────────────────────────────────   *
*                              TOTAL :    2M 6S  PAGES:   7            *
************************************************************************
```



# SAXE DOERNBERGER & VITA, P.C.

ATTORNEYS AND COUNSELLORS AT LAW

1952 WHITNEY AVENUE
HAMDEN, CT 06517
TELEPHONE (203) 287-8890
FACSIMILE  (203) 287-8847
www.sdvlaw.com

Tina L. Sherman

tls@sdvlaw.com

| Send To | From |
|---|---|
| Scott M. Karsten, Esq. | Heidi H. Zapp |
| **Attention** | **Date** |
| | 4/21/04 |
| **Facsimile Number** | **Telephone Number** |
| 860-232-8736 | |

Total pages, including cover: 7

**Re:**   *Vincent Nastro v. Arthur M. D'Onofrio*
*No. 3:02CV00857(DJS)*

Following please find courtesy copies of subpoenas being served on Jay- Allen Eisen and Douglas Smith.

If you have any questions, please feel free to contact us.