# The Law Offices of
# Douglas L. Smith

7803 Madison Avenue, Suite 710  
Citrus Heights, CA 95610

Phone (916) 966-5973  
Fax (916) 966-9607

April 26, 2004

<u>Via Facsimile - 203/287-8847</u>

Edwin L. Doernberger, Esq.  
SAXE, DOERNBERGER & VITA  
1952 Whitney Avenue  
Hamden, CT 06517

    RE:    <u>**Nastro v. D'Onofrio, et al.**</u>

Dear Mr. Doernberger:

I was personally served with what is purported to be a "Subpena in a Civil Case Issued by the United States District for the Eastern District of California" in your case entitled <u>Vincent Nastro v. Arthur M. D'Onofrio</u>, District of Connecticut, Case No.: 3:02-CV-00857 (DJS). I note that this subpena requires production of documents on May 3, 2004, a mere seven days away, in your offices in Hamden, Connecticut.

I write this letter for several reasons. First of all, I do not believe seven days is a reasonable time period requiring me to accumulate and produce documents in Connecticut. Secondly, I believe requiring me to produce documents in Connecticut, when I am a resident and do business in California, is burdensome, harassing and oppressive. Thirdly, I believe Federal Rules of Civil Procedure Rule 45, allows me 14 days within which to object to your subpena. Since the production is a mere seven days, my time for objection is severely limited.

Please allow this letter to serve as my objections for the reasons stated above, as well as the following reasons. As you were previously informed, I will be out of the office on vacation with my family from Friday, April 30, 2004, through Monday, May 10, 2004. Accordingly, it will be virtually impossible for me to be in Connecticut on May 3, 2004, to produce the documents requested.

Additionally, the document which was hand-delivered to me on today's date, consists of two pages only. The first page appears to be a form entitled "A0 88 (Rev. 1/94) Subpoena in a Civil Case." The bottom of this first page contains the following words "See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse." There is no reverse side to the first page of the "Subpena in a Civil Case" which was served on my office. Therefore, I believe it is defective in form as well as substance.

EXHIBIT E

APR 30 2004

Next, I would be remiss if I did not state that your requests contained in Schedule A, are overbroad, vague, ambiguous and somewhat confusing. Additionally, I must raise Arthur D'Onofrio's attorney/client privilege which would be encompassed within many of the documents you request. Since I was retained in California by Mr. D'Onofrio to represent him in litigation in California, Mr. D'Onofrio's attorney/client privilege is that privilege afforded under California law. I would not want to be accused of waiving that privilege and accordingly, I must assert that privilege to any and all communications between my office and Mr. D'Onofrio, as well as any documents which would include the legal research or other work product or conversations I performed on behalf of Mr. D'Onofrio. Having said that, and to the best of my ability, I will produce any and all documents in my possession, custody or control, which are not privileged and are responsive to your subpena.

I believe Mr. D'Onofrio also has privacy rights guaranteed by the California and United States Constitution with respect to our contractual agreement, as well as any communications between us with respect to the handling of this San Joaquin County action.

I must also add that I believe your request for my attorney client fee contract for a San Joaquin County matter, in which you are co-counsel for Mr. Nastro, is unseemly, harassing and appears to me to be designed to interfere with the attorney/client relationship I have with Mr. D'Onofrio, and his ability to freely communicate with me regarding his defense. I believe you know this and your subpena was designed to interfere with that attorney/client relationship in an attempt to hinder Mr. D'Onofrio's defense in the San Joaquin County action.

I do not believe any of the documents or information you request is relevant or likely to lead to the discovery of admissible evidence in the San Joaquin County action. Further, to the extent I am still in the possession, custody or control of any information responsive to your request, I am not waiving any right to object to any of your attempts to question Mr. D'Onofrio or introduce this information into evidence in the San Joaquin County action. Please advise whether you will voluntarily withdraw your subpena in light of the procedural and substantive irregularities and objections I have raised in this letter.

Mr. Doernberger, since you obviously have my address to have me personally served with this subpena, I do not understand why you have not sent me copies of the numerous third party subpenas which you have apparently issued in our California case, of which I am attorney of record. Even if there is some procedural loophole excusing you from giving me notice, common fairness suggests otherwise.

