UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VINCENT NASTRO, | : | NO.: 3:02CV00857(DJS) |
|     Plaintiff, | | |
| vs. | | |
| ARTHUR M. D'ONOFRIO, CAROLYN D'ONOFRIO, ARTHUR A. D'ONOFRIO, PAUL D'ONOFRIO, NICOLE D'ONOFRIO, NEW ENGLAND PROPELLER SERVICE OF CT, INC., DIV-ACQ, INC., ADMW, LLC, THE CHANA TRUST, THE CONTINENTAL TRUST COMPANY LIMITED, KLEBAN & SAMOR, P.C., ELLIOT I. MILLER and U.S. PROPELLER SERVICE OF CT., INC., | : | JULY 6, 2004 |
|     Defendants. | | |

**OBJECTION TO MOTION FOR CONTEMPT
AND MOTION TO VACATE ORDERS OF INJUNCTION**

Defendants ARTHUR M. D'ONOFRIO and NEW ENGLAND PROPELLER SERVICE, INC. ("NEPS") hereby object to plaintiff's motion for an order of contempt, dated June 1, 2004. Notwithstanding plaintiff's contentions to the contrary, payments by NEPS to an attorney representing <u>both</u> D'Onofrio and NEPS do not violate either the letter on the intent of this Court's May 16, 2003 injunction.

Further, all of the D'Onofrio related defendants hereby move for the immediate dissolution of said orders of injunction, and

the vacating of said orders <u>ab initio</u>.  Under a recent decision of the Connecticut Supreme Court, the decisions of which are binding on this Court in this diversity action and on matters of provisional remedies, the orders of injunction are contrary to Connecticut law and must be voided.

A memorandum of law in support of this objection and motion is submitted herewith.

WHEREFORE, defendants request plaintiff's motion for contempt be denied and defendant's motion to vacate orders be granted.

```
                              DEFENDANTS, ARTHUR M.
                              D'ONOFRIO, CAROLYN D'ONOFRIO,
                              ARTHUR A. D'ONOFRIO, PAUL
                              D'ONOFRIO, NICOLE D'ONOFRIO,
                              NEW ENGLAND PROPELLER SERVICE
                              OF CT, INC., DIV-ACQ, INC.,
                              ADMW, LLC and U.S. PROPELLER
                              SERVICE OF CT., INC.


                         BY_____
                              Nicole D. Dorman
                              Federal Bar Number:  ct07030
                              Sack, Spector & Karsten
                              836 Farmington Avenue
                              West Hartford, CT 06119
                              Their Attorney
                              Phone No.: (860)233-8251
                              E-mail: ndorman@sackspec.com
```

**CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 6th day of July, 2004, to the following counsel of record:

Edwin L. Doernberger, Esquire
Bradford J. Sullivan, Esquire
Saxe Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517

Thomas O'Dea, Esquire
Halloran & Sage LLP
315 Post Road West
Westport, CT 06880

_____
Nicole D. Dorman

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF CONNECTICUT

VINCENT NASTRO,                       :  NO.:  3:02CV00857(DJS)
     Plaintiff,

vs.

