**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| VINCENT NASTRO, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | |
| v. | : | 3:02CV00857(DJS) |
| | : | |
| | : | |
| ARTHUR M. D'ONOFRIO, et. al. | : | |
| | : | |
| Defendants. | : | July 19, 2004 |

## REPLY TO DEFENDANTS' OBJECTION TO MOTION FOR CONTEMPT

Plaintiff Vincent Nastro ("Nastro") submits this reply memorandum to Defendants' Objection to Motion for Contempt dated July 6, 2004 filed on behalf of Arthur M. D'Onofrio (:D'Onofrio") and New England Propeller Service, Inc. ("NEPS").[1] Since neither D'Onofrio nor NEPS have set forth any grounds why the payments to Jay-Allen Eisen ("Eisen") are not in violation of this Court's Order for Preliminary Injunction, it is respectfully requested that an order of contempt issue against these defendants as requested in the motion.

## I.    ARGUMENT

On May 16, 2003, this Court issued a preliminary injunction enjoining the transfer of any funds by, among others, NEPS to or on behalf on behalf of D'Onofrio.  As set forth in the Motion for Contempt, and as admitted by these

---

[1] Defendants Arthur M. D'Onofrio and New England Propeller Service, Inc. filed a document entitled "Objection to Motion for Contempt and Motion to Vacate Orders of Injunction." This memorandum is in reply only to these defendants' opposition to the motion for contempt; a memorandum in opposition to the "Motion to Vacate Orders of Injunction" will be filed in the future.

defendants, D'Onofrio and NEPS have, after the date of the preliminary injunction, transferred funds from NEPS to California Attorney Eisen on behalf of and for the benefit of D'Onofrio. NEPS and D'Onofrio argue that: (1) such activity is not in violation of the preliminary injunction since the payments are on behalf of NEPS and D'Onofrio is merely being indemnified as permitted under Connecticut law, and (2) restricting NEPS' ability to make these payments would "freeze all financial activity on of NEPS." (Objection at 3). Each of these "excuses" is in error and not supported by the facts or law.

NEPS and D'Onofrio argue that the payments to Eisen were permitted since NEPS was making the payments on behalf of a director of its corporation pursuant to its bylaws and Conn. Gen. Stat. §33-770, et seq. However, NEPS and D'Onofrio fail to demonstrate how the payments made by NEPS in violation of the preliminary injunction were made on behalf of D'Onofrio in his capacity as an officer/director of NEPS. NEPS has made these payments to Eisen for D'Onofrio's representation in the California Litigation where D'Onofrio was the only defendant. (See Affidavit of Kathleen M. Abdallah[2] and Affidavit of Vincent Nastro attached hereto) Instead of pointing out to the Court in what manner the activities undertaken by Eisen were in furtherance of NEPS corporate affairs, D'Onofrio, NEPS and their counsel attack the integrity of the undersigned regarding his interpretation of Eisen's invoices (Objection at 6). The reason for such attack is clear: all services rendered by Eisen were on behalf of D'Onofrio individually and not on his behalf as an officer or director of NEPS. The California

---

[2] Attached hereto is a copy of this affidavit; the original will be filed when received.

Litigation for which NEPS has been paying D'Onofrio's attorney is completely unrelated to NEPS business and in violation of the Court's preliminary injunction.

Defendants also attempt to couch the payment of D'Onofrio's personal legal bills as part of NEPS' cost of doing business; this again is a fallacy. The Court's preliminary injunction does not in any way constrict NEPS in its ability to pay vendors, suppliers, employees and others in connection with its business;[3] it does, however, restrain NEPS from making payments to or on behalf of Arthur D'Onofrio, any member of Arthur D'Onofrio's family, the Chana Trust and the Continental Trust Company without express permission from this Court. At no point, has NEPS come before this Court and requested permission to make personal payments on behalf of D'Onofrio to Attorney Eisen for purposes of the California Litigation unrelated to NEPS business.

## II.    CONCLUSION

The relief requested by Nastro seeks: (1) to remedy the past violation of the Order for preliminary injunction by requiring NEPS and D'Onofrio to recover the amounts paid in violation of the Order and deposit the funds with the Clerk of Court, and (2) to prevent future violations of the Order for preliminary injunction by appointing a receiver for NEPS, with such receiver to be compensated by

---

[3] These defendants point out correctly that Nastro expected that NEPS' suppliers, vendors and employees would be paid (Objection at 5); however, until the production of the Eisen invoices, it was not known that NEPS was paying D'Onofrio's legal bills in violation of the preliminary injunction.

NEPS.[4] Both items of relief are justified in this case because of D'Onofrio's

contemptuous conduct of the Order for preliminary injunction.

THE PLAINTIFF
VINCENT NASTRO

BY: _____

Edwin L. Doernberger
Fed. Bar No. ct05199
Heidi H. Zapp
Fed. Bar No. ct24655
Saxe, Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517
Tel. (203) 287-8890
Fax. (203) 287-8847

---

[4] Appointment of a receiver is also explicitly provided for as a remedy under the Connecticut
Uniform Fraudulent Transfer Act, Conn. Gen. Stat. §52-552h(a), subsection B.

