UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VINCENT NASTRO,<br>    Plaintiff,<br><br>vs.<br><br>ARTHUR M. D'ONOFRIO, CAROLYN<br>D'ONOFRIO, ARTHUR A. D'ONOFRIO,<br>PAUL D'ONOFRIO, NICOLE D'ONOFRIO,<br>NEW ENGLAND PROPELLER SERVICE OF<br>CT, INC., DIV-ACQ, INC., ADMW, LLC,<br>THE CHANA TRUST, THE CONTINENTAL<br>TRUST COMPANY LIMITED, KLEBAN &<br>SAMOR, P.C., ELLIOT I. MILLER and<br>U.S. PROPELLER SERVICE OF CT., INC.,<br>    Defendants. | :   NO.: 3:02CV00857(DJS)<br><br><br><br><br><br><br><br><br><br>:   AUGUST 4, 2004 |

## **MOTION FOR RECONSIDERATION**

Defendants ARTHUR M. D'ONOFRIO, CAROLYN D'ONOFRIO, ARTHUR A. D'ONOFRIO, PAUL D'ONOFRIO, NICOLE D'ONOFRIO, NEW ENGLAND PROPELLER SERVICE OF CT, INC., DIV-ACQ, INC., ADMW, LLC and U.S. PROPELLER SERVICE OF CT., INC. ("movants") hereby move, pursuant to Local Rule of Civil Procedure 7(c), that this Court reconsider its Order dated July 22, 2004, denying defendants' motion to vacate injunctive orders.

As set forth in the accompanying memorandum, the rationale of the Court in its order is inconsistent with the

Connecticut Uniform Fraudulent Transfer Act, Conn. Gen. Stat. § 52-552a et seq., and controlling Connecticut case law.

WHEREFORE, defendants request that this Court reconsider its order and, upon reconsideration, grant defendants' motion to vacate its injunctive orders.

>                   DEFENDANTS, ARTHUR M.
>                   D'ONOFRIO, CAROLYN D'ONOFRIO,
>                   ARTHUR A. D'ONOFRIO, PAUL
>                   D'ONOFRIO, NICOLE D'ONOFRIO,
>                   NEW ENGLAND PROPELLER SERVICE
>                   OF CT, INC., DIV-ACQ, INC.,
>                   ADMW, LLC and U.S. PROPELLER
>                   SERVICE OF CT., INC.
>
>
>                   BY_____
>                   Nicole D. Dorman
>                   Federal Bar Number: ct07030
>                   Sack, Spector & Karsten
>                   836 Farmington Avenue
>                   West Hartford, CT 06119
>                   Their Attorney
>                   Phone No.: (860)233-8251

**CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 4th day of August, 2004, to the following counsel of record:

Edwin L. Doernberger, Esquire
Bradford J. Sullivan, Esquire
Saxe Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517

Thomas O'Dea, Esquire
Halloran & Sage LLP
315 Post Road West
Westport, CT 06880

_____
Nicole D. Dorman

```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

VINCENT NASTRO,                           :  NO.:  3:02CV00857(DJS)
     Plaintiff,

vs.

ARTHUR M. D'ONOFRIO, CAROLYN
D'ONOFRIO, ARTHUR A. D'ONOFRIO,
PAUL D'ONOFRIO, NICOLE D'ONOFRIO,
NEW ENGLAND PROPELLER SERVICE OF
CT, INC., DIV-ACQ, INC., ADMW, LLC,
THE CHANA TRUST, THE CONTINENTAL
TRUST COMPANY LIMITED, KLEBAN &
SAMOR, P.C., ELLIOT I. MILLER and
U.S. PROPELLER SERVICE OF CT., INC.,  :  AUGUST 4, 2004
     Defendants.
```

## MEMORANDUM OF LAW IN
## SUPPORT OF MOTION FOR RECONSIDERATION

**PRELIMINARY STATEMENT**

By order dated July 22, 2004, this Court denied defendants' motion to vacate its previously entered injunctive orders relating to the transfer of funds by New England Propeller Service of CT., Inc., ("NEPS"), *inter alios*, to or for the benefit of Arthur M. D'Onofrio, his family or any other person or legal entity, without permission from the Court. In doing so, the Court relied upon the statutory definition of a "claim" as set forth in the Connecticut Uniform Fraudulent Transfer Act ("CUFTA"). Notwithstanding the fact that Vincent Nastro's

partial judgment against Arthur D'Onofrio may comprise a CUFTA claim, the status of that claim, as well as the analysis of the Connecticut Supreme Court in <u>Cahaly v. Benistar Property Exchange Trust Co., Inc.</u>, 268 Conn. 264 (2004), which was not addressed by this Court in its orders, dictate that the injunctive orders in this case should be vacated.

