UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VINCENT NASTRO, | : NO.: 3:02CV00857(DJS) |
|     Plaintiff, | |
| vs. | |
| ARTHUR M. D'ONOFRIO, ET AL., | : AUGUST 5, 2004 |
|     Defendants. | |

**DEFENDANT'S MOTION TO
QUASH AND/OR PROTECTIVE ORDERS**

Pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(B) defendant, NEW ENGLAND PROPELLER SERVICE OF CT, INC. ("NEPS") hereby moves to quash a subpoena issued to it on behalf of the plaintiff, Vincent Nastro ("Nastro"), directing the production of certain documents on August 10, 2004. A copy of the subpoena in issue is appended hereto as Exhibit A. Said subpoena fails to allow reasonable time for compliance, subjects NEPS to undue burden and requires the disclosure of protected, proprietary, commercial information. Moreover, the request for documents is overly broad and implicates irrelevant records that have no bearing on the issues before this Court.

WHEREFORE, NEPS moves that the subject subpoena be quashed. In the alternative, defendant respectfully requests that appropriate protective orders enter.

DEFENDANT, NEW ENGLAND
PROPELLER SERVICE OF CT, INC.


BY_____
Nicole D. Dorman
Federal Bar Number: ct07030
Sack, Spector & Karsten
836 Farmington Avenue
West Hartford, CT 06119
Their Attorney
Phone No.: (860)233-8251
E-mail: ndorman@sackspec.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 5th day of August, 2004, to the following counsel of record:

Edwin L. Doernberger, Esquire
Bradford J. Sullivan, Esquire
Saxe Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517

Thomas O'Dea, Esquire
Halloran & Sage LLP
315 Post Road West
Westport, CT 06880

_____
Nicole D. Dorman

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VINCENT NASTRO,                    :   NO.:  3:02CV00857(DJS)
     Plaintiff,

vs.

ARTHUR M. D'ONOFRIO, ET AL.,       :   AUGUST 5, 2004
     Defendants.

**MEMORANDUM OF LAW IN
<u>SUPPORT OF DEFENDANTS' MOTION TO QUASH</u>**

<u>**PRELIMINARY STATEMENT**</u>

By subpoena dated July 29, 2004 defendant, New England Propeller Service of Connecticut, Inc. ("NEPS"), has been directed to produce: 1) "[a]ll checks written or drawn upon any bank account(s) in the name of NEPS from January 1, 1996 onward"; and 2) "[a]ll NEPS cash disbursements journals (whether maintained manually or electronically) from January 1, 1996 onward". Documents responsive to the subpoena are to be produced on August 10, 2004. Yet, the subpoena was not served until August 3, 2004. In view of the unreasonable time set for compliance, undue burden on the defendant, overbreadth and irrelevance of the document request as well as the confidential

nature of the proprietary, commercial information sought,

suitable relief is requested from the Court.

**ARGUMENT**

**I.    THE SUBPOENA FAILS TO ALLOW A REASONABLE TIME FOR COMPLIANCE.**

Pursuant to Fed. R. Civ. Proc. 45(C)(3)(A)(i) NEPS objects

to the subject subpoena on the grounds that it purports to

command the production of nearly nine years of financial records

a mere five business days after service.  In view of this wholly

unreasonable time for compliance, the subpoena should be

eliminated by an order quashing it.  At a minimum, NEPS is

entitled to reasonable time to comply.

**II.    PLAINTIFF'S DOCUMENT REQUEST IS OVERBROAD, UNDULY BURDENSOME AND SEEKS IRRELEVANT RECORDS.**

The temporal scope of the document request accompanying the

subject subpoena, from January 1, 1996 onward, is overly broad,

and, under the circumstances, will subject NEPS to undue burden.

Nastro's essential claim in this action relates to allegedly

fraudulent transfers of assets by Arthur M. D'Onofrio in 2001.

Records of all cash disbursements by NEPS dating back to January,

1996 bear no relationship to that claim.  In view of the

- 2 -

unreasonable scope of plaintiff's request, its burdensome and oppressive effect is unarguable.

To the extent that Nastro may contend the subpoena seeks financial records that are relevant to his pending motion for contempt, such argument is unavailing. This Court's injunctive Orders entered on May 16, 2003. Any expenditures by NEPS prior to that date are wholly irrelevant to the question of whether such orders have been violated. Accordingly, the subpoena should be quashed.

### III.    THE SUBPOENA SEEKS FINANCIAL RECORDS THAT CONSTITUTE CONFIDENTIAL AND PROTECTED COMMERCIAL INFORMATION.

As noted above, the gravamen of the present action is Nastro's assertion that defendant, Arthur D'Onofrio's transfer of certain assets to an irrevocable trust was fraudulent as to him. The genesis of that claim is Nastro's effort to collect a judgment that entered in his favor in an action over ownership and management of a California propeller aircraft parts business in which Nastro and defendant, Arthur M. D'Onofrio were partners. That judgment was partially reversed on appeal. A retrial on the issue of punitive damages presently is stayed in accordance with

- 3 -

§ 362 of the Bankruptcy Code following D'Onofrio's filing of a Chapter 11 petition.  Notwithstanding this stay, plaintiff who continues to have interests in the aircraft parts industry, continues to seek production of every manner of document and record relating to D'Onofrio's business activities.  The present subpoena is no exception.  Plaintiff's request for all checks and records of cash disbursements necessarily implicates the identities of all of NEPS' suppliers, vendors and customers, information Nastro undoubtedly seeks to exploit in his ongoing business activities.  Nastro's deliberate attempt to obtain NEPS' confidential and proprietary commercial information is not to be countenanced.  For this additional reason, NEPS is entitled to relief.

## **CONCLUSION**

For all the foregoing reasons, the subject subpoena should be quashed and, in accordance with Fed. R. Civ. Proc. 45(c)(2)(B), absent further motion by plaintiff and order of this Court, notice is hereby given to plaintiff that the requested records will not be produced.

- 4 -

DEFENDANT, NEW ENGLAND
PROPELLER SERVICE OF CT, INC.


BY_____
    Nicole D. Dorman
    Federal Bar Number: ct07030
    Sack, Spector & Karsten
    836 Farmington Avenue
    West Hartford, CT 06119
    Their Attorney
    Phone No.: (860)233-8251
    E-mail: ndorman@sackspec.com

### CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 5th day of August, 2004, to the following counsel of record:

Edwin L. Doernberger, Esquire
Bradford J. Sullivan, Esquire
Saxe Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517

Thomas O'Dea, Esquire
Halloran & Sage LLP
315 Post Road West
Westport, CT 06880


_____
Nicole D. Dorman