UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VINCENT NASTRO | : | CIVIL ACTION<br>NO. 3:02 CV 00857 (DJS) |
| V. | : | |
| ARTHUR M. D'ONOFRIO, et.al. | : | August 11, 2004 |

### MEMORANDUM IN OPPOSITION TO DEFENDANTS MOTION TO QUASH SUBPOENA

**BACKGROUND:**

The plaintiff Vincent Nastro ("Nastro") submits this memorandum of law in opposition to the defendant New England Propeller Service of CT, Inc.'s ("NEPS") Motion to Quash and/or Protective Order for the subpoena issued to it dated July 29, 2004. Nastro opposes this motion as it is nothing more than a continuation of the deliberate delay tactics utilized in this case by defendants and seeks to delay the production of documents required for the hearing on the Motion for Contempt scheduled for August 24, 2004, exhibits for which are due on August 16, 2004.

This action was brought by Nastro against Arthur M. D'Onofrio ("D'Onofrio"), Carolyn D'Onofrio, Arthur, A. D'Onofrio, Paul D'Onofrio, Nicole D'Onofrio, New England Propeller

Service of CT, Inc. ("NEPS"), DIV-ACQ, Inc., ADMW, LLC and U.S. Propeller Service of CT., Inc. (collectively the "Defendants"), under Unfair Trade Practices Act, Conn. Gen. Stat. §42-110(a) et seq., and Connecticut Unfair Fraudulent Transfer Act, Con. Gen. Stat. §52-552a, et seq. Previously, this court issued a preliminary injunction forbidding any payments be made to or on behalf of D'Onofrio. During discovery Nastro's discovered that after the issuance of the preliminary injunction, NEPS did in fact make several payments to Jay-Allen Eisen, D'Onofrio's personal California attorney in blatant contradiction to this Court's Order dated May 16, 2003. In conjunction with this violation, Nastro has issued a subpoena to NEPS, in part, to determine the extent of its violation of that Order.

**ARGUMENT:**

    A.    **The subpoena issued to NEPS does not ask for an unreasonable amount of time within which to comply with the subpoena.**

The subpoena at issue was served on August 3, 2004 with a compliance date of August 10, 2004. However, in light of the simplicity of the request for documents, this time is not unreasonable. The time frame for compliance was necessitated by the fact that the Court wishes both parties to file witness and exhibit lists by August 16, 2004; the subpoenaed documents are required in advance of that deadline in order to properly prepare the exhibit lists for trial and to determine if additional witnesses must be called.

    B.    **The subpoena issued to NEPS is neither overly broad nor unduly burdensome and the records it seeks are not irrelevant.**

The documents sought by Nastro from NEPS are neither overly broad nor unduly burdensome and are in fact, relevant documents. Nastro is *actually* entitled to those documents from January 1, 1995 as this was the date found relevant by this court for

discovery purposes in an order dated April 16, 2004. For the limited purpose of this motion, and in order to facilitate compliance within the time frame requested, Nastro is willing to accept only those documents from the date of the May 16, 2003 Order to the present. This is in no way intended to suggest that the defendant is excused from producing the requested documents from January 1, 1996 to May 16, 2003; it is merely a concession on Nastro's part in order to facilitate compliance within the timeframe requested. In addition, NEPS in opposition to the Motion for Contempt has stated that the payments directly at issue had been made by NEPS prior to the issuance of the preliminary injunction by this Court; to confirm payments made to Eisen and others which may have been made prior to the Preliminary Injunction, prior payments are directly relevant.

**C.  The subpoena does not seek financial records that constitute confidential and protected commercial information.**

Despite NEPS assertion that Nastro seeks confidential and protected commercial information for his own use, Nastro's involvement in the aircraft parts industry is strictly limited to his attempts to sell off the inventory from the business he entered into with D'Onofrio after D'Onofrio placed U.S. Propeller Services of California, Inc. into an involuntary bankruptcy in 1999. Therefore, Nastro has no interest in this information beyond the scope of this litigation. Nastro has absolutely no interest in "exploiting" NEPS' suppliers, vendors and customers. Nastro seeks the requested documents in part to determine the extent of NEPS' violation of the Court's preliminary injunction order dated May 16, 2003 and in part to determine the potential fraudulent transfer of assets as relate to this action.

Further, D'Onofrio's filing for bankruptcy stays proceedings as applied to him. This matter involves the fraudulent transfer of assets and is not solely against D'Onofrio but also the defendant, NEPS, among others. Therefore, this matter is not stayed as it does not relate to D'Onofrio's filing for bankruptcy and NEPS is required to comply with the subpoena.

**CONCLUSION:**

For all the foregoing reasons, Nastro respectfully requests that the Court deny the Defendant's Motion to Quash the subject subpoena and order the requested records be produced in such manner as the court determines appropriate.

        THE PLAINTIFF
        VINCENT NASTRO

by: /s/ Heidi H. Zapp
    Heidi H. Zapp
    Saxe, Doernberger & Vita, P.C.
    1952 Whitney Avenue
    Hamden, CT 06517
    Tel. (203) 287-8890
    Fax. (203) 287-8847
    Fed. Bar No. ct05199

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VINCENT NASTRO | : | CIVIL ACTION<br>NO. 3:02 CV 00857 (DJS) |
| V. | : | |
| ARTHUR M. D'ONOFRIO, et.al. | : | August 11, 2004 |

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed via first class mail, postage pre-paid, to the following counsel of record on August 11, 2004.

Scott M. Karsten, Esq.
Nicole D. Dorman, Esq.
Sack, Spector and Karsten, LLP
836 Farmington Avenue
West Hartford, CT 06119

Thomas P. O'Dea, Jr., Esq.
James M. Sconzo, Esq.
Halloran & Sage LLP
315 Post Road West
Westport, CT 06880-4739

Heidi H. Zapp