## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VINCENT NASTRO, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | |
| v. | : | 3:02CV00857(DJS) |
| | : | |
| | : | |
| ARTHUR M. D'ONOFRIO, et. al. | : | |
| | : | |
| Defendants. | : | August 17, 2004 |

## MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION

Plaintiff Vincent Nastro ("Nastro") submits this memorandum in opposition to Defendants' Motion for Reconsideration dated August 4, 2004 filed on behalf of Arthur M. D'Onofrio ("D'Onofrio"), Carolyn D'Onofrio, Arthur A. D'Onofrio, Nicole D'Onofrio, New England Propeller Service of Connecticut, Inc. ("NEPS"), DIV-ACQ, Inc., ADMW, LLC and U.S. Propeller Service of Connecticut, Inc. (collectively "Defendants"). This matter has already been fully briefed and Defendants' motion to vacate the preliminary injunction denied by Order dated July 22, 2004. As no new evidence or information has been submitted to this Court, and despite Defendants' assertion this Court has not addressed the analysis of Cahaly v. Benistar Property Exchange Trust Co., Inc., 268 Conn. 264 (2004), it is respectfully requested that the Court deny Defendants' Motion to Reconsider their Motion to Vacate the Injunctive Order.

## I.    ARGUMENT

On May 16, 2003, this Court issued a preliminary injunction enjoining the transfer of any funds by, among others, NEPS, to or on behalf on behalf of D'Onofrio.  As set forth and briefed in Nastro's Memorandum of Law in Opposition to Defendants' Motion to Vacate dated July 20, 2004, and as admitted by defendants D'Onofrio and NEPS, they have, after the date of the preliminary injunction, transferred funds from NEPS to California Attorney Jay-Allen Eisen on behalf of and for the benefit of D'Onofrio. Defendants argue that the preliminary injunction is inappropriate because there is no final judgment as against D'Onofrio in the California action and without such a final judgment the prejudgment remedy of a preliminary injunctive order is inappropriate. These "excuses" are in error and not supported by the facts or law.

Defendants' argument that the injunctive order is in violation of <u>Cahaly</u> is without merit. Although Defendants claim that Nastro does not have a "full and final judgment" sufficient to institute a pre-judgment remedy, the facts remain that: (1) Nastro has a "claim" within the meaning of Conn. Gen. Stat. § 52-552b(3), and (2) Nastro has a final judgment.  First, this Court, in its order dated July 22, 2004, correctly held that Conn. Gen. Stat. § 52-552b(3) provides that a "claim" need not be reduced to a judgment.  Further, this Court determined that Nastro's California judgment therefore satisfies the statutory definition of a "claim" and <u>Cahaly</u> does not alter that conclusion. (See Court's Order dated July 22, 2004).  Defendants' have put forth no new argument that would contradict the Court's determination.

Second, the Compensatory judgment against D'Onfrio is a full and final judgment.  It has been appealed by D'Onofrio and upheld, thus the underlying judgment for compensatory damages has not been vacated but has been affirmed.  The fact that punitive damages are still in question does not negate the validity and finality of the compensatory damages. Therefore, the award of compensatory damages in favor of Nastro does in fact constitute a full and final judgment.

Further, as stated in Nastro's Memorandum of Law in Opposition to Defendant's Motion to Vacate, the preliminary injunctive order was so ordered as Nastro had demonstrated a strong prima facie case for the showing of a fraudulent conveyance in a Connecticut District Court case. In light of such a strong showing of a fraudulent conveyance, the court has the authority to impose a preliminary injunction. Conn. Gen. Stat. § 52-552h (a) provides in relevant part:

> "[i]n an action for relief against a transfer or obligation under sections 52-552a to 52-552l, inclusive, a creditor, subject to the limitations in section 52-552i, may obtain . . . (A) an injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property . . . or (C) any other relief the circumstances may require."

"When the plaintiff creditor asserts a cognizable claim to specific assets of the defendant or seeks a remedy involving those assets, a court may in the interim invoke equity to preserve the status quo pending judgment." Fairview Machine & Tool Co., Inc. v. Oakbrook International, Inc., 77 F. Supp. 2d 199, 204 (D. Mass. 1999). Furthermore, the court, with personal jurisdiction over the defendants, "may order the defendants to do or refrain from doing, certain acts in another state," if "justice and the reasonable demands of the situation warrant." Fleming v. Gray Manufacturing, 352 F. Supp. 724, 726 (D. Conn. 1973).

## II.    CONCLUSION

This matter has already been fully briefed and the Court has ruled in favor of sustaining the preliminary injunction order. Defendants' have failed to propose any new argument, valid or otherwise, as to why the preliminary injunction should be removed. Therefore, Nastro respectfully requests that this Court deny Defendants' Motion to Reconsider.

THE PLAINTIFF
VINCENT NASTRO

BY: _____
Edwin L. Doernberger
Fed. Bar No. ct05199
Heidi H. Zapp
Fed. Bar No. ct24655
Saxe, Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517
Tel. (203) 287-8890
Fax. (203) 287-8847

## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VINCENT NASTRO, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | |
| v. | : | 3:02CV00857(DJS) |
| | : | |
| | : | |
| ARTHUR M. D'ONOFRIO, et. al. | : | |
| | : | |
| Defendants. | : | August 17, 2004 |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed via first class mail, postage pre-paid,

to the following counsel of record on August 17, 2004:

Scott M. Karsten, Esq.
Nicole D. Dorman, Esq.
Sack, Spector and Karsten, LLP
836 Farmington Avenue
West Hartford, CT 06119

Thomas P. O'Dea, Jr., Esq.
James M. Sconzo, Esq.
Halloran & Sage LLP
315 Post Road West
Westport, CT 06880-4739

Heidi H. Zapp