UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 AUG 23 P 1:44

U.S. DISTRICT COURT
HARTFORD, CT.

| | |
|---|---|
| VINCENT NASTRO, | : |
| Plaintiff | : |
| v. | : No. 3:02CV857 (DJS) |
| ARTHUR M. D'ONOFRIO, ET AL., | : |
| Defendants | : |

### ORDER

On July 29, 2004, defendant Arthur M. D'Onofrio filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. As a result of this filing, the court orders the following:

1. By operation of 11 U.S.C. § 362(a)(1), all claims against defendants Arthur M. D'Onofrio, Arthur A. D'Onofrio, Paul D'Onofrio, Nicole D'Onofrio, U.S. Propeller Service of CT, New England Propeller Service of CT, Inc., DIV-ACQ, Inc., and ADMW, Inc. in the above-captioned matter are **STAYED**. Nastro's UFTA claims are within the purview of Section 362 because Nastro seeks to recover a claim against the debtor. See In re Colonial Realty Co., 980 F.2d 125, 131-32 (2d Cir. 1992) ("[A] third-party action to recover fraudulently transferred property is properly regarded as undertaken 'to recover a claim against the debtor' and subject to the automatic stay pursuant to § 362(a)(1)."). Nastro's claims against the Connecticut corporations and Arthur M. D'Onofrio's family members, as beneficiaries of the Chana Trust,

are "actions where 'there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant. . . .'" Queenie, Ltd. v. Nygard Intern., 321 F.3d 282, 287-88 (2d Cir. 2003) (quoting A.H. Robins Co. v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986)).

2. Nastro's CUTPA claim against Carolyn D'Onofrio and his RICO claim against Carolyn D'Onofrio, Kleban & Samor, P.C., and Elliot Miller are also stayed. Because a substantial portion of the factual basis for these claims is Arthur M. D'Onofrio's fraudulent transfer of the stock certificates in the Connecticut corporations to the Chana Trust, these claims are also claims against the debtor within the purview of Section 362.

3. The evidentiary hearing on Nastro's motion for contempt scheduled for August 24, 2004 is cancelled because the proceeding is subject to the automatic stay.

So ordered this 20th day of August, 2004.

DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE