UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VINCENT NASTRO,
Plaintiff,

: NO.: 3:02CV00857(DJS)

vs.

ARTHUR M. D'ONOFRIO, CAROLYN D'ONOFRIO, ARTHUR A. D'ONOFRIO, PAUL D'ONOFRIO, NICOLE D'ONOFRIO, NEW ENGLAND PROPELLER SERVICE OF CT, INC., DIV-ACQ, INC., ADMW, LLC, THE CHANA TRUST, THE CONTINENTAL TRUST COMPANY LIMITED, KLEBAN & SAMOR, P.C., ELLIOT I. MILLER and U.S. PROPELLER SERVICE OF CT., INC.,
Defendants.

: DECEMBER 5, 2005

**MOTION TO VACATE/MODIFY INJUNCTION ORDER**

Vincent Nastro ("Nastro"), Arthur M. D'Onofrio, Jr. ("D'Onofrio") and New England Propeller Service, Inc. ("NEPS"), parties in the above-captioned action (together, the "Movants"), pursuant to Fed. R. Civ. P. 60(b), by their undersigned counsel, respectfully move this Court for an order granting this Motion to Vacate/Modify Injunction Order so that the terms of a settlement that finally and fully settles the matters and disputes between them may be effectuated.

1. This action was filed by Nastro on May 16, 2002.

2. On May 16, 2003, this Court entered an order granting Nastro's Application for Preliminary Injunction and Order to Show Cause (the "Injunction Order"), which order, inter alia, provided as follows:

a. U.S. PROPELLER SERVICE OF CT INC., NEW ENGLAND PROPELLER SERVICE OF CT, INC., DIV-ACQ, INC. AND ADMW, LLC

shall not accept, register, or in any way acknowledge a transfer of ownership or claim of any interest of any kind whatsoever whether legal, beneficial or by way of a security interest, of the stock or other interest currently owned or held by the Continental Trust Company, Limited for the benefit of Arthur M. D'Onofrio, for the benefit of any member of his family, or for the benefit of any other person or legal entity without express permission from this court.

b. U.S. PROPELLER SERVICE OF CT INC., NEW ENGLAND PROPELLER SERVICE OF CT, INC., DIV-ACQ, INC. AND ADMW, LLC shall not transfer any funds, assets, or interests of any kind whatsoever whether legal, beneficial or by way of a security interest to the Chana Trust, to the Continental Trust Company Limited, to Arthur M. D'Onofrio; to any member of his family; or for the benefit of Arthur M. D'Onofrio, for the benefit of any member of his family, or for the benefit of any other person or legal entity without express permission from this court.

3. Thereafter, on July 29, 2004, D'Onofrio filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code, commencing Chapter 11 Case No. 04-33561 (ASD) (the "Bankruptcy Case").

4. On August 23, 2004, this Court entered an order staying all actions in this case due to D'Onofrio's bankruptcy filing.

5. This Court, on July 8, 2005, closed the case administratively, pursuant to D. Conn. L. Civ. R. 41(a), because there had been no action in the case under the applicable time limitation.

6. The Movants and Nastro (collectively, the "Parties") agreed to seek a mediated resolution of their disputes in the Bankruptcy Case in January, 2005, by and with the assistance of the Honorable Alan H.W. Shiff.

7. After protracted negotiations and several mediation sessions, the Parties achieved a settlement (the "Settlement"), executing a term sheet in September, 2005 and a Global Settlement Agreement on or about November 29, 2005.

8. Included in the terms of the Settlement is the requirement that this case will be reopened, that the Injunction Order will be vacated or modified to allow D'Onofrio and NEPS to effectuate the Settlement, and that all claims against Arthur M. D'Onofrio, Carolyn D'Onofrio, Arthur A. D'Onofrio, Paul D'Onofrio, Nicole D'Onofrio, New England Propeller Service, Inc., DIV-ACQ, Inc., ADMW, LLC and U.S. Propeller Service of CT, Inc. (the "Settlement Party Defendants") will be dismissed with prejudice by stipulation upon the final closing of the Settlement..

9. On motions filed by the Movants, the Bankruptcy Court (Dabrowski, J.), on November 30, 2005:

a. approved the Settlement terms;

b. granted limited relief from the automatic stay, pursuant to 11 U.S.C. § 362(a), so that the Movants could ask this Court to reopen this action, modify or vacate the Injunction Order to allow D'Onofrio and NEPS to effectuate the Settlement, and grant such other relief as is needed to effectuate the Settlement; and

c. dismissed, conditionally, the Bankruptcy Case, with the dismissal to become effective upon joint certification by counsel that the Settlement has closed.

