UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VINCENT NASTRO | : CIVIL ACTION<br>: NO. 3:02 CV 00857(DJS)<br>:<br>: |
| V. | :<br>:<br>: |
| ARTHUR M. D'ONOFRIO, CAROLYN D'ONOFRIO, ARTHUR A. D'ONOFRIO, PAUL D'ONOFRIO, NICOLE D'ONOFRIO, NEW ENGLAND PROPELLER SERVICE OF CT, INC., DIV-ACQ, INC., ADMW, LLC, THE CHANA TRUST, THE CONTINENTAL TRUST COMPANY LIMITED, KLEBAN AND SAMOR, P.C., ELLIOT I. MILLER, U.S. PROPELLER SERVICE OF CT., INC. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: January 18, 2006 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

The defendants, KLEBAN & SAMOR, P.C. and ELLIOT I. MILLER, submit this memorandum of law in support of their Motion to Dismiss.

I.  **BACKGROUND**

The factual background of this case has not changed and is summarized in the undersigned defendants' Memorandum of Law in Support of Motion to Dismiss dated August 2, 2002 and in the original version of this memorandum dated June 25, 2003. In his original Complaint, the plaintiff asserted two causes of action against the undersigned defendants (hereinafter "Lawyer Defendants") under the Connecticut Uniform Fraudulent Transfers Act ("CUFTA") and the Connecticut Unfair

Trade Practices Act ("CUPTA"). Those claims were dismissed by the Court in its order dated May 16, 2003.

Based on the same facts on which his now dismissed complaint was founded, the plaintiff has now filed an Amended Complaint dated June 6, 2003. Rather than repleading the original causes of action, in the Fifth Count of his Amended Complaint the plaintiff has attempted to recast the facts previously asserted by him as a cause of action under the civil Racketeer Influenced and Corrupt Organizations Act ("RICO") claim against the Lawyer Defendants. For the following reasons, this claim, too, should be dismissed.

II.  **ARGUMENT**

   **A.**  **Legal Standard.**

A motion to dismiss pursuant to Fed. R. Civ. P.12(b)(6) should be granted if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. Spaulding, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L.Ed.2d 59 (1984). The proper test is whether the complaint, taking all well pleaded allegations as true, and viewing all reasonable inferences in a light most favorable to the plaintiff, states any valid ground for relief. Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir.1996). See also Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957). In short, the complaint must contain "either direct allegations on every material point necessary to sustain a recovery on any legal theory ... or allegations from which an inference may fairly be drawn that evidence on these material points will be introduced

at trial." See Gen-Probe, Inc. v. Amoco Corporation, Inc. et al., 926 F. Supp. 948, 961 (S.D.Ca. 1996) (citation omitted).

### B. The Fifth Count Of The Plaintiff's Complaint Fails To State A Claim Upon Which Relief Can Be Granted Under The RICO Statute.

The plaintiff bases his RICO claim against the Lawyer Defendants upon allegations of alleged wire and mail fraud committed by the Lawyer Defendants. As with his previously dismissed CUFTA and CUPTA claims, the plaintiff attempts to impugn liability onto the Lawyer Defendants for performance of normal legal services. However, the plaintiff's RICO claim fails for several reasons.

#### 1. The allegations of mail fraud and wire fraud made by the plaintiff are legally insufficient to constitute a racketeering activity.

To establish his RICO claim, the plaintiff must establish that the "defendants conducted or participated in the conduct of an enterprise's affairs, through a pattern of racketeering activity, that caused injury to the Plaintiff's business or property." Feirstein, et al. v. Nanbar Realty Corp., 963 F.Supp. 254, 257 (S.D.N.Y. 1997) (citing Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496, 105 S.Ct. 3275 (1985). According to the statute:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c). The statute further defines racketeering activity by listing a menu of improper activities. 18 U.S.C. § 1961(1). Of these improper activities the only conceivable relevant ones, those asserted by the plaintiff here, are mail and wire fraud.

In his Amended Complaint, the plaintiff alleges that the Lawyer Defendants committed mail fraud and wire fraud by participating in the establishment of the offshore trust[1]. However, these allegations are legally insufficient to constitute mail fraud and/or wire fraud for the purposes of a RICO claim. Mail fraud and wire fraud delineated in 18 U.S.C. § 1961(1) are limited to mail and wire fraud as defined by 18 U.S.C. § 1341 and 1343. In those sections, mail fraud and wire fraud is limited to cases involving intentional fraud, not mere constructive fraud. Those sections expressly refer to obtaining money or property by deceit or by false pretense. United States v. Von Barta, 635 F.2d 999, 1005 fn. 14 (2d Cir. 1980), cert denied, 450 U.S. 998, 101 S.Ct. 1703 (1981); United States v. Computer Sciences Corp., et al., 669 F.2d 1181, 1188 fn. 14 (4th Cir. 1982.) The plaintiff's allegations of mail and wire fraud against the Lawyer Defendants are not based on any intentional fraud but rather a mere constructive fraud in establishing the offshore trust. (See Fifth Count, Paragraphs 40 and 45.) Therefore, the plaintiff's allegations do not constitute mail and/or wire fraud as defined by the statute and hence are not a "racketeering activity" within the meaning of 18 U.S.C. § 1961(1). These allegations therefore cannot sustain a RICO claim and the claims against the Lawyer Defendants should be dismissed.

