UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VINCENT NASTRO | CIVIL ACTION<br>NO. 3:02 CV 00857(DJS) |
| V. | |
| ARTHUR M. D'ONOFRIO, CAROLYN D'ONOFRIO, ARTHUR A. D'ONOFRIO, PAUL D'ONOFRIO, NICOLE D'ONOFRIO, NEW ENGLAND PROPELLER SERVICE OF CT, INC., DIV-ACQ, INC., ADMW, LLC, THE CHANA TRUST, THE CONTINENTAL TRUST COMPANY LIMITED, KLEBAN AND SAMOR, P.C., ELLIOT I. MILLER, U.S. PROPELLER SERVICE OF CT., INC. | FEBRUARY 24, 2006 |

## REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

The defendants, KLEBAN & SAMOR, P.C. and ELLIOT I. MILLER, submit this Reply to the plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss.

I. **BACKGROUND**

The plaintiff's original Complaint asserting two causes of action against the undersigned defendants (hereinafter "Lawyer Defendants") under the Connecticut Uniform Fraudulent Transfers Act ("CUFTA") and the Connecticut Unfair Trade Practices Act ("CUPTA") was dismissed by the Court in its order dated May 16, 2003. Based on the same facts on which the dismissed complaint was founded, the

315 Post Road West
Westport, CT 06880

HALLORAN
&SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

plaintiff filed an Amended Complaint dated June 6, 2003 asserting a cause of action under the civil Racketeer Influenced and Corrupt Organizations Act ("RICO").

The D'Onofrio defendants then filed a petition in bankruptcy court. During those proceedings, the trust that is the subject of this lawsuit was terminated and the assets of that trust were repatriated and returned to D'Onofrio's custody. (See Exhibit A.) Those assets were then disbursed to the plaintiff at which time he withdrew his claims against the D'Onofrio defendants.

The Lawyer Defendants filed a Motion to Dismiss dated January 18, 2006. The plaintiff filed a Memorandum in Opposition ("Opposition") dated February 3, 2006. The Lawyer Defendants now file this Reply.

## II.  ARGUMENT

### A.  The Plaintiff's RICO Claim Should Be Dismissed.

**1. The allegations of mail fraud and wire fraud made by the plaintiff are legally insufficient to constitute a racketeering activity.**

The plaintiff's Amended Complaint does not establish the requisite allegations of mail fraud and wire fraud. In his Opposition, the plaintiff refers to dicta in a Judge Covello decision listing the elements of wire fraud or mail fraud. Cadle Co. et al. v. Flanagan, No. 3:01cv531 at (AVC), 2005 WL 1039005, *10 (D.Conn. May 2, 2005)[1]. What the plaintiff omitted from Cadle in his Opposition is that the plaintiff must also "show that the scheme was devised with the specific intent to defraud -- that the use of the mails [or wires] in furtherance of the scheme was reasonably foreseeable,.. that --

---

[1] See plaintiff's Opposition at p. 4.

non-disclosures or affirmative misrepresentations [were] material,. .[and] that some actual harm or injury was at least contemplated." (emphasis added.) Cadle Co., 2005 WL 1039005 at *10 (citing United States v. Rodolitz, 786 F.2d 77, 80 (2d Cir. 1986) (quoting United States v. Bronston, 658 F.2d 920, 927 (2d Cir. 1981)). Plaintiff's argument in his Opposition that he need not establish intent is simply incorrect.

Nothing in the Amended Complaint establishes the requisite intentional fraud requirements. As noted in the Lawyer Defendants memorandum of law, the applicable sections of the RICO statute expressly refer to obtaining money or property by deceit or by false pretense. United States v. Von Barta, 635 F.2d 999, 1005 fn. 14 (2d Cir. 1980), cert denied, 450 U.S. 998, 101 S.Ct. 1703 (1981); United States v. Computer Sciences Corp., et al., 669 F.2d 1181, 1188 fn. 14 (4th Cir. 1982.) The plaintiff's allegations of mail and wire fraud against the Lawyer Defendants are not based on any intentional fraud but rather mere allegations of constructive fraud in allegedly establishing the offshore trust. (See Fifth Count, Paragraphs 40 and 45.) Therefore, the plaintiff's allegations do not constitute mail and/or wire fraud as defined by the statute and hence are not a "racketeering activity" within the meaning of 18 U.S.C. § 1961(1)$^2$.

---

[2] In Cadle, the case cited by the plaintiff in his Opposition, the court found the following allegations of mail and wire fraud: "(1) intentionally misrepresenting settlement proceeds as wages; (2) intentionally hiding his rental properties and his rental income; and (3) intentionally hiding his stock certificates." Cadle, 2005 WL 1039005 at *10. The Court noted that these "all evidence[d] a specific intent to defraud, with actual harm to Cadle at least contemplated." Id. In the plaintiff's Amended Complaint, there are no such intentional fraud allegations.