Very truly yours,

Douglas L. Smith

DLS/kls



## SAXE DOERNBERGER & VITA, P.C.

ATTORNEYS AND COUNSELLORS AT LAW

1952 WHITNEY AVENUE
HAMDEN, CT 06517
TELEPHONE (203) 287-8890
FACSIMILE (203) 287-8847
www.sdvlaw.com

Edwin L. Doernberger

eld@sdvlaw.com

April 28, 2004

**VIA FACSIMILE (916-966-9607)
AND FEDERAL EXPRESS**

Douglas L. Smith, Esq.
7803 Madison Avenue, Suite 710
Citrus Heights, CA 95610

re: Nastro v. D'Onofrio
United State District Court, District of Connecticut
Civil Action No. 3:02-CV-00857 (DJS)

Dear Mr. Smith:

This letter is written in response to your letter of April 26, 2004 regarding the Subpoena served upon you with respect to the above matter.

With respect to the time specified in the Subpoena, I note that Rule 45 of the Federal Rules of Civil Procedure does not specify a 14 day period within which to object, but provides that an objection must be filed within 14 days after service "or before the time specified for compliance if such time is less than 14 days after service." More importantly, the requested scope of the subpoena is very narrow, calling only for the retainer agreement(s) with Arthur M. D'Onofrio, and records of payment such as to identify the person or entity making the payment. This should not take long to assemble, but, if the time for compliance is not sufficient, I am willing to agree to an extension to a reasonable date.

With respect to your note that it will be impossible to appear in Connecticut on May 3, 2004, please note that F.R.C.P. 45(c)(2)(A) provides that you do not need to appear in person. I further note that, if producing the documents to my office by mail poses any hardship, I will designate a location in California for production.

With respect to your notation that the document served consists of only two pages, I cannot comment since I have not yet received the return of service. I know that three pages (front and back of subpoena and Schedule A) were sent for service. For your information, I enclose a copy of all three pages.

**EXHIBIT F**

Douglas L. Smith, Esq.
April 28, 2004
Page Two

With respect to the scope of the documents listed on Schedule A, I do not believe that the requests are overbroad, vague, ambiguous or confusing. Simply put, we ask for retainer agreement(s) with Arthur M. D'Onofrio and documents indicating the person or entity paying the legal bills. We do not ask for any further communications or documents indicating either additional communications with Mr. D'Onofrio or your work product. With respect to the claim of attorney-client privilege, this privilege does not apply to retainer agreements or the identity of the party paying the fees. In re Grand Jury Subpoena, 781 F. 2d 238, 247 (2d Civ. 1986), cert. denied, 475 U.S. 1108 (1989) ("We consistently have held that, absent special circumstances, client identity and fee information are not privileged."); see Vignelli v. United States, 992 F 2d 449 (2d Civ. 1998). If you have some contrary legal authority, please inform me.

I further note that if Mr. D'Onofrio wishes to assert his attorney-client privilege or privacy rights guaranteed by either the United States or California Constitutions, he may certainly file an appropriate motion in Court. Attorney Karsten, his counsel in Connecticut, was provided with a copy of the subpoena.

I must also note that the Subpoena was not served in connection with the matter pending in San Joaquin County, but was issued in the matter pending in United States District Court for the District of Connecticut. Therefore, I will not comment on you comments as to relevance in the California litigation since the subpoena was not issued in that case.

If there are any other matters not addressed in this letter, please let me know so that we can address them. My intent is not to burden or harass you, but to be provided with a few documents necessary to the further conduct of the Connecticut case. As indicated above, I am willing to discuss any reasonable methods to address your concerns.

Please let me know if the documents will be provided in order that, if not, I may proceed with any required motion to compel pursuant to F.R.C.P. 45(c)(2)(B).

With respect to the subpoenas issued pursuant to the commission issued in the California State Court action, I had directed that these subpoenas be sent to both you and Attorney Karsten. If you did not get them, I apologize as I did intend that you receive them. I enclose an additional copy of the subpoenas with the original of this letter.

Douglas L. Smith, Esq.
April 28, 2004
Page Three

I await your response.

                                            Very truly yours,

                                            Edwin L. Doernberger

cc:    S. Karsten, Esq. (via facsimile)
       T. O'Dea (via facsimile)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
## UNITED STATES DISTRICT COURT

EASTERN ———————— DISTRICT OF ———— CALIFORNIA

Vincent Nastro

V.