ARTHUR M. D'ONOFRIO, CAROLYN
D'ONOFRIO, ARTHUR A. D'ONOFRIO,
PAUL D'ONOFRIO, NICOLE D'ONOFRIO,
NEW ENGLAND PROPELLER SERVICE OF
CT, INC., DIV-ACQ, INC., ADMW, LLC,
THE CHANA TRUST, THE CONTINENTAL
TRUST COMPANY LIMITED, KLEBAN &
SAMOR, P.C., ELLIOT I. MILLER and
U.S. PROPELLER SERVICE OF CT., INC.,  :  JULY 6, 2004
     Defendants.
```

**MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANTS' OBJECTION
AND MOTION TO VACATE**

**PRELIMINARY STATEMENT**

On May 16, 2003, on the application of plaintiff Vincent Nastro ("Nastro") for a preliminary injunction, and without a hearing, the Court issued an order relating to the transfer of funds by NEPS, inter alios, to or for the benefit of Arthur M. D'Onofrio, his family or any other person or legal entity without permission from the Court. At the time the order was entered, as the Court and plaintiff's counsel were aware, NEPS

was a going business concern, of which defendant, D'Onofrio, was an officer and director; both of those circumstances continue today.

The Court's order was entirely premised upon the allegation by plaintiff that a civil action in the California Superior Court ("the California Action") had resulted in a substantial judgment in favor of defendant Nastro against defendant D'Onofrio. At the time the initial complaint in this action was filed, that California judgment was on appeal. See, Complaint (May 17, 2002), pp. 17-20; Mem. Dec. (May 16, 2003), p. 27. Presently, as a result of the appeal, the California Action has been remanded to the Superior Court in that state and is awaiting a retrial on the issue of punitive damages. See, Amended Complaint, April 26, 2004, p. 18. This Court's injunctive order was expressly intended to "preserve the status quo between parties pending a final determination of the merits." Mem. Dec., p. 26 (citation omitted).

On March 23, 2004, the Connecticut Supreme Court issued its decision in Cahaly v Benistar Property Exchange Trust Co., Inc., 268 Conn. 264. In that case, the court expressly held that

- 2 -

Connecticut's prejudgment remedy statutes do not permit a plaintiff in this state to secure a provisional remedy against a defendant based upon a foreign judgment, until that judgment is final and "is immediately enforceable against a defendant". Id., at 275.  Although the preliminary injunction issued in this case is not denominated a "prejudgment remedy" in terms, there can be no real dispute that, in force and effect, the Court's order comes within the purview of the Cahaly decision.

As discussed below, neither D'Onofrio nor NEPS has violated the Court's order of injunction, because NEPS' longstanding payment of legal fees in a case involving D'Onofrio is for the benefit of NEPS, and is in satisfaction of its corporate obligation to indemnify D'Onofrio.  At no time has any party to this action, nor has the Court itself, interpreted the injunction orders as intended to freeze all financial activity of NEPS; yet this is the interpretation now urged by plaintiff. Furthermore, in light of Cahaly, the lack of support under binding Connecticut law for the injunctive orders is apparent, and they must now be recognized to be of no lawful force or effect.

**ARGUMENT**

I.  **THERE HAS BEEN NO VIOLATION OF THE COURT'S ORDER EITHER IN LETTER OR IN SPIRIT.**

As plaintiff acknowledges, the documents produced by Attorney Eisen reflect that the retainer agreement between Eisen and D'Onofrio also lists NEPS as a party to that retainer agreement.  Plaintiff's Mem., p. 3.  As those documents also reflect, NEPS had been paying Eisen's legal billing in connection with the California Action well before this Court's May 16, 2003 orders were issued.  Id., p. 2.

This arrangement was in furtherance of the assumption by NEPS of the corporate obligation to indemnify D'Onofrio for expenses incurred by him in the California Action.  See generally, C.G.S. §§33-770 et seq. regarding the authority and obligation of corporations to indemnify directors, officers, employees and agents.  By definition, under Connecticut law, "expenses" include counsel fees, C.G.S. §33-770(4).  As the appended affidavit of Lawrence Walsh reflects, this obligation was undertaken by NEPS literally years before this federal action was commenced.  Accordingly, although D'Onofrio

undoubtedly derives some "benefit" from the arrangement, NEPS is in fact merely paying legal bills it is duly obligated to pay. Nothing in the Court's order prohibits such an activity.