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

VINCENT NASTRO,                          :
                                         :
                Plaintiff,               :    CIVIL ACTION NO.
                                         :
v.                                       :    3:02CV00857(DJS)
                                         :
                                         :
ARTHUR M. D'ONOFRIO, et. al.             :
                                         :
                Defendants.              :    July 9, 2004

### AFFIDAVIT OF KATHLEEN M. ABDALLAH

STATE OF CALIFORNIA          )
                             )    ss. STOCKTON
COUNTY OF SAN JOAQUIN        )

I, Kathleen M. Abdallah, being first duly sworn, on oath deposes and says:

     1.    I am over the age of eighteen and believe in the obligations of an oath.

     2.    I make this affidavit based upon my personal knowledge:

     3.    This affidavit is submitted in support of Vincent Nastro's ("Nastro") Reply Memorandum to Defendant Arthur M. D'Onofrio's ("D'Onofrio") Objection to Motion for Contempt and Motion to Vacate Orders of Injunction.

     4.    My firm and I are counsel to plaintiff Nastro in that certain civil action entitled <u>Vincent Nastro v. Arthur M. D'Onofrio</u>, Superior Court of California, County of San Joaquin, Stockton Branch, Case No. 293975 (the "California Litigation"). I make this affidavit based upon my personal knowledge as counsel for Nastro in the California Litigation.

5.    At no point was New England Propeller Services, Inc. ("New England Propeller") a party to the California litigation.

6.    I understood that Attorney Jay-Allen Eisen's participation in the California litigation was solely as representing D'Onofrio individually. At no point in the California litigation has Attorney Eisen indicated or purported to the court that he was representing both D'Onofrio and New England Propeller.


Further affiant sayeth not.

Dated at Stockton, California, July 16, 2004.


Kathleen M. Abdallah, Esq.


Subscribed and sworn to before me this 16th day of July, 2004


Commissioner of the Superior Court/
Notary Public
My Commission expires on 12/12/06


SUSAN H. TREGANZA
Commission # 1389688
Notary Public - California
San Joaquin County
My Comm. Expires Dec 12, 2006

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of _San Joaquin_ } ss.

On _July 16, 2004_ before me, _Susan H. Treganza_
Date                                          Name and Title of Officer (e.g., "Jane Doe, Notary Public")
personally appeared _Kathleen M. Abdallah_
                          Name(s) of Signer(s)

☑ personally known to me
☐ proved to me on the basis of satisfactory evidence

to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_Susan H. Treganza_
Signature of Notary Public

SUSAN H. TREGANZA
Commission # 1389688
Notary Public - California
San Joaquin County
My Comm. Expires Dec 12, 2006

─────────── OPTIONAL ───────────

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

### Description of Attached Document

Title or Type of Document: _____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

### Capacity(ies) Claimed by Signer

Signer's Name: _____

☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney-in-Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

Signer Is Representing: _____

© 1999 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.nationalnotary.org     Prod. No. 5907     Reorder: Call Toll-Free 1-800-876-6827

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VINCENT NASTRO,                          :
                                         :
              Plaintiff,                 :    CIVIL ACTION NO.
                                         :
v.                                       :    3:02CV00857(DJS)
                                         :
                                         :
ARTHUR M. D'ONOFRIO, et. al.             :
                                         :
              Defendants.                :    July 1 7, 2004

### AFFIDAVIT OF VINCENT NASTRO

STATE OF CALIFORNIA          )
                             )   ss. LIVERMORE
COUNTY OF SAN JOAQUIN        )

I, Vincent Nastro, being first duly sworn, on oath deposes and says:

        1.      I am over the age of eighteen and believe in the obligations of an

oath.

        2.      I make this affidavit based upon my personal knowledge:

        3.      This affidavit is submitted in support of the Reply Memorandum to

Defendant Arthur M. D'Onofrio's ("D'Onofrio") Objection to Motion for Contempt

and Motion to Vacate Orders of Injunction.

        3.      I am the plaintiff in that certain civil action entitled <u>Vincent Nastro v.

Arthur M. D'Onofrio</u>, Superior Court of California, County of San Joaquin,

Stockton Branch, Case No. 293975 (the "California Litigation"). I make this

affidavit based upon my personal knowledge as plaintiff in the California

Litigation.

4.    The California litigation was brought against D'Onofrio individually. At no point was New England Propeller Services, Inc. ("New England Propeller") ever a party to the California litigation.  At no point did I ever indicate that New England Propeller might be included as a party to the California litigation.

5.    In the California litigation, Jay-Allen Eisen has appeared for Arthur D'Onofrio only. At no point during the California litigation has Attorney Jay-Allen Eisen ever indicated or represented to the court that he was representing both D'Onofrio and New England Propeller.


Further affiant sayeth not.

Dated at Stockton, California, July 17, 2004.

_____
Vincent Nastro


Subscribed and sworn to before me this 17th day of July, 2004

_____
Notary Public
My Commission Expires On: 12-22-04

EDWARD J. WINZINGER
COMM. # 1285418
NOTARY PUBLIC – CALIFORNIA
SAN JOAQUIN COUNTY
My Comm. Expires DEC 22, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed via first class mail,

postage pre-paid, to the following counsel of record on July 19, 2004:

Scott M. Karsten, Esq.
Nicole D. Dorman, Esq.
Sack, Spector and Karsten, LLP
836 Farmington Avenue
West Hartford, CT 06119

Thomas P. O'Dea, Jr., Esq.
James M. Sconzo, Esq.
Halloran & Sage LLP
315 Post Road West
Westport, CT 06880-4739

Edwin L. Doernberger