**LAW AND ARGUMENT**

There can be no dispute that plaintiff, Vincent Nastro's claim for compensatory damages awarded in a civil action before the California Superior Court ("the California action") does not constitute a final judgment upon which he may execute. This is so because, in accordance with California law, reversal of a judgment vacates the underlying judgment and the parties are placed in the same positions, and have the same rights as before rendition of the reversing orders. <u>Weisenburg v. Cragholm</u>, 5 Cal. 3d 892, 896 (1971); <u>Gapusan v. Jay</u>, 66 Cal. App. 4th 734, 743 (1998). The same principle applies where, as here, the appellate court has partially reversed a judgment, vacated that portion of the judgment and remanded the case for a new trial. <u>Hall v. Superior Court</u>, 45 Cal. 2d 377, 381 (1955); <u>Roger's v. Bill and Vince's Inc.</u>, 219 Cal. App. 2d 322, 325-26 (1963).

This Court determined, however, that Nastro's award of compensatory damages in the California action constitutes a "claim" within the meaning of CUFTA, specifically Conn. Gen. Stat. § 52-552b(3).  In his CUFTA claim, Nastro has alleged, *inter alia*, that defendant Arthur M. D'Onofrio's transfer of his shares of stock to the Continental Trust Company Limited, as trustees of the Chana Trust was fraudulent as to him.  Amended Complaint, ¶¶ 23, 26.  To satisfy his burden of proof on this CUFTA claim, Nastro must prove, by clear, convincing and unequivocal evidence, that such transfers were made with the actual intent to hinder, delay or defraud him.  Tyers v. Koma, 214 Conn. 8, 11 (1990); Picataggio v. Romeo, 36 Conn. App. 791 (1995).

Conn. Gen. Stat. § 52-552h sets forth the specific remedies available to Nastro in connection with his statutory claim of fraudulent conveyance.  In particular, he may obtain..."(3) subject to applicable principles of equity and in accordance with applicable rules of civil procedure (A) an injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property...."  This Court's injunctive orders were entered without a hearing during which

Nastro was required to establish probable cause to obtain such a remedy. Instead, they issued in connection with the Court's ruling on defendants' motion to dismiss to "preserve the status quo between the parties pending a final determination of the merits."

Although, as noted by the Court, Cahaly addressed the import and necessity of a final judgment before an applicant is entitled to a prejudgment remedy, the analysis enunciated by the Supreme Court is equally applicable, and controlling, in the context of Nastro's application for injunctive relief. Notwithstanding the statutory definition of a "claim" under CUFTA, there can be no dispute that Nastro cannot recover any amounts allegedly due him, under any potential legal theory, until and unless he has a final judgment in the California action. See, e.g., Calahy at 275 citing Hendrix v. Hendrix, 160 Conn. 98, 104 (1970) ("the judgment rendered in one state is entitled to full faith and credit only if it is a final judgment, and the judgment is final only if it is not subject to modification in the state in which it was rendered"). Nastro's CUFTA claim is therefore wholly dependent upon any eventual outcome of the California action. Until the entry of a final judgment, he is unable, on an

- 4 -

application for an injunctive relief, to sustain his burden of demonstrating to a reasonable certainty not only his protectible interest but also that he ultimately will prevail in the unresolved California action. Thus, "irreparable injury" and a "likelihood of success on the merits" sufficient to justify the issuance of injunctive orders logically cannot be established absent a final judgment.

 The current posture of the California action further underscores the indefinite nature of Nastro's "claim". On July 29, 2004, Arthur M. D'Onofrio, the sole defendant in the California action, filed a Chapter 11 bankruptcy petition. In accordance with § 362 of the Bankruptcy Code, the proceedings in the California action are stayed. Accordingly, any future foreign judgment upon which Nastro may seek to execute has been rendered subordinate to the bankruptcy proceedings. Until such time as Nastro has such a final judgment, Cahaly dictates that he is not entitled to a "remedy or combination of remedies that enables [him]...to deprive the defendant in a civil action of, or affect the use, possession or enjoyment by such defendant of, his property...." 268 Conn. at 271 n. 6. Thus, in accordance with the controlling principles of Connecticut law articulated in

- 5 -

Cahaly, the injunctive orders issued in this case are without legal or factual basis and therefore should be vacated.

**CONCLUSION**

For all the foregoing reasons, this Court's order of July 22, 2004 on defendants' motion to vacate orders of injunction should be reconsidered and, upon reconsideration, such injunctive orders vacated.

```
                              DEFENDANTS, ARTHUR M.
                              D'ONOFRIO, CAROLYN D'ONOFRIO,
                              ARTHUR A. D'ONOFRIO, PAUL
                              D'ONOFRIO, NICOLE D'ONOFRIO,
                              NEW ENGLAND PROPELLER SERVICE
                              OF CT, INC., DIV-ACQ, INC.,
                              ADMW, LLC and U.S. PROPELLER
                              SERVICE OF CT., INC.


                        BY_____
                           Nicole D. Dorman
                           Federal Bar Number: ct07030
                           Sack, Spector & Karsten
                           836 Farmington Avenue
                           West Hartford, CT 06119
                           Their Attorney
                           Phone No.: (860)233-8251
```

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 4th day of August, 2004, to the following counsel of record:

Edwin L. Doernberger, Esquire
Bradford J. Sullivan, Esquire
Saxe Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517

Thomas O'Dea, Esquire
Halloran & Sage LLP
315 Post Road West
Westport, CT 06880

_____
Nicole D. Dorman