10. In accordance with the terms of the Settlement and the orders of the Bankruptcy Court, the Movants submit the within Motion asking this Court to vacate or modify the Injunction Order for the sole purpose of effectuating the Settlement as follows.

a. to modify paragraph "a" of the Injunction Order to permit U.S. Propeller Service of CT, Inc., New England Propeller Service, Inc., DIV-ACQ, Inc, and ADMW, LLC to

recognize the transfer of stock and membership interest in these entities whose legal title was previously held in the name of The Chana Trust to D'Onofrio.

The transfers of these interests are without prejudice to the claim(s) of Nastro that he has suffered damage as a result of the prior transfers by D'Onofrio of the stock and membership interests in the entities listed to Continental Trust Company Limited as Trustee of the Chana Trust.

b. to permit Arthur M. D'Onofrio, U.S. Propeller Service of CT, Inc., New England Propeller Service, Inc., DIV-ACQ, Inc. and ADMW, LLC to transfer funds, assets or interests, either legal or beneficial, or to grant security interests in such funds, assets or interests, to such persons or entities for whom such transfer is necessary to effectuate the Settlement.

11. The Movants agree that in the event the Settlement does not close, all provisions of the Injunction shall immediately be restored and transfers in paragraph 10(b) above shall be of no force and affect.

12. Upon the closing of the Settlement, the Movants agree that, in addition to the dismissal of this action as to the Settlement Party Defendants, the Injunction shall be vacated in full, without prejudice to the claims of Nastro against Kleban & Samor, P.C. and Elliot Miller that he suffered damages as a result of the prior transfers by D'Onofrio of the stock and membership interests in the entities listed to Continental Trust Company Limited as Trustee of the Chana Trust.

13. The Movants have contemporaneously filed a Motion to Reopen Case Administratively.

WHEREFORE, the Movants respectfully ask this Court to enter an order vacating or modifying its May 16, 2003 Order granting Nastro's Application for Preliminary Injunction and Order to Show Cause as set forth above in order that the Movants may act to fully and finally settle their disputes and claims in this action.

DEFENDANTS,
NEW ENGLAND
PROPELLER SERVICE, INC.
by its attorneys:

By: ______________________________
James J. Tancredi (ct06819)
DAY BERRY & HOWARD LLP
CityPlace I
Hartford, CT 06103
Phone: (860)275-0100
Fax: (860)275-0343
E-mail: jtancredi@dbh.com

PLAINTIFF,
VINCENT NASTRO
by his attorneys:

By: ______________________________
Edwin L. Doernberger (ct05199)
Saxe Doernberger & Vita, P.C.
1952 Whitney Ave.
Hamden, CT 06517
Phone: (203) 287-8890
Fax: (203) 287-8847
E-mail: eld@sdvlaw.com

ARTHUR M. D'ONOFRIO, JR.
by his attorneys:

By: Raymond C. Bliss
Raymond C. Bliss (ct 07239)
Baker O'Sullivan & Bliss PC
Putnam Park, Suite 100
100 Great Meadow Road
Wethersfield, CT 06109-2371
Phone: (860)258-1993
Fax: (860)258-1991
E-mail: bliss@boblawyers.com

WHEREFORE, the Movants respectfully ask this Court to enter an order vacating or modifying its May 16, 2003 Order granting Nastro's Application for Preliminary Injunction and Order to Show Cause as set forth above in order that the Movants may act to fully and finally settle their disputes and claims in this action.

DEFENDANTS,
NEW ENGLAND
PROPELLER SERVICE, INC.
by its attorneys:

By: ______________________________
James J. Tancredi (ct06819)
DAY BERRY & HOWARD LLP
CityPlace I
Hartford, CT 06103
Phone: (860)275-0100
Fax: (860)275-0343
E-mail: jtancredi@dbh.com

PLAINTIFF,
VINCENT NASTRO
by his attorneys:

By: ______________________________
Edwin L. Doernberger (ct05199)
Saxe Doernberger & Vita, P.C.
1952 Whitney Ave.
Hamden, CT 06517
Phone: (203) 287-8890
Fax: (203) 287-8847
E-mail: eld@sdvlaw.com

ARTHUR M. D'ONOFRIO, JR.
by his attorneys:

By: ______________________________
Raymond C. Bliss (ct 07239)
Baker O'Sullivan & Bliss PC
Putnam Park, Suite 100
100 Great Meadow Road
Wethersfield, CT 06109-2371
Phone: (860)258-1993
Fax: (860)258-1991
E-mail: bliss@boblawyers.com



41648932.2 066266-00000
December 5, 2005 2:40 PM

WHEREFORE, the Movants respectfully ask this Court to enter an order vacating or modifying its May 16, 2003 Order granting Nastro's Application for Preliminary Injunction and Order to Show Cause as set forth above in order that the Movants may act to fully and finally settle their disputes and claims in this action.

DEFENDANTS,
NEW ENGLAND
PROPELLER SERVICE, INC.
by its attorneys:

By: ______________________________
James J. Tancredi (ct06819)
DAY BERRY & HOWARD LLP
CityPlace I
Hartford, CT 06103
Phone: (860)275-0100
Fax: (860)275-0343
E-mail: jtancredi@dbh.com

PLAINTIFF,
VINCENT NASTRO
by his attorneys:

By: ______________________________
Edwin L. Doernberger (ct05199)
Saxe Doernberger & Vita, P.C.
1952 Whitney Ave.
Hamden, CT 06517
Phone: (203) 287-8890
Fax: (203) 287-8847
E-mail: eld@sdvlaw.com

ARTHUR M. D'ONOFRIO, JR.
by his attorneys:

By: ______________________________
Raymond C. Bliss (ct 07239)
Baker O'Sullivan & Bliss PC
Putnam Park, Suite 100
100 Great Meadow Road
Wethersfield, CT 06109-2371
Phone: (860)258-1993
Fax: (860)258-1991
E-mail: bliss@boblawyers.com




**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN**

| | |
|---|---|
| **In re** | **Chapter 11** |
| **ARTHUR M. D'ONOFRIO, JR.,** | **Case No. 04-33561 (ASD)** |
| **Debtor.** | |

**ORDER ON MOTION TO APPROVE COMPROMISE AND SETTLEMENT OF CLAIMS**

The Motion to Approve Compromise and Settlement of Claims (the "Motion") filed by Arthur M. D'Onofrio, Jr., the Debtor and Debtor-in Possession (the "Debtor") in the above-captioned Chapter 11 proceedings, and New England Propeller Service, Inc. ("NEPS"), a party-in-interest and co-proponent of the Debtor's Plan of Reorganization (together, the "Movants"), having been presented to this Court, and after due notice and a hearing; and

WHEREAS, the Debtor and V. Nastro formerly engaged in business dealings involving the sale, installation, repair, and service of airplane propellers; and

WHEREAS, the business relationship between the Debtor and V. Nastro failed and litigation ensued; and

WHEREAS, on July 29, 2004, the Debtor filed a voluntary petition for Chapter 11 relief in the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court" or this "Court"); and

WHEREAS, litigation between the Debtor and V. Nastro in this Court followed the Debtor's Chapter 11 filing; and

WHEREAS, V. Nastro filed a proof of claim (the "V. Nastro POC") against the Debtor's estate asserting $34,898,128.87 in unliquidated claims, comprising the majority, in amount, of general unsecured claims filed against the Debtor's estate; and.

WHEREAS, certain factual disputes related to the litigation between the Debtor and V. Nastro were tried before this Court in December, 2004, in the context of contested hearings on the motions of V. Nastro for stay relief and to appoint a trustee (the "Pending Motions"), and this Court heard oral argument on questions of law related to the litigation in January, 2005; and.

WHEREAS, the Debtor, NEPS, and V. Nastro agreed to seek a mediated resolution of their dispute and, after strenuous negotiation and numerous mediation sessions for which the Honorable Alan H.W. Shiff, United States Bankruptcy Judge, served as mediator, the Debtor, NEPS, and V. Nastro agreed upon the terms of the Settlement; and

WHEREAS, aside from the claims addressed in the Settlement, there are no material prepetition disputes or defaulted financial obligations of the Debtor or prepetition assets in the Debtor's estate to be administered in the Chapter 11 case; and

WHEREAS, the resolution of these matters will resolve and vitiate the necessity of ruling on the Pending Motions of V. Nastro and any related adversary proceedings; and