---

1. Exactly what fraudulent activities were alleged to be committed by the Lawyer Defendants is not specified by the plaintiffs in wanton violation of Rule 9(b).

### 2. The plaintiff cannot possibly establish participation in a continuous racketeering activity on the part of the Lawyer Defendants.

The plaintiff must also establish that the pattern of racketeering activity is continuing. The plaintiff must show related racketeering acts that "amount to or pose a threat of continued criminal activity." Feirstein, 963 F.Supp at 259 (quoting H.J. Inc., v. Northwestern Bell Tel. Co., 492 U.S. 229, 237-39, 109 S.Ct. 2893 (1989); GICC Capital Corp. v. Technology Fin. Group, Inc., 67 F.3d 463, 465 (2d Cir. 1995), *cert denied*, 518 U.S. 1017, 116 S.Ct. 2547 (1996). This "continuity" can be open-ended or closed. H.J. Inc., 492 U.S. at 241. To establish closed-ended continuity acts must extend over a substantial period of time[2]. GICC, 67 F.3d at 466. Quite clearly, the plaintiff's allegations do not establish closed-ended continuity since the predicate acts are alleged to have occurred between May 16, 2001 and July 11, 2001, a period of approximately seven weeks. Moreover, of the six "acts" alleged at Paragraph 40 (a-f), two were not even acts of the Lawyer Defendants. Paragraphs 40(b) and 40(d) of the Fifth Count allege communications from Continental. Of the four remaining "acts," two relate to compliance with United States law. (See paragraphs 40(c) and 40(e)). None of the acts even hint at any ongoing criminal activity.

Unable to allege continuity sufficiently, the plaintiff resorts to allegations at Paragraph 45 of certain conduct occurring on two consecutive days in April 2002. These allegations about a communication from Continental (not from the Lawyer

---

2.   Acts over a period of a few weeks or months that threaten no future criminal conduct will not satisfy the closed-ended requirement. H.J. Inc., 492 U.S. at 242; GICC, 67 F.3d at 466.

Defendants) about compliance with United States tax law and a communication from the Lawyer Defendants to obtain a signature on a tax return in compliance with United States tax law are neither acts of mail fraud or wire fraud, and they do not relate in any way to the establishment of the Chana Trust which had been established many months earlier. To establish open-ended continuity the plaintiff need not establish the substantial period of time but "must show that there [is] a threat of continuing criminal activity beyond the period during which the predicate acts were performed." De Falco, et al. v. Bernas, et al., 244 F.3d 286, 323 (2d Cir. 2001) (quoting Cofacredit, S.A. v. Windsor Plumbing Supply Co. Inc., 187 F.3d 229, 242 (2d Cir. 1999); H.J. Inc., 492 U.S. at 242-43. Thus, the nature of the enterprise and of the predicate acts are relevant to determining open-ended continuity. De Falco, 244 F.3d at 323. The plaintiff must establish the threat of continued alleged criminal activity. Id. In this case, there is no threat of continued criminal activity and therefore the plaintiff cannot establish open-ended continuity. The establishment of the trust involved one discrete transaction. The other predicates alleged by the plaintiff are not continuing or ongoing but simply steps already completed and intended to ensure compliance with the Internal Revenue Code. Also, there is no threat of continued criminal activity in that the trust has already been formed and this Court has issued a temporary restraining order concerning the trust. There is no allegation that such order has been violated or that the Lawyer Defendants have any further involvement. Thus, the plaintiff cannot establish continuity and his RICO claim fails.

### 3. The plaintiff cannot establish two predicate acts.

The plaintiff must also establish two or more predicate acts in his RICO claim to demonstrate a pattern of racketeering activity. Although two acts must be present, two acts alone will not always suffice to form a pattern. Id. at 306. Without the necessary predicate acts, the plaintiff's claim fails.