### 2. The plaintiff cannot possibly establish participation in a continuous racketeering activity on the part of the Lawyer Defendants, since the Trust has been terminated and the assets in it paid to the plaintiff.

In his Opposition the plaintiff argues that he has established "an open-ended pattern of continuity." (Opposition at p. 6.) The plaintiff further argues that he need only "plead a basis from which it could be inferred that the acts... were neither isolated nor sporadic." (Opposition at p. 7, citing Proctor & Gamble Co. v. Big Apple Industrial Buildings, Inc., 879 F.2d 10, 16 (2d Cir. 1989)). The plaintiff then makes a leap arguing that this is not "an isolated event or an isolated victim." (Opposition at p. 7). Again, contrary to the plaintiff's Opposition, this is an isolated event. The establishment of the trust involved one discrete transaction. The other predicates alleged by the plaintiff are not continuing or ongoing but simply steps already completed and intended to ensure compliance with the Internal Revenue Code.

Additionally, the plaintiff must establish the pattern of racketeering activity is continuing. The plaintiff argues that he has established an open-ended pattern of continuing racketeering activity and that "this criminal activity will continue indefinitely for the duration of the existence of The Chana Trust." (Opposition at p. 7.)[3] There is no threat of continued criminal activity in that the trust has been terminated. (See Exhibit A.) Thus, the plaintiff cannot establish continuity and his RICO claim fails.

---

[3] The plaintiff makes this argument despite the fact that the Trust was terminated and the assets in it conveyed back to D'Onofrio more than one year ago. D'Onofrio then utilized these assets to pay the plaintiff, who withdrew his claims against D'Onofrio.

### 3. The plaintiff cannot establish two predicate acts.

In his opposition, the plaintiff argues that communications between the Lawyer Defendants and other parties, including the IRS, amount to sufficient predicate acts as required by the statute. The plaintiff's argument of course completely ignores that the acts alleged by the plaintiff are not two acts but rather steps taken in one act of establishing the Chana Trust. See Vickers v. Gray & Co., Inc., et al., 761 F.Supp. 37, 39 (E.D. Tx 1991) ("Numerous uses of the mail in regard to only one claim cannot constitute a pattern."); Tellis v. U.S. Fiedlity & Guar. Co., 826 F.2d 477 (7th Cir. 1987). The uses of the mail and facsimiles alleged by the plaintiff are part of one act of establishing the Chana Trust. The acts alleged by the plaintiff are, at most, part of the single act of establishing the Chana Trust and do not constitute two predicate acts.

### 4. Under Second Circuit Case law, the RICO person must be different from the RICO enterprise and the plaintiff has admitted that the RICO person and enterprise are one and the same.

In his Opposition, the plaintiff argues that the RICO persons and the RICO enterprise are distinct and separate entities. However, the plaintiff's Opposition completely ignores his own RICO statement wherein he alleges that the defendants are the enterprise itself. (Plaintiff's RICO Case statement, ¶ 6e.) This allegation is fatal to the plaintiff's claim because he plaintiff admits in his RICO case statement that the defendants are the enterprise. Therefore, the plaintiff's RICO claim fails under this Circuit's requirements for a valid RICO complaint.

### 5. The performance of otherwise proper legal services by a lawyer or law firm is not a RICO violation.

In his Opposition, the plaintiff argues that the provision of legal services to outsiders can satisfy the participation requirement of RICO. The plaintiff's Opposition notes the general proposition that "performing services for an enterprise, even with knowledge of the enterprise's illicit nature, is not enough to subject an individual to RICO liability under 18 U.S.C. § 1962(c)." <u>Fortney v. Kuipers</u>, 2001 WL 1539143 (N.D.Ill. Dec. 3, 2001). The plaintiff's Amended Complaint is devoid of any allegations that could remove this case from falling under the general proposition in Fortney. Providing standard legal services does not equate to RICO liability. <u>Bailey v. Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, P.A.</u>, 938 F.Supp. 825, 827 (S.D.Fla. 1996).

In this case, the Lawyer Defendants provided only standard legal services. The Lawyer Defendants did not commit any intentional fraudulent acts nor is it alleged in the Amended Complaint that they did. The plaintiff has not alleged that the Lawyer Defendants provided anything other than normal professional services. As such, the plaintiff's claim should be dismissed.

## III. CONCLUSION

For all of the foregoing reasons, this Motion to Dismiss should be granted, with prejudice.