Arthur M. D'Onofrio

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: District of Connecticut
3:02-CV-00857 (DJS)

TO: Douglas L. Smith
7803 Madison Avenue, Suite 710
Citrus Heights, CA 95610

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A attached

| PLACE | DATE AND TIME |
| --- | --- |
| Saxe Doernberger & Vita, P.C. | May 3, 2004 |
| 1952 Whitney Ave., Hamden, CT 06517 | 9:00 A.M. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| [signature]  Attorney for Plaintiff | 4/19/04 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jodi H. Zapp, Esq., Saxe Doernberger & Vita, P.C., 1952 Whitney Avenue, Hamden, CT 06517  (203) 287-8890

## PROOF OF SERVICE

|  | DATE | PLACE |
| --- | --- | --- |
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| --- | --- |

| SERVED BY (PRINT NAME) | TITLE |
| --- | --- |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                      DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

1. Any and all retainer agreements with Arthur M. D'Onofrio.

2. Any and all records of the payment of legal bills, including the name of the payor, relating to the retainer with Arthur M. D'Onofrio.

```
                        TRANSACTION REPORT                      P. 01
                        _____
                                              APR-28-2004 WED 02:10 PM

     FOR:  SAXE DOERNBERGER & VITA    2032878847

     BROADCAST

 DATE  START    RECEIVER         TX TIME   PAGES TYPE    NOTE         M#   DP

 APR-28 02:05 PM 19169669607      1' 04"     7   SEND     OK          163
        02:06 PM 18602328736      2' 00"     7   SEND     OK          163
        02:09 PM 12032276992      1' 41"     7   SEND     OK          163

                                 TOTAL :    4M 45S    PAGES: 21
```



# SAXE DOERNBERGER & VITA, P.C.

ATTORNEYS AND COUNSELLORS AT LAW

1952 WHITNEY AVENUE
HAMDEN, CT 06517
TELEPHONE (203) 287-8890
FACSIMILE   (203) 287-8847
www.sdvlaw.com

Edwin L. Doernberger

cld@sdvlaw.com

| Send To | From |
| --- | --- |
| Law Office of Douglas L. Smith<br>Sack, Spector and Karsten, LLP<br>Halloran & Sage, LLP | Edwin L. Doernberger |
| **Attention**<br>Douglas L. Smith<br>Scott Karsten<br>Thomas P. O'Dea | **Date**<br>April 28, 2004 |
| **Facsimile Number**<br>916-966-9607<br>860-232-8736<br>203-227-6992 | **Telephone Number** |

☐ Urgent   ☐ Reply Asap   ☐ Please Comment   ☐ Please Review   For Your

# The Law Offices of
# Douglas L. Smith

7803 Madison Avenue, Suite 710
Citrus Heights, CA 95610

Phone (916) 966-5973
Fax (916) 966-9607

May 10, 2004

<u>Via Facsimile - 203/287-8847</u>

Edwin L. Doernberger, Esq.
SAXE, DOERNBERGER & VITA
1952 Whitney Avenue
Hamden, CT 06517

RE: <u>Nastro v. D'Onofrio, et al</u>.

Dear Mr. Doernberger:

With respect to your firm's subpena for my attorney/client retainer agreement with Arthur D'Onofrio and other evidence of payment of that retainer, it is my understanding from speaking to Scott Karsten, that a Motion to Quash that subpena and others has been filed in the United States District Court. It is my understanding, that since the Motion to Quash was filed, I am not required to produce any documents pursuant to that subpena until the merits of the Motion to Quash are decided upon.

Accordingly, as I previously advised you, I have some serious reservations about disclosing information which I believe is subject to the attorney/client privilege and privacy protections under the United States and California Constitutions. Nonetheless, I do not want to violate any court orders and I will await a ruling from the United States District Court on the Motion to Quash before producing any documents. If this arrangement is not acceptable to you, or you believe I have misinterpreted or misapplied the relevant statutory or case law, I would be happy to comply with your subpena.

I look forward to hearing from you.

Very truly yours,

*(signature)*

Douglas L. Smith

DLS/kls
cc: Scott Karsten, Esq.

EXHIBIT G



# SAXE DOERNBERGER & VITA, P.C.

ATTORNEYS AND COUNSELLORS AT LAW

1952 WHITNEY AVENUE
HAMDEN, CT 06517
TELEPHONE (203) 287-8890
FACSIMILE  (203) 287-8847
www.sdvlaw.com

Edwin L. Doernberger

eld@sdvlaw.com

May 12, 2004

**VIA FACSIMILE (916-966-9607)
AND FIRST CLASS MAIL**

Douglas L. Smith, Esq.
7803 Madison Avenue, Suite 710
Citrus Heights, CA 95610

    re:    Nastro v. D'Onofrio
            United State District Court, District of Connecticut
            Civil Action No. 3:02-CV-00857 (DJS)

Dear Mr. Smith:

I am writing in response to your letter dated May 10, 2004 and sent via facsimile on May 11, 2004. Please be advised that I have received no motion to quash, for protective order or any other motion which prevent compliance with the subpoena. If Attorney Karsten has filed such a motion, it was not served on me nor has it appeared in the electronic notification regarding the case. The time for filing such a motion has now passed.