Moreover, at no time was it ever suggested by the Court or counsel for plaintiff that the May 16, 2003 order was intended to or had the effect of freezing NEPS' ability to make any all payments to "any legal entity", although that is now apparently plaintiff's construction of the order.  As a going business concern, NEPS has paid and continues to pay vendors, suppliers, employees and others in connection with its business.  Although plaintiff and his counsel have been well aware of this fact since long before the orders were issued, they only now advance this tortured interpretation.  That circumstance makes clear their real motivation:  to cripple the ability of D'Onofrio and NEPS to defend themselves in this and in the California Action.

Finally, plaintiff's counsel states in his affidavit that he has "reviewed" the Eisen invoices and formed the "opinion" that they demonstrate that the legal services provided were for the benefit of D'Onofrio and not NEPS.  Affidavit of Doernberger, p. 6.  This sweeping and conclusory assertion is

completely devoid of evidentiary value. Defendants submit that the invoices themselves cannot be interpreted by plaintiff's counsel, given the absence of any demonstration of familiarity and any demonstration of foundation or personal knowledge by him. Perhaps if counsel for plaintiff wishes to disqualify himself from his representation of plaintiff, he can provide service as an expert witness. To date, however, that disqualification has not been offered or required.

In short, there is <u>no</u> evidence – let alone the necessary clear and convincing evidence – to warrant a finding of civil contempt in this instance. <u>Walpole Woodworkers, Inc. v Atlas Fencing, Inc.</u>, 218 F. Supp. 2d. 247, 254 (D. Conn. 2002).

**II.  THE COURT'S ORDERS HAVE BEEN RENDERED VOID BY THE CONNECTICUT SUPREME COURT AND MUST BE VACATED.**

On March 23, 2004, the Connecticut Supreme Court issued its ruling in <u>Cahaly</u>. In that decision, the court unequivocally stated as follows:

> [w]ithout first having obtained a final judgment in a foreign jurisdiction that is immediately enforceable against a defendant, a plaintiff cannot bring an action in Connecticut to enforce that judgment. Since a

>       plaintiff cannot bring an action to enforce a
>       foreign judgment until that foreign judgment
>       is obtained, a plaintiff likewise cannot base
>       an application for a prejudgment remedy on an
>       action to enforce a foreign judgment until
>       that foreign judgment is obtained.

Id., at 275.

Accordingly, the Court vacated the prejudgment remedy obtained by plaintiff Cahaly.

It will be argued by plaintiff that the injunction entered by the Court in this case is not a "prejudgment remedy", as was involved in Cahaly.  That Court did rely on the statutory definition of a PJR in reaching its conclusion:  "any remedy or combination of remedies that enables a person…to deprive the defendant in a civil action of, or affect the use, possession or enjoyment by such defendant of, his property prior to final judgment…." Cahaly, at 271 n. 6.  Beyond serious argument, the injunction entered in this case falls precisely within the contours of that definition, whatever it may be called.

Plaintiff will also argue that the statutory definition of PJR expressly excludes a temporary restraining order from the definition of "prejudgment remedy", which is true, and that such

an order is the equivalent of that entered in this case.  This argument, however, misses the point of Cahaly:  a Connecticut court may not base a provisional remedy, of any nature, on a mere potential future foreign judgment, which has not yet been obtained.  Id., at 227.  That potential future judgment cannot provide the basis for a finding of probable cause, as required for any provisional remedy including an injunction.

It may be that plaintiff can demonstrate, after a hearing, that he has probable cause to obtain such a remedy.  However, to this point he has not done so.  Accordingly, the injunction issued by this Court is contrary to binding Connecticut law and is void.  The orders must therefore be immediately vacated.

## CONCLUSION

For all the foregoing reasons, defendant urge that plaintiff's motion for contempt be denied and the orders of injunction be vacated.

        DEFENDANTS, ARTHUR M.
D'ONOFRIO, CAROLYN D'ONOFRIO,
ARTHUR A. D'ONOFRIO, PAUL
D'ONOFRIO, NICOLE D'ONOFRIO,
NEW ENGLAND PROPELLER SERVICE
OF CT, INC., DIV-ACQ, INC.,
ADMW, LLC and U.S. PROPELLER
SERVICE OF CT., INC.

BY_____
Nicole D. Dorman
Federal Bar Number:  ct07030
Sack, Spector & Karsten
836 Farmington Avenue
West Hartford, CT 06119
Their Attorney
Phone No.: (860)233-8251
E-mail: ndorman@sackspec.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 6th day of July, 2004, to the following counsel of record:

Edwin L. Doernberger, Esquire
Bradford J. Sullivan, Esquire
Saxe Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517

Thomas O'Dea, Esquire
Halloran & Sage LLP
315 Post Road West
Westport, CT 06880

_____
Nicole D. Dorman