WHEREAS, contemporaneously with the filing of this Motion, the Movants have filed a Motion to Approve Joint Stipulation for Limited Stay Relief asking this Court to enter the joint stipulation executed by the Movants and V. Nastro agreeing to limited relief from stay (the "Motion for Limited Stay Relief") so that they may seek, inter alia, relief from the pending injunctive orders of the District Court of Connecticut with respect to the assets of the D'Onofrio Parties and NEPS; and

WHEREAS, should the Court deny the relief requested by the Debtor and NEPS in the Stipulated Stay Relief Motion, the Settlement shall be of no force and effect and the Chapter 11 case, including related motions and proceedings, shall remain pending; and

WHEREAS, also contemporaneously with the filing of this Motion, the Movants have filed a Motion to Dismiss Chapter 11 Case asking this Court to enter an order dismissing this Chapter 11 case pursuant to Rule 1017 of the Federal Rules of Bankruptcy Procedure and § 1112(b) of the Bankruptcy Code, conditioned upon (i) this Court's entering this Order and, (ii) within forty-five of the entry of this Order, counsel filing a certification that the Settlement has closed; and

WHEREAS, should this Court fail to enter an order dismissing this Bankruptcy Case, the Settlement shall be of no force or effect; and

WHEREAS, should the Settlement fail to close, the Settlement shall be of no force and effect and shall be inadmissible in any proceeding, pursuant to Fed. R. Evid. 408; and

WHEREAS, the Settlement would enable all creditors to be paid in the ordinary course and maximize the productive and revenue generating assets of the Debtor's estate; and

WHEREAS, continued litigation could be detrimental to other creditors' interest; and

WHEREAS, this Court, having been presented with the foregoing, and finding that the Settlement is well within the range of reasonableness and that approval of the Settlement is in the best interest of the estate and its creditors; it is, therefore, hereby

**ORDERED, ADJUDGED AND DECREED THAT** the Motion to Approve Compromise and Settlement hereby is and shall be **GRANTED**; and it is further

**ORDERED** that the material terms of the Settlement set forth in the Motion hereby are and shall be **APPROVED**; and it is further

**ORDERED** that the Debtor hereby is and shall be authorized and directed to take such further action to execute and deliver Settlement documents and funds as is reasonably necessary or required to conclude the Settlement; and it further

**ORDERED** that counsel for the Debtor, NEPS and V. Nastro shall certify to this Court, as a condition prior to dismissal of the Debtor's Chapter 11 case, that the Settlement has been closed; and it is further

**ORDERED, ADJUDGED AND DECREED THAT**, upon final closing of the Settlement, by consent of V. Nastro, through his counsel, V. Nastro, his agents, servants, attorneys, their successors and assigns and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, shall be permanently restrained, enjoined and prohibited, under the authority of this Court under 11 U.S.C. § 105 and Fed. R. Bankr. P. 7065, from directly or indirectly, initiating any claim, suit or proceeding against Arthur M. D'Onofrio, Jr., Carolyn D'Onofrio, Arthur A. D'Onofrio, Paul D'Onofrio, Nicole D'Onofrio (collectively, the "D'Onofrio Defendants"), New England Propeller Service, Inc. ("NEPS") and its affiliates, including, but not limited to, ADMW, LLC and DIV-ACQ, Inc., in law or equity, which V. Nastro or any person controlled or entity owned/controlled by him, ever had, now have, or hereafter can, shall, or may have from the beginning of the world to the day of these presents, whether the foregoing were known or unknown, asserted or not asserted, anticipated or unanticipated. NOTWITHSTANDING the above, this Order does not affect or impair any of the Parties' rights, duties, obligations,

agreements, representations, covenants, or warranties under the Settlement Agreement and all Settlement Documents, including, but not limited to the right to bring any legal proceedings under the terms of or to enforce any of the provisions of the Settlement Agreement and Settlement Documents; and it is further

**ORDERED** that the terms of this Order shall survive as a final judgment, decree and order of the Bankruptcy Court notwithstanding the dismissal of this Chapter 11 bankruptcy case.

Dated: November 30, 2005

BY THE COURT

Albert S. Dabrowski
Chief United States Bankruptcy Judge

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VINCENT NASTRO,
Plaintiff,

: NO.: 3:02CV00857(DJS)

vs.