The predicate acts alleged by the plaintiff are not two acts but rather steps taken in one act of establishing the Chana Trust. See Vickers v. Gray & Co., Inc., et al., 761 F.Supp. 37, 39 (E.D. Tx 1991) ("Numerous uses of the mail in regard to only one claim cannot constitute a pattern."); Tellis v. U.S. Fiedlity & Guar. Co., 826 F.2d 477 (7th Cir. 1987). Similarly in this case, the uses of the mail and facsimiles alleged by the plaintiff are part of one act of establishing the Chana Trust. As mentioned above, seeking a signature for tax compliance is not only a lawful act required by the United States government but is also part and parcel of the tax obligations associated with the Chana Trust. Certainly a letter from the Lawyer Defendants filing the required tax forms to comply with the Internal Revenue Code months after the trust was established cannot be a predicate act here. Therefore, the acts alleged by the plaintiff are, at most, part of the single act of establishing the Chana Trust and do not constitute two predicate acts.

4. **Under Second Circuit Case law, the RICO person must be different from the RICO enterprise and the plaintiff has admitted that the RICO person and enterprise are one and the same.**

The plaintiff's claim also fails under Second Circuit case law because the person and enterprise are the same. In his RICO Case statement, the plaintiff alleges that the defendants are the enterprise itself. (Plaintiff's RICO Case statement, ¶ 6e.) This allegation is insufficient.

"It is well established in this Circuit that, under § 1962(c), the alleged RICO 'person' and RICO 'enterprise' must be distinct." De Falco, 244 F.3d at 307; see also Cedric Kushner Promotions, Ltd. v. King, 219 F.3d 115, 116 (2d Cir. 2000)(per curiam); Anatian v. Coutts Bank (Switzerland) Ltd., 193 F.3d 85, 89 (2d Cir. 1999); Riverwoods Chappaqua Corp. v. Marine Midland Bank, N.A., 30 F.3d 339, 343-45 (2d Cir. 1994); Bennett v. U.S. Trust Co., 770 F.2d 308, 315 (2d Cir. 1985), cert. denied, 474 U.S. 1058, 106 S.Ct. 800 (1986). The Amended Complaint clearly alleges that the RICO "person" and the RICO "enterprise" are not distinct. The plaintiff admits in his RICO case statement that the defendants are the enterprise. Therefore, the plaintiff's RICO claim fails under this Circuit's requirements for a valid RICO complaint.

5. **The performance of otherwise proper legal services by a lawyer or law firm is not a RICO violation.**

Finally, the plaintiff's claim does not include acts that could impugn liability onto the Lawyer Defendants. "It is well established that the provision of professional services by outsiders... to a racketeering enterprise, is insufficient to satisfy the participation requirement of RICO." Hayden v. Paul, Weiss, Rifkind, Wharton & Garrison, et al., 955

F.Supp. 248, 254 (S.D.N.Y. 1997); <u>Reves Ernst & Young</u>, 507 U.S. 170, 188, 113 S.Ct. 1163 (1993). The professional services include legal services provided by an attorney. <u>Azrielli v. Cohen Law Offices</u>, 21 F.3d 512, 521-22 (2d Cir. 1994). Providing standard legal services does not equate to RICO liability. <u>Bailey v. Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, P.A.</u>, 938 F.Supp. 825, 827 (S.D.Fla. 1996).

In this case, the Lawyer Defendants provided only standard legal services involving the Chana Trust. The Lawyer Defendants did not commit any intentional fraudulent acts and it is not alleged that they did. They simply provided legal services involving the trust, specifically providing tax advice. The plaintiff has not alleged that the Lawyer Defendants provided anything other than normal professional services with respect to the Chana Trust.[3] Therefore, the allegations of the plaintiff are insufficient to impugn liability onto the Lawyer Defendants. <u>Reves</u>, *supra*. The plaintiff's RICO claim against the Lawyer Defendants should be dismissed.

---

3.  Again, the detailed allegations necessary to comply with Rule 9(b) are conspicuously absent from the Amended Complaint.

III.  **CONCLUSION**

For all of the foregoing reasons, this Motion to Dismiss should be granted, with prejudice.

> THE DEFENDANTS:
> KLEBAN & SAMOR, P.C. and ELLIOT I. MILLER
>
> By _____
> Thomas P. O'Dea, Jr.
> Fed. Bar #ct 10390
> HALLORAN & SAGE LLP
> 315 Post Road West
> Westport, CT 06880
> (203) 227-2855

- 11 -

## CERTIFICATION

This is to certify that on this 18th day of January, 2006, I hereby mailed a copy of the foregoing to:

Edwin L. Doernberger, Esq.
Bradford J. Sullivan, Esq.
Saxe Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden CT 06517

Scott M. Karsten, Esq.
Nicole D. Dorman, Esq.
Sack, Spector & Karsten
836 Farmington Avenue
West Hartford, CT 06119-1544

Thomas P. O'Dea, Jr.

782171v.1