- 7 -

                THE DEFENDANTS:
                KLEBAN & SAMOR, P.C. and ELLIOT I. MILLER

By_____
       Thomas P. O'Dea, Jr.
       Fed. Bar #ct 10390
       Brett M. Szczesny
       Fed. Bar #ct19560
       HALLORAN & SAGE LLP
       315 Post Road West
       Westport, CT 06880
       (203) 227-2855

## **CERTIFICATION**

      This is to certify that on this 24th day of February, 2006, I hereby mailed a copy of the foregoing to:

Edwin L. Doernberger, Esq.
Heidi H. Zapp, Esq.
Saxe Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden CT 06517

Scott M. Karsten, Esq.
Nicole D. Dorman, Esq.
Karsten and Dorman, LLC
29 South Main Street
West Hartford, CT 06107

Raymond C. Bliss, Esq.
Denise R. Polivy, Esq.
Baker O'Sullivan & Bliss, P.C.
100 Great Meadow Road
Wethersfield, CT 06109-2355

James J. Tancredi, Esq.
Day Berry & Howard
CityPlace 1
185 Asylum Street
Hartford, CT 06103

_____
Thomas P. O'Dea, Jr.

782171v.1

Case 3:02-cv-00857-DJS    Document 167    Filed 02/28/2006    Page 9 of 17

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VINCENT NASTRO,<br><br>    Plaintiff,<br><br>v.<br><br>ARTHUR M. D'ONOFRIO; CAROLYN D'ONOFRIO; ARTHUR A. D'ONOFRIO; PAUL D'ONOFRIO; NICOLE D'ONOFRIO; U.S. PROPELLER SERVICE OF CT, INC.; NEW ENGLAND PROPELLER SERVICE OF CT, INC.; DIV-ACQ, INC.; ADMW, LLC; THE CHANA TRUST; THE CONTINENTAL TRUST COMPANY, LIMITED; KLEBAN AND SAMOR, P.C., and ELLIOT I. MILLER,<br><br>    Defendants. | CIVIL ACTION NO.<br>3:02-CV-00857 (DJS)<br><br><br><br><br><br><br><br><br>January 25, 2005 |

## AMENDED REPORT OF REPATRIATION AND RETURN OF TRUST ASSETS

Arthur M. D'Onofrio, Jr. ("D'Onofrio"), by his undersigned counsel, hereby reports that, pursuant to that certain Instrument of Appointment and Termination dated December 23, 2004 and received by D'Onofrio on or about January 14, 2005, a copy of which is annexed hereto as Exhibit A, the trust located on the Island of Jersey in the Channel Islands known as The CHANA Trust (the "Trust") has been terminated and the Trust assets (the "Assets") have been repatriated and returned to D'Onofrio's custody. Upon the completion of any additional measures required under nonbankruptcy law, including the law of the Island of Jersey, in order for the interests

formerly held by the Trust in the Assets to vest in D'Onofrio, or upon the determination by D'Onofrio's counsel that no such additional measures are necessary, D'Onofrio, as debtor and debtor in possession in Bankruptcy Case No. 04-33561 (Chapter 11, ASD), presently pending in the U.S. Bankruptcy Court for the District of Connecticut, will amend his bankruptcy schedules to reflect that the Assets have been returned and that D'Onofrio's interests in the Assets are property of the bankruptcy estate.

Date: January 25, 2005

DEFENDANT, ARTHUR M. D'ONOFRIO, JR.

By /s/ Raymond C. Bliss

Raymond C. Bliss ct07239
bliss@boblawyers.com
Denise R. Polivy ct19676
polivy@boblawyers.com
Baker O'Sullivan & Bliss PC
Putnam Park, Suite 100
100 Great Meadow Road
Wethersfield, Connecticut 06109-2371
Phone: (860) 258-1993
Fax: (860) 258-1991
His Counsel

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing **Amended Report of Repatriation and Return of Trust Assets** was sent via first-class U.S. mail, postage prepaid, this 25th day of January 2005, to the following counsel of record:

Thomas P. O'Dea, Jr., Esq.
James M. Sconzo, Esq.
Brett Michael Szczesny, Esq.
Halloran & Sage LLP
315 Post Road West
Westport, CT  06880-4739
*Counsel for Defendants:*
**Chana Continental Trust Company, Ltd.**
Kleban & Samor, P.C.
**Elliot I. Miller**


Scott M. Karsten, Esq.
Nicole D. Dorman, Esq.
Michelle N. Holmes, Esq.
Sack Spector and Karsten LLP
836 Farmington Avenue #221
West Hartford, CT  06119-1544
*Counsel for Defendants:*
**Arthur M. D'Onofrio, Jr.**
**Carolyn D'Onofrio**
**Arthur A. D'Onofrio**
**Paul D'Onofrio**
**Nicole D'Onofrio**
**New England Propeller Service, Inc.**
**U.S. Propeller Service of Connecticut, Inc.**
**Div-Acq, Inc.**
**ADMW, LLC**
**East Coast Propeller Service, Inc (Karsten)**
**Goodspeed Airport Development Corp (Karsten)**