As I informed you in my April 28, 2004 letter, the information sought such as engagement and payment is not privileged, and if there are any remaining concerns, I am available to discuss those with you.

Please let me know when the documents will be furnished.

                              Very truly yours,

                              Edwin L. Doernberger

cc:    S. Karsten, Esq. (via facsimile)
        T. O'Dea (via facsimile)

**EXHIBIT H**

# SAXE DOERNBERGER & VITA, P.C.

ATTORNEYS AND COUNSELLORS AT LAW

Edwin L. Doernberger

1952 WHITNEY AVENUE
HAMDEN, CT 06517
TELEPHONE (203) 287-8890
FACSIMILE (203) 287-8847

eld@sdvlaw.com

| Send To<br>Douglas L. Smith, Esq.<br>Sack, Spector and Karsten, LLP<br>Halloran & Sage LLP | From<br>Edwin L. Doernberger |
|---|---|
| Attention<br>Scott M. Karsten, Esq.<br>Thomas P. O'Dea, Jr, Esq. | Date<br>May 12, 2004 |
| Facsimile Number<br>916-966-9607<br>860-232-8736<br>203-227-6992 | Telephone Number<br>860-223-8251<br>203-227-2855 |

☐ Urgent Information   ☐ Reply Asap   ☐ Please Comment   ☐ Please Review   For Your

Total number of pages including cover: 2

Re:   Vincent Nastro v. Arthur M. D'Onofrio
       No. 3:02CV00857(DJS)

IF THERE ARE ANY PROBLEMS REGARDING THIS TELECOPY, OR IF YOU WISH TO SPEAK WITH THE TELECOPY OPERATOR, PLEASE CALL (203) 287-8890. THANK YOU.

The information contained in this facsimile message is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that the dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service.

```
*********************************************************************************
*                          TRANSACTION REPORT                              P. 01 *
*                                                       MAY-12-2004 WED 08:44 AM *
*   FOR:  SAXE DOERNBERGER & VITA       2032878847                               *
*   BROADCAST                                                                    *
*  DATE  START     RECEIVER          TX TIME   PAGES TYPE      NOTE      M#  DP  *
*  MAY-12 08:41 AM 19169669607         22"       2   SEND       OK                *
*         08:42 AM 18602328736         41"       2   SEND       OK       255     *
*         08:43 AM 12032276992         36"       2   SEND       OK       255     *
*                                                                        255     *
*                                      TOTAL :       1M 39S   PAGES:  6          *
*********************************************************************************
```

# SAXE DOERNBERGER & VITA, P.C.

ATTORNEYS AND COUNSELLORS AT LAW

Edwin L. Doernberger

1952 WHITNEY AVENUE
HAMDEN, CT 06517
TELEPHONE (203) 287-8890
FACSIMILE (203) 287-8847

eld@sdvlaw.com

| Send To | From |
|---|---|
| Douglas L. Smith, Esq.<br>Sack, Spector and Karsten, LLP<br>Halloran & Sage LLP | Edwin L. Doernberger |
| **Attention**<br>Scott M. Karsten, Esq.<br>Thomas P. O'Dea, Jr, Esq. | **Date**<br>May 12, 2004 |
| **Facsimile Number**<br>916-966-9607<br>860-232-8736<br>203-227-6992 | **Telephone Number**<br><br>860-223-8251<br>203-227-2855 |

☐ Urgent Information  ☐ Reply Asap  ☐ Please Comment  ☐ Please Review  ☐ For Your

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed via first class mail, postage pre-paid, to the following counsel of record on June 1, 2004:

Scott M. Karsten, Esq.
Nicole D. Dorman, Esq.
Sack, Spector and Karsten, LLP
836 Farmington Avenue
West Hartford, CT 06119

Thomas P. O'Dea, Jr., Esq.
James M. Sconzo, Esq.
Halloran & Sage LLP
315 Post Road West
Westport, CT 06880-4739

Edwin L. Doernberger