ARTHUR M. D'ONOFRIO, CAROLYN D'ONOFRIO, ARTHUR A. D'ONOFRIO, PAUL D'ONOFRIO, NICOLE D'ONOFRIO, NEW ENGLAND PROPELLER SERVICE OF CT, INC., DIV-ACQ, INC., ADMW, LLC, THE CHANA TRUST, THE CONTINENTAL TRUST COMPANY LIMITED, KLEBAN & SAMOR, P.C., ELLIOT I. MILLER and U.S. PROPELLER SERVICE OF CT., INC.,
Defendants.

: DECEMBER 5, 2005

**ORDER VACATING/MODIFYING INJUNCTION ORDER**

WHEREAS, on May 16, 2003, this Court entered an order granting plaintiff Vincent Nastro's Application for Preliminary Injunction and Order to Show Cause (the "Injunction Order"), and

WHEREAS, on July 29, 2004, Arthur M. D'Onofrio ("D'Onofrio") filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code, commencing Chapter 11 Case No. 04-33561 (ASD) (the "Bankruptcy Case"), and on August 23, 2004, this Court entered an order staying all actions in this case due to D'Onofrio's bankruptcy filing, and

WHEREAS, the Parties achieved a settlement (the "Settlement"), executing a term sheet in September, 2005 and a Global Settlement Agreement on or about November 29, 2005, and

WHEREAS, included in the terms of the Settlement is the requirement that this case will be reopened, that the Injunction Order will be vacated or modified to allow D'Onofrio and New England Propeller Service, Inc. to effectuate the Settlement, and that all claims against

D'Onofrio, Carolyn D'Onofrio, Arthur A. D'Onofrio, Paul D'Onofrio, Nicole D'Onofrio, New England Propeller Service, Inc., DIV-ACQ, Inc., ADMW, LLC and U.S. Propeller Service of CT, Inc. (the "Settlement Party Defendants") will be dismissed with prejudice by stipulation upon the final closing of the Settlement, and

WHEREAS, on motions filed by the Movants, the Bankruptcy Court (Dabrowski, J.), on November 30, 2005:

a. approved the Settlement terms;

b. granted limited relief from the automatic stay, pursuant to 11 U.S.C. § 362(a), so that the Movants could ask this Court to reopen this action, modify or vacate the Injunction Order to allow D'Onofrio and NEPS to effectuate the Settlement, and grant such other relief as is needed to effectuate the Settlement; and

c. dismissed, conditionally, the Bankruptcy Case, with the dismissal to become effective upon joint certification by counsel that the Settlement has closed.

WHEREAS, the Movants, on December 6, 2005, filed, with this Court, a Motion To Reopen Case Administratively and a Motion to Vacate/Modify Injunction Order, and

WHEREAS, notwithstanding the Court's granting of this Order, the Movants agree that in the event the Settlement does not close, all provisions of the Injunction Order shall immediately be restored and transfers subject to paragraph 2 below shall be of no force and affect, and

WHEREAS, upon the closing of the Settlement, the Movants agree that, in addition to the dismissal of this action as to the Settlement Party Defendants, the Injunction shall be vacated in full, without prejudice to the claims of Nastro against Kleban & Samor, P.C. and Elliot Miller

that he suffered damages as a result of the prior transfers by D'Onofrio of the stock and membership interests in the entities listed to Continental Trust Company Limited as Trustee of the Chana Trust; it is, therefore, hereby

ORDERED that the Motion to Vacate/Modify Injunction Order is hereby GRANTED and that the Injunction Order is now vacated/modified as follows:

1. Paragraph "a" of the Injunction Order is now modified to permit U.S. Propeller Service of CT, Inc., New England Propeller Service, Inc., DIV-ACQ, Inc, and ADMW, LLC to recognize the transfer of stock and membership interest in these entities whose legal title was previously held in the name of The Chana Trust to D'Onofrio;

2. The transfers of any stock or membership interests described in paragraph 1 above are without prejudice to the claim(s) of Nastro that he has suffered damage as a result of the prior transfers by D'Onofrio of the stock and membership interests in the entities listed to Continental Trust Company Limited as Trustee of the Chana Trust; and

3. D'Onofrio, U.S. Propeller Service of CT, Inc., New England Propeller Service, Inc., DIV-ACQ, Inc. and ADMW, LLC are now permitted to transfer funds, assets or interests, either legal or beneficial, or to grant security interests in such funds, assets or interests, to such persons or entities for whom such transfer is necessary to effectuate the Settlement.

Dated at Hartford, Connecticut, this ______ day of December, 2005.

____________________________

Honorable Dominic J. Squatrito
United States District Court Judge