James J. Tancredi, Esq.
Marjorie Callan Carson, Esq.
Day, Berry & Howard, LLP
185 Asylum Street
Hartford, CT  06103-3499
*Counsel for Defendant:*
**New England Propeller Service, Inc.**


Edwin L. Doernberger, Esq.
Heidi H. Zapp, Esq.
Saxe Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT  06517
*Counsel for Plaintiff:*
**Vincent Nastro**

_____
Raymond C. Bliss

Dated the 23rd day of December 2004

INSTRUMENT OF APPOINTMENT AND TERMINATION

EXHIBIT A

*by*

CONTINENTAL TRUST COMPANY LIMITED

*in relation to*

THE CHANA TRUST



Advocates Solicitors & Notary Public

P.O. Box 31 • Templar House • Don Road
St. Helier • Jersey • JE4 8NU • C.I.
Telephone: +44 (0) 1534 500300
Facsimile: +44 (0) 1534 500350
E-mail: mail@voisinlaw.com
Website: www.voisinlaw.com

THIS INSTRUMENT OF APPOINTMENT AND TERMINATION is made the 18th day of November Two Thousand and Four BY THE CONTINENTAL TRUST COMPANY LIMITED of PO Box 829, Forum House, Grenville Street, St Helier, Jersey, JE4 OUE (the "Trustee").

WHEREAS:

A. This Instrument is supplemental to:

(i) an instrument dated 21st June 2001 (the "Settlement") made by Arthur M. D'Onofrio (the "Relevant Beneficiary") of the one part and the Trustee of the other part establishing a settlement known as THE CHANA SETTLEMENT; and

(ii) an instrument of release and indemnity from each of the Relevant Beneficiary, Carolyn D'Onofrio and Nicole D'Onofrio dated 16th November 2004 and an instrument of release and indemnity from Paul D'Onofrio dated 17th November 2004.

B. Pursuant to clause 3(a) of the Settlement the Trustee may during the Trust Period exercise their overriding powers of appointment to apply the Trust Fund to any beneficiary upon such terms as they shall determine in their discretion with the written consent of the Relevant Beneficiary (as Settlor) during his lifetime.

C. The Relevant Beneficiary is a Beneficiary of the Settlement.

D. The property constituting the Trust Fund of the Settlement at the date hereof is set out in the Schedule.

E. Pursuant to clause 1(c)(ii)(D) of the Settlement the Trustee has power to appoint a date to be the end of the Trust Period.

F.  The Trustee is desirous of exercising its aforementioned power to irrevocably appoint that the Trust Period shall determine on the day following the date hereof and to immediately distribute the Trust Fund (as set out in the Schedule hereto) to the Relevant Beneficiary absolutely.

NOW THIS INSTRUMENT WITNESSES as follows:

1.  Unless the context otherwise requires words and expressions used herein and defined in the Settlement shall have the same meanings herein as are ascribed to them in the Settlement.

2.  The Trustee hereby irrevocably appoints that the Trust Period shall terminate on the day immediately following the date of this Instrument and pursuant to Clause 3(a) aforesaid and of every and any other power it enabling the Trustee hereby irrevocably determines to hold the Trust Fund to or for the benefit of the Relevant Beneficiary absolutely it being noted that the prior written consent to the exercise of this power has been given by the Relevant Beneficiary pursuant to the Instrument of Indemnity and release referred to in recital (a)(ii) hereof.

3.  The Relevant Beneficiary hereby accepts the transfer of the Trust Fund in full satisfaction of all interests and claims the Relevant Beneficiary may have under or arising from the Settlement and acknowledges that the Relevant Beneficiary has no claim against the Trustee in relation to the performance or non-performance by the Trustee (or the trustees of the Settlement from time to time) of their duties under the Settlement or otherwise in relation to the Settlement.

4.  This Instrument shall be governed by and construed in accordance with the law of the Island of Jersey.

- 3 -

<u>Schedule</u>

<u>The Trust Fund</u>

<u>Chana Trust</u>

<u>Schedule of Assets appointed to Arthur M. D'Onofrio</u>

50% of A.D.M.W., LLC
50 Shares in DIV – ACQ, Inc
Promissory Note: Arthur M. D'Onofrio US$100,000.00
Promissory Note: New England Propeller Services Inc US$50,000.00
1,515 Shares in New England Propeller Services Inc

- 4 -

IN WITNESS WHEREOF this Instrument has been duly executed the day and year first above written.

THE COMMON SEAL of )
THE CONTINENTAL TRUST COMPANY )
LIMITED was hereunto affixed in the )
presence of:-

_____
Director

_____
Director/~~Secretary~~