# EXHIBIT 2

(Official Form 1) (12/03)

| FORM B1 | **United States Bankruptcy Court**<br>District of Connecticut | **Voluntary Petition** |
|---|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**D'Onofrio, Jr., Arthur M.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names):<br>*04 - 33561* |
| Last four digits of Soc. Sec. / Complete EIN or other Tax I.D. No.<br>(if more than one, state all): **xxx-xx-9103** | Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No.<br>(if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**1304 Saybrook Road**<br>**Haddam, CT 06438** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code):<br>*# 839#264935* |
| County of Residence or of the<br>Principal Place of Business: **Middlesex** | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>**P.O. Box 327**<br>**Haddam, CT 06438** | Mailing Address of Joint Debtor (if different from street address): |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

**Information Regarding the Debtor (Check the Applicable Boxes)**

Venue (Check any applicable box)
- ■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
- ☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor** (Check all boxes that apply) | **Chapter or Section of Bankruptcy Code Under Which the Petition is Filed** (Check one box) |
|---|---|
| ■ Individual(s)  ☐ Railroad<br>☐ Corporation  ☐ Stockbroker<br>☐ Partnership  ☐ Commodity Broker<br>☐ Other_____  ☐ Clearing Bank | ☐ Chapter 7  ■ Chapter 11  ☐ Chapter 13<br>☐ Chapter 9  ☐ Chapter 12<br>☐ Sec. 304 - Case ancillary to foreign proceeding |
| **Nature of Debts** (Check one box)<br>☐ Consumer/Non-Business  ■ Business | **Filing Fee** (Check one box)<br>■ Full Filing Fee attached<br>☐ Filing Fee to be paid in installments (Applicable to individuals only.) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3. |
| **Chapter 11 Small Business** (Check all boxes that apply)<br>☐ Debtor is a small business as defined in 11 U.S.C. § 101<br>☐ Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional) | |

Statistical/Administrative Information (Estimates only)
- ■ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

**THIS SPACE IS FOR COURT USE ONLY**

04 JUL 29 PM 3:36 HARTFORD DIVISION — BANKRUPTCY COURT DISTRICT OF CT

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | ■ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Assets | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Debts | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ |

(Official Form 1) (12/03)

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>D'Onofrio, Jr., Arthur m. | **FORM B1, Page 2** |

| **Prior Bankruptcy Case Filed Within Last 6 Years** (If more than one, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed: **- None -** | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

## Signatures

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor **Arthur M. D'Onofrio, Jr.**

X _____
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

**July 29, 2004**
Date

X _____
Signature of Attorney for Debtor(s)
**Raymond C. Bliss ct07239**
Printed Name of Attorney for Debtor(s)
**Baker O'Sullivan & Bliss PC**
Firm Name
**Putnam Park, Suite 100**
**100 Great Meadow Road**
**Wethersfield, CT 06109-2371**
Address
**860-258-1993 Fax: 860-258-1991**
Telephone Number
**July 29, 2004**
Date

**Signature of Debtor (Corporation/Partnership)**
I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.
The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

**Exhibit A**
(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)
☐ Exhibit A is attached and made a part of this petition.

**Exhibit B**
(To be completed if debtor is an individual whose debts are primarily consumer debts)
I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _____ 7/29/07
Signature of Attorney for Debtor(s)    Date

**Exhibit C**
Does the debtor own or have possession of any property that poses a threat of imminent and identifiable harm to public health or safety?
☐ Yes, and Exhibit C is attached and made a part of this petition.
■ No

**Signature of Non-Attorney Petition Preparer**
I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number (Required by 11 U.S.C.§ 110(c).)

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X _____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.

### Statement of Debtor's Assets
### LBR 1007-1(c)
### Arthur M. D'Onofrio, Jr.

Life Insurance Policies
Residence
Minimal Cash Surrender Value

IRA                                                                  $28,373.00
Main Street Management Co.
101 Barnes Road
Suite 104
Wallingford, CT 06492

Intellectual Property                                                $2,000.00
STC Supplemental Certificate
Residence

Chevrolet Camaro, 1989                                               $1,200.00
Residence

Shares (100) of Common Stock                                         To be
in Aerocess, Inc., located in Wallingford, CT                        determined

Loan to New England Propeller Service, Inc. for parts and services   $10,000.00
(American Express Card)

The Debtor will take such actions as will promptly cause the following assets to be administered by the Chapter 11 estate:

1.     100% (1,515 shares common stock) in New England Propeller     To be
Service, Inc. located in East Haddam, CT and wholly-owned subsidiary- determined
East Coast Propeller Service, Inc. located in Lititz, PA.

2.     50% (50 shares common stock) in DIV-ACQ, Inc. located in      To be
East Haddam, CT owner of Real Estate in East Haddam and Westbrook,   determined
CT.

3.     50% (approx.) equity in ADMW, LLC, owner of Real Estate in    To be
East Haddam, CT.                                                     determined

_____
Arthur M. D'Onofrio, Jr.
Dated: July 29, 2004

Form 4. LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

## United States Bankruptcy Court
### District of Connecticut

In re    Arthur M. D'Onofrio, Jr.

Debtor

Case No. _____

Chapter _____ **11** _____

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | Amount of claim [if secured, also state value of security] |
|---|---|---|---|---|
| American Express Customer Service P.O. Box 297804 Fort Lauderdale, FL 33329-7815 | American Express Customer Service P.O. Box 297804 Fort Lauderdale, FL 33329-7815 | Credit card charges | | 10,000.00 |
| CHANA Trust-Continental Trust P.O. Box 829 Charles St./St. Helena, Jersey JEY OUE Channel Islands St. Helena, Jersey/Eng. | CHANA Trust-Continental Trust P.O. Box 829 Charles St./St. Helena, Jersey St. Helena, Jersey/Eng. | Note payable | | 112,250.00 |
| Carolyn M. D'Onofrio 1304 Saybrook Road Haddam, CT 06438 | Carolyn M. D'Onofrio 1304 Saybrook Road Haddam, CT 06438 | Loan | | 75,000.00 |
| Citizen's Bank 225 Main Street Middletown, CT 06457 | Citizen's Bank 225 Main Street Middletown, CT 06457 | Line of credit / estimated | | 100,000.00 |
| DIV-ACQ, Inc. 6 Matthews Drive East Haddam, CT 06423 | DIV-ACQ, Inc. 6 Matthews Drive East Haddam, CT 06423 | Advances by Company | | 132,106.00 |

In re    **Arthur M. D'Onofrio, Jr.**                                                           Case No. _____

_____,
                                    Debtor

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
### (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | Amount of claim [if secured, also state value of security] |
|---|---|---|---|---|
| Fairbanks Capital Corp.<br>P.O. Box 65250<br>Salt Lake City, UT 84165-0250 | Fairbanks Capital Corp.<br>P.O. Box 65250<br>Salt Lake City, UT 84165-0250 | Mortgage Note | | 118,248.00 |
| UPS Capital Business Credit<br>280 Trumbull Street<br>Hartford, CT 06103 | UPS Capital Business Credit<br>280 Trumbull Street<br>Hartford, CT 06103 | Loan Guarantee /<br>New England<br>Propeller Service,<br>Inc. | | 288,870.00 |
| UPS Capital Business Credit<br>280 Trumbull Street<br>Hartford, CT 06103 | UPS Capital Business Credit<br>280 Trumbull Street<br>Hartford, CT 06103 | Loan Guarantee<br>DIV-ACQ, Inc. | | 166,720.00 |
| Vincent Nastro, Esq.<br>c/o Edwin L. Doernberger, Esq.<br>Saxe Doernberger & Vita PC<br>1952 Whitney Avenue<br>Hamden, CT 06517-1209 | Vincent Nastro, Esq.<br>c/o Edwin L. Doernberger, Esq.<br>Saxe Doernberger & Vita PC<br>Hamden, CT 06517-1209 | Judgment | Disputed | 514,699.00 |
| Vincent Nastro, Esq.<br>c/o Edwin L. Doernberger, Esq.<br>Saxe Doernberger & Vito, PC<br>1952 Whitney Avenue<br>Hamden, CT 06517-1209 | Vincent Nastro, Esq.<br>c/o Edwin L. Doernberger, Esq.<br>Saxe Doernberger & Vito, PC<br>Hamden, CT 06517-1209 | Punitive Damages | Contingent<br>Unliquidated<br>Disputed | 1.00 |
| Webster Bank<br>P.O. Box 30 CH315<br>Waterbury, CT 06720 | Webster Bank<br>P.O. Box 30 CH315<br>Waterbury, CT 06720 | Mortgage Note | | 157,020.00 |

In re    Arthur M. D'Onofrio, Jr. _____,    Case No. _____

Debtor

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
(Continuation Sheet)

| Name of creditor and complete mailing address, including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | Amount of claim [if secured, also state value of security] |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |



In re   Arthur M. D'Onofrio, Jr.                                    Case No. _____

_____
                    Debtor

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
(Continuation Sheet)

| Name of creditor and complete mailing address, including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | Amount of claim [if secured, also state value of security] |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  | AD |

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing List of Creditors Holding 20 Largest Unsecured Claims and that it is true and correct to the best of my information and belief.

Date___ July 29, 2004 _____     Signature _____
                                                   Arthur M. D'Onofrio, Jr.
                                                   Debtor

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C §§ 152 and 3571.

## United States Bankruptcy Court
### District of Connecticut

In re   Arthur M. D'Onofrio, Jr. _____    Case No. _____

Debtor(s)                                    Chapter    **11** _____

# VERIFICATION OF CREDITOR MATRIX

The above-named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date:   **July 29, 2004** _____

                                    Arthur M. D'Onofrio, Jr.
                                    Signature of Debtor

American Express
Customer Service
P.O. Box 297804
Fort Lauderdale, FL 33329-7815


Carolyn M. D'Onofrio
1304 Saybrook Road
Haddam, CT 06438


CHANA Trust-Continental Trust
P.O. Box 829
Charles St./St. Helena, Jersey
JEY OUE Channel Islands
St. Helena, Jersey/Eng.


Citizen's Bank
225 Main Street
Middletown, CT 06457


DIV-ACQ, Inc.
6 Matthews Drive
East Haddam, CT 06423


Fairbanks Capital Corp.
P.O. Box 65250
Salt Lake City, UT 84165-0250


Kathleen M. Abdallah, Esq.
Kroloff, Belcher, Smart, Perry
and Christopherson
7540 Shoreline Drive
Stockton, CA 95219


Town of Haddam
30 Field Park Drive
P.O. Box 87
Haddam, CT 06438


UPS Capital Business Credit
280 Trumbull Street
Hartford, CT 06103

Vincent Nastro, Esq.
c/o Edwin L. Doernberger, Esq.
Saxe Doernberger & Vita PC
1952 Whitney Avenue
Hamden, CT 06517-1209

Vincent Nastro, Esq.
c/o Edwin L. Doernberger, Esq.
Saxe Doernberger & Vito, PC
1952 Whitney Avenue
Hamden, CT 06517-1209

Webster Bank
P.O. Box 30 CH315
Waterbury, CT 06720

# EXHIBIT 3

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VINCENT NASTRO, <br><br>     Plaintiff, <br><br> v. <br><br> ARTHUR M. D'ONOFRIO; CAROLYN D'ONOFRIO; ARTHUR A. D'ONOFRIO; PAUL D'ONOFRIO; NICOLE D'ONOFRIO; U.S. PROPELLER SERVICE OF CT, INC.; NEW ENGLAND PROPELLER SERVICE OF CT, INC.; DIV-ACQ, INC.; ADMW, LLC; THE CHANA TRUST; THE CONTINENTAL TRUST COMPANY, LIMITED; KLEBAN AND SAMOR, P.C., and ELLIOT I. MILLER, <br><br>     Defendants. | CIVIL ACTION NO. 3:02-CV-00857 (DJS) <br><br><br><br><br><br><br><br><br><br> January 25, 2005 |

## AMENDED REPORT OF REPATRIATION AND RETURN OF TRUST ASSETS

Arthur M. D'Onofrio, Jr. ("D'Onofrio"), by his undersigned counsel, hereby reports that,

pursuant to that certain Instrument of Appointment and Termination dated December 23, 2004

and received by D'Onofrio on or about January 14, 2005, a copy of which is annexed hereto as

Exhibit A, the trust located on the Island of Jersey in the Channel Islands known as The CHANA

Trust (the "Trust") has been terminated and the Trust assets (the "Assets") have been repatriated

and returned to D'Onofrio's custody. Upon the completion of any additional measures required

under nonbankruptcy law, including the law of the Island of Jersey, in order for the interests

formerly held by the Trust in the Assets to vest in D'Onofrio, or upon the determination by

D'Onofrio's counsel that no such additional measures are necessary, D'Onofrio, as debtor and

debtor in possession in Bankruptcy Case No. 04-33561 (Chapter 11, ASD), presently pending in

the U.S. Bankruptcy Court for the District of Connecticut, will amend his bankruptcy schedules to

reflect that the Assets have been returned and that D'Onofrio's interests in the Assets are property

of the bankruptcy estate.

Date: January 25, 2005                          DEFENDANT, ARTHUR M. D'ONOFRIO, JR.

                                                By _____

                                                    Raymond C. Bliss ct07239
                                                    bliss@boblawyers.com
                                                    Denise R. Polivy ct19676
                                                    polivy@boblawyers.com
                                                    Baker O'Sullivan & Bliss PC
                                                    Putnam Park, Suite 100
                                                    100 Great Meadow Road
                                                    Wethersfield, Connecticut 06109-2371
                                                    Phone:  (860) 258-1993
                                                    Fax:  (860) 258-1991
                                                    His Counsel

2

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing **Amended Report of Repatriation and Return**

**of Trust Assets** was sent via first-class U.S. mail, postage prepaid, this 25th day of January 2005,

to the following counsel of record:

Thomas P. O'Dea, Jr., Esq.
James M. Sconzo, Esq.
Brett Michael Szczesny, Esq.
Halloran & Sage LLP
315 Post Road West
Westport, CT 06880-4739
*Counsel for Defendants:*
**Chana Continental Trust Company, Ltd.**
**Kleban & Samor, P.C.**
**Elliot I. Miller**

Scott M. Karsten, Esq.
Nicole D. Dorman, Esq.
Michelle N. Holmes, Esq.
Sack Spector and Karsten LLP
836 Farmington Avenue #221
West Hartford, CT 06119-1544
*Counsel for Defendants:*
**Arthur M. D'Onofrio, Jr.**
**Carolyn D'Onofrio**
**Arthur A. D'Onofrio**
**Paul D'Onofrio**
**Nicole D'Onofrio**
**New England Propeller Service, Inc.**
**U.S. Propeller Service of Connecticut, Inc.**
**Div-Acq, Inc.**
**ADMW, LLC**
**East Coast Propeller Service, Inc (Karsten)**
**Goodspeed Airport Development Corp**
**(Karsten)**

James J. Tancredi, Esq.
Marjorie Callan Carson, Esq.
Day, Berry & Howard, LLP
185 Asylum Street
Hartford, CT 06103-3499
*Counsel for Defendant:*
**New England Propeller Service, Inc.**

Edwin L. Doernberger, Esq.
Heidi H. Zapp, Esq.
Saxe Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517
*Counsel for Plaintiff:*
**Vincent Nastro**

Raymond C. Bliss

Dated the _23rd_ day of _December_ 2004

# INSTRUMENT OF APPOINTMENT AND TERMINATION

EXHIBIT A

*by*

## CONTINENTAL TRUST COMPANY LIMITED

*in relation to*

## THE CHANA TRUST



Voisin & Co

Advocates Solicitors & Notary Public

P.O. Box 31 • Templar House • Don Road
St. Helier • Jersey • JE4 8NU • C.I.
Telephone: + 44 (0) 1534 500300
Facsimile: + 44 (0) 1534 500350
E-mail: mail@voisinlaw.com
Website: www.voisinlaw.com

THIS INSTRUMENT OF APPOINTMENT AND TERMINATION is made the 23*RD* day of *December* Two Thousand and Four BY CONTINENTAL TRUST COMPANY LIMITED of PO Box 829, Forum House, Grenville Street, St Helier, Jersey, JE4 OUE (the "Trustee").

WHEREAS:

A.    This Instrument is supplemental to:

   (i)    an instrument dated 21st June 2001 (the "Settlement") made by Arthur D'Onofrio (the "Relevant Beneficiary") of the one part and the Trustee of the other part establishing a settlement known as THE CHANA SETTLEMENT; and

   (ii)    an instrument of release and indemnity from each of the Relevant Beneficiary, Carolyn D'Onofrio and Nicole D'Onofrio dated 16th November 2004 and an instrument of release and indemnity from Paul D'Onofrio dated 17th November 2004.

B.    Pursuant to clause 3(a) of the Settlement the Trustee may during the Trust Period exercise their overriding powers of appointment to apply the Trust Fund to any beneficiary upon such terms as they shall determine in their discretion with the written consent of the Relevant Beneficiary (as Settlor) during his lifetime.

C.    The Relevant Beneficiary is a Beneficiary of the Settlement.

D    The property constituting the Trust Fund of the Settlement at the date hereof is set out in the Schedule.

E.    Pursuant to clause 1(c)(ii)(C) of the Settlement the Trustee has power to appoint a date to be the end of the Trust Period.

The Trustee is desirous of exercising its aforementioned power to irrevocably appoint that the Trust Period shall determine on the day following the date hereof and to immediately distribute the Trust Fund (as set out in the Schedule hereto) to the Relevant Beneficiary absolutely.

NOW THIS INSTRUMENT WITNESSES as follows:

1.   Unless the context otherwise requires words and expressions used herein and defined in the Settlement shall have the same meanings herein as are ascribed to them in the Settlement.

2.   The Trustee hereby irrevocably appoints that the Trust Period shall terminate on the day immediately following the date of this Instrument and pursuant to Clause 3(a) aforesaid, and of every and any other power it enabling the Trustee hereby irrevocably determines to hold the Trust Fund to or for the benefit of the Relevant Beneficiary absolutely it being noted that the prior written consent to the exercise of this power has been given by the Relevant Beneficiary pursuant to the Instrument of Indemnity and release referred to in recital (a)(ii) hereof.

3.   The Relevant Beneficiary hereby accepts the transfer of the Trust Fund in full satisfaction of all interests and claims the Relevant Beneficiary may have under or arising from the Settlement and acknowledges that the Relevant Beneficiary has no claim against the Trustee in relation to the performance or non-performance by the Trustee (or the trustees of the Settlement from time to time) of their duties under the Settlement or otherwise in relation to the Settlement.

4.   This Instrument shall be governed by and construed in accordance with the law of the Island of Jersey

- 3 -

Schedule

The Trust Fund

## Chana Trust

## Schedule of Assets appointed to Arthur M. D'Onofrio

50% of A.D.M.W., LLC
50 Shares in DIV – ACQ, Inc
Promissory Note: Arthur M. D'Onofrio US$100,000.00
Promissory Note: New England Propeller Services Inc US$50,000.00
1,515 Shares in New England Propeller Services Inc

IN WITNESS WHEREOF this instrument has been duly executed the day and year
first above written.

THE      COMMON      SEAL      of  )
THE CONTINENTAL  TRUST  COMPANY  )
LIMITED  was  hereunto  affixed  in  the  )
presence of:-

.............................................
Director

.............................................
Director/Secretary

# EXHIBIT 4

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN

| | |
|---|---|
| In re | Chapter 11 |
| **ARTHUR M. D'ONOFRIO, JR.,** | Case No. 04-33561 (ASD) |
| Debtor. | November 4, 2005 |

## MOTION PURSUANT TO FED. R. BANKR. P. 9019
## TO APPROVE COMPROMISE AND SETTLEMENT OF CLAIMS

Arthur M. D'Onofrio, Jr., the Debtor and Debtor-in Possession (the "Debtor") in the above captioned chapter 11 proceedings, and New England Propeller Service, Inc. ("NEPS"), a party-in-interest and co-proponent of the Debtor's Plan of Reorganization (together, the "Movants"), by their undersigned counsel, respectfully move this Court for an order approving the terms of the compromise and settlement (the "Settlement") reached with respect to the various claims involving the following persons and entities (collectively, the "Parties"): (i) the Debtor, Carolyn D'Onofrio ("C. D'Onofrio"), Arthur A. D'Onofrio ("A.A. D'Onofrio"), Paul D'Onofrio, and Nicole D'Onofrio (collectively, the "D'Onofrio Parties"); (ii) NEPS; and (iii) Vincent Nastro ("V. Nastro") and any person or entity owned or controlled by him, Ticia Nastro, and U.S. Propeller Service of California, Inc. ("USPC") (collectively, the "Nastro Parties"). As a condition to consummation of the Settlement contemplated herein, the Movants require that this Court, simultaneously with its approval of the Settlement, grant that certain Motion to Approve Joint Stipulation For Limited Stay Relief related to a proceeding pending in the U.S. District Court, District of Connecticut, captioned <u>Nastro v. D'Onofrio,</u> No. 3:02CV00857(DJS).

In support of this Motion, the Movants respectfully represent the following:

## BACKGROUND

1.       The Debtor and V. Nastro formerly engaged in business dealings involving the sale, installation, repair, and service of airplane propellers. The business relationship between the Debtor and V. Nastro failed and litigation ensued.

2.       On July 29, 2004, the Debtor filed a voluntary petition for Chapter 11 relief in the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court" or this "Court"). Litigation between the Debtor and V. Nastro in this Court followed the Debtor's Chapter 11 filing.

3.       V. Nastro filed a proof of claim (the "V. Nastro POC") against the Debtor's estate asserting $34,898,128.87 in unliquidated claims. The V. Nastro POC comprised the majority, in amount, of general unsecured claims filed against the Debtor's estate.

4.       Certain factual disputes related to the litigation between the Debtor and V. Nastro were tried before this Court in December, 2004 in the context of contested hearings on the motions of V. Nastro for stay relief and to appoint a trustee (the "Pending Motions"). In January, 2005, this Court heard oral argument on questions of law related to the litigation.

5.       The Debtor, NEPS, and V. Nastro subsequently agreed to seek a mediated resolution of their disputes. After strenuous negotiation and numerous mediation sessions for which the Honorable Alan H.W. Shiff, United States Bankruptcy Judge, served as mediator, the Debtor, NEPS, and V. Nastro agreed upon the terms of the Settlement. Drafting of the documents that must be executed for the agreement to be consummated is underway and will be completed by the date of the hearing on this Motion.

2

6.    Aside from the claims addressed in the Settlement, there are no material prepetition disputes or defaulted financial obligations of the Debtor or prepetition assets in the Debtor's estate to be administered in the Chapter 11 case.

7.    The resolution of these matters will resolve and vitiate the necessity of ruling on the Pending Motions of V. Nastro and any related adversary proceedings.

<strong><u>CONTEMPORANEOUSLY FILED MOTIONS</u></strong>

8.    Contemporaneously with the filing of this Motion, the Movants have filed a Motion to Approve Joint Stipulation for Limited Stay Relief asking this Court to enter the joint stipulation executed by the Movants and V. Nastro agreeing to limited relief from stay (the "Stipulated Stay Relief Motion") so that they may seek, inter alia, relief from the pending injunctive orders of the District Court of Connecticut with respect to the assets of the D'Onofrio Parties and NEPS.

9.    Also contemporaneously with the filing of this Motion, the Movants have filed a Motion to Dismiss Chapter 11 Case (the "Motion to Dismiss") asking this Court to enter an order dismissing this Chapter 11 case pursuant to Rule 1017 of the Federal Rules of Bankruptcy Procedure and § 1112(b) of the Bankruptcy Code, conditioned upon (i) this Court's granting the relief requested in this Motion; and (ii) the undersigned counsel and Attorney Edwin L. Doernberger for V. Nastro filing with this Court, within forty-five (45) days of the conclusion of the hearing on this Motion, a certification that the closing for the Settlement has taken place.

10.    Should the Court deny the relief requested by the Debtor and NEPS in these motions, the Settlement will be of no force and effect and the Chapter 11 case, including related motions and proceedings, will remain pending.

3

## SUMMARY OF CLAIMS PROPOSED TO BE SETTLED

11.    The terms of the Settlement would conclude, terminate, and/or withdraw with prejudice all pending actions and claims asserted by any and all of the Nastro Parties against any and all of the D'Onofrio Parties and NEPS, including, but not limited to, the claims asserted in the V. Nastro POC and in each and every action between and among Nastro, on the one hand, and the Debtor or NEPS, on the other hand, in this Court, the United States District Court for the District of Connecticut, the Connecticut state courts, and the California state courts.

### SETTLEMENT TERMS AND CONDITIONS

12.    The principal terms of the Settlement are as follows:

### Bankruptcy Claims

a)    The V. Nastro POC shall be deemed irrevocably withdrawn with prejudice and expunged and all claims set forth therein shall be disallowed.

b)    Notwithstanding the foregoing, V. Nastro shall have a final allowed prepetition general unsecured claim in the amount of $1,800,000.00.

c)    Any liabilities owed to V. Nastro included in the Debtor's schedules and statements filed in the Bankruptcy Case shall be deemed irrevocably withdrawn with prejudice and expunged, and the Debtor's schedules and statements shall be deemed amended to reflect the allowed claim of V. Nastro in the amount of $1.8 million.

4

**Obligations**

d)      The Debtor and NEPS agree irrevocably to pay $1,800,000.00 (the "Settlement Amount") to V. Nastro in accordance with the following payment terms.

      i)      NEPS shall pay $600,000.00 to V. Nastro upon closing of financing on the property of C. D'Onofrio located at 1304 Old Saybrook Road, East Haddam, CT, and not later than forty-five (45) days after this Court's entry of an order approving the terms of the Settlement and execution and delivery of all definitive Settlement documents.

      ii)     NEPS shall execute in favor of V. Nastro, or Note Trustee, a promissory note in the principal amount of $1,200,000.00, having an eight (8) year term and bearing interest at 4% *per annum*, to satisfy the balance of the Settlement Amount.  For the first year, payments shall be $10,000 per month. The remaining balance shall be equally amortized over seven (7) years and paid in monthly installments.

**Other Material Terms**

e)      The Debtor shall guarantee the Note, which guarantee shall be non-dischargeable under section 523(a) of the Bankruptcy Code, subject to reduction for all payments on the Promissory Note from any source.  C. D'Onofrio shall guarantee any deficiency under the Note after default.

f)     The Note shall be secured by, among other things, residential property owned by C. D'Onofrio.

g)     Should V. Nastro seek to sell the promissory note, NEPS shall have right of first refusal to match the sale price.

h)     Nastro shall use the funds he receives to pay certain obligations of USPC and to otherwise satisfy and compensate disputed claims.

i)     This Chapter 11 Case shall be dismissed.

13.     The remaining terms and conditions of the Settlement are set forth in the Term Sheet annexed hereto. The Settlement will be of no force and effect and will be inadmissible in any proceeding if the Court fails to approve the motions or if the Settlement fails to close. (FRE 408).

**BASIS FOR APPROVAL**

14.     In considering whether to approve a proposed settlement, the Bankruptcy Court must determine whether the settlement is in the best interests of the estate, considering (a) the probability of success, should the matter be litigated; (b) any collection difficulties that may be encountered; (c) the complexity of the litigation and the associated expense, inconvenience and delay; and (d) "the paramount interest of the creditors and a proper deference to their reasonable views." In re Marshall, 33 B.R. 42, 43 (Bankr. D. Conn. 1983) (citations omitted). In the Second Circuit, the standard is whether the settlement "fall[s] below the lowest point in the range of reasonableness." In re W.T. Grant Co., 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822, 104 S.Ct. 89, 78 L.Ed.2d 97 (1983) (internal quotations and citation omitted).

15.    The claims herein proposed to be settled have given rise to numerous vigorously contested court proceedings in at least three different fora over ten (10) years. The Settlement for which the Movants seek approval emerged from a lengthy mediation process that included multiple face-to-face mediation sessions and considerable bargaining on all material terms. Creditors of the Debtor, other than Nastro, would not be harmed by the proposed Settlement. In fact, this Settlement would enable all creditors to be paid in the ordinary course and maximize the productive and revenue generating assets of the Debtor's estate. Indeed, continued litigation, the only alternative to the proposed Settlement, would impose a significant expense on the Debtor's estate and otherwise deplete revenues and resources necessary to support the Debtor's business, and, therefore, could be detrimental to other creditors' interests. Consequently, the Movants represent that the Settlement is well within the range of reasonableness, and in the best interest of the estate, and therefore should be approved by this Court.

7

**WHEREFORE,** the Movants respectfully request that this Court enter an order

a.      approving the material terms of the Settlement set forth herein;

b.      authorizing and directing the Debtor to take such further action to execute and deliver Settlement documents and funds reasonably necessary or required to conclude the Settlement;

c.      authorizing and directing counsel for the Debtor, NEPS and V. Nastro to certify to this Court, within 45 days after this Court's entry of an order granting this Motion, that the Settlement has been closed, as a precondition for dismissal of the Debtor's Chapter 11 case, and

d.      granting such other and further relief as it deems just and proper.

                    **COUNSEL TO DEBTOR,**
                    **ARTHUR M. D'ONOFRIO, JR.**

                    By:  /s/ Raymond C. Bliss
                         Raymond C. Bliss, Esq. (ct 07239)
                         Denise R. Polivy (ct19679)
                         Baker O'Sullivan & Bliss PC
                         Putnam Park, Suite 100
                         100 Great Meadow Rd.
                         Wethersfield, CT  06109
                         Phone:  (860) 258-1993
                         Fax:  (860) 258-1991


                    **COUNSEL TO NEW ENGLAND PROPELLER**
                    **SERVICE, INCORPORATED**

                    By:  /s/ James J. Tancredi
                         James J. Tancredi (ct06819)
                         Marjorie Callan Carson (ct25556)
                         Day, Berry & Howard LLP
                         CityPlace I
                         185 Asylum Street
                         Hartford, CT 06103-3499
                         Phone: (860) 275-0100
                         Fax:  (860) 275-0343

8

# EXHIBIT 5



**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN**

| | |
|---|---|
| In re | **Chapter 11** |
| **ARTHUR M. D'ONOFRIO, JR.,** | **Case No. 04-33561 (ASD)** |
| **Debtor.** | |

### ORDER ON MOTION TO APPROVE COMPROMISE AND SETTLEMENT OF CLAIMS

The Motion to Approve Compromise and Settlement of Claims (the "Motion") filed by Arthur M. D'Onofrio, Jr., the Debtor and Debtor-in Possession (the "Debtor") in the above-captioned Chapter 11 proceedings, and New England Propeller Service, Inc. ("NEPS"), a party-in-interest and co-proponent of the Debtor's Plan of Reorganization (together, the "Movants"), having been presented to this Court, and after due notice and a hearing; and

WHEREAS, the Debtor and V. Nastro formerly engaged in business dealings involving the sale, installation, repair, and service of airplane propellers; and

WHEREAS, the business relationship between the Debtor and V. Nastro failed and litigation ensued; and

WHEREAS, on July 29, 2004, the Debtor filed a voluntary petition for Chapter 11 relief in the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court" or this "Court"); and

WHEREAS, litigation between the Debtor and V. Nastro in this Court followed the Debtor's Chapter 11 filing; and

WHEREAS, V. Nastro filed a proof of claim (the "V. Nastro POC") against the Debtor's estate asserting $34,898,128.87 in unliquidated claims, comprising the majority, in amount, of general unsecured claims filed against the Debtor's estate; and.

WHEREAS, certain factual disputes related to the litigation between the Debtor and V. Nastro were tried before this Court in December, 2004, in the context of contested hearings on the motions of V. Nastro for stay relief and to appoint a trustee (the "Pending Motions"), and this Court heard oral argument on questions of law related to the litigation in January, 2005; and.

WHEREAS, the Debtor, NEPS, and V. Nastro agreed to seek a mediated resolution of their dispute and, after strenuous negotiation and numerous mediation sessions for which the Honorable Alan H.W. Shiff, United States Bankruptcy Judge, served as mediator, the Debtor, NEPS, and V. Nastro agreed upon the terms of the Settlement; and

WHEREAS, aside from the claims addressed in the Settlement, there are no material prepetition disputes or defaulted financial obligations of the Debtor or prepetition assets in the Debtor's estate to be administered in the Chapter 11 case; and

WHEREAS, the resolution of these matters will resolve and vitiate the necessity of ruling on the Pending Motions of V. Nastro and any related adversary proceedings; and

WHEREAS, contemporaneously with the filing of this Motion, the Movants have filed a Motion to Approve Joint Stipulation for Limited Stay Relief asking this Court to enter the joint stipulation executed by the Movants and V. Nastro agreeing to limited relief from stay (the "Motion for Limited Stay Relief") so that they may seek, inter alia, relief from the pending injunctive orders of the District Court of Connecticut with respect to the assets of the D'Onofrio Parties and NEPS; and

41b47J44.1 066266-00000
December 1, 2005 12:38 pm

WHEREAS, should the Court deny the relief requested by the Debtor and NEPS in the Stipulated Stay Relief Motion, the Settlement shall be of no force and effect and the Chapter 11 case, including related motions and proceedings, shall remain pending; and

WHEREAS, also contemporaneously with the filing of this Motion, the Movants have filed a Motion to Dismiss Chapter 11 Case asking this Court to enter an order dismissing this Chapter 11 case pursuant to Rule 1017 of the Federal Rules of Bankruptcy Procedure and § 1112(b) of the Bankruptcy Code, conditioned upon (i) this Court's entering this Order and, (ii) within forty-five of the entry of this Order, counsel filing a certification that the Settlement has closed; and

WHEREAS, should this Court fail to enter an order dismissing this Bankruptcy Case, the Settlement shall be of no force or effect; and

WHEREAS, should the Settlement fail to close, the Settlement shall be of no force and effect and shall be inadmissible in any proceeding, pursuant to Fed. R. Evid. 408; and

WHEREAS, the Settlement would enable all creditors to be paid in the ordinary course and maximize the productive and revenue generating assets of the Debtor's estate; and

WHEREAS, continued litigation could be detrimental to other creditors' interest; and

WHEREAS, this Court, having been presented with the foregoing, and finding that the Settlement is well within the range of reasonableness and that approval of the Settlement is in the best interest of the estate and its creditors; it is, therefore, hereby

ORDERED, ADJUDGED AND DECREED THAT the Motion to Approve Compromise and Settlement hereby is and shall be GRANTED; and it is further

416473.44.3 064286-00000
December 1, 2005 12:36 pm

K0134

ORDERED that the material terms of the Settlement set forth in the Motion hereby are and shall be APPROVED; and it is further

ORDERED that the Debtor hereby is and shall be authorized and directed to take such further action to execute and deliver Settlement documents and funds as is reasonably necessary or required to conclude the Settlement; and it further

ORDERED that counsel for the Debtor, NEPS and V. Nastro shall certify to this Court, as a condition prior to dismissal of the Debtor's Chapter 11 case, that the Settlement has been closed; and it is further

ORDERED, ADJUDGED AND DECREED THAT, upon final closing of the Settlement, by consent of V. Nastro, through his counsel, V. Nastro, his agents, servants, attorneys, their successors and assigns and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, shall be permanently restrained, enjoined and prohibited, under the authority of this Court under 11 U.S.C. § 105 and Fed. R. Bankr. P. 7065, from directly or indirectly, initiating any claim, suit or proceeding against Arthur M. D'Onofrio, Jr., Carolyn D'Onofrio, Arthur A. D'Onofrio, Paul D'Onofrio, Nicole D'Onofrio (collectively, the "D'Onofrio Defendants"), New England Propeller Service, Inc. ("NEPS") and its affiliates, including, but not limited to, ADMW, LLC and DIV-ACQ, Inc., in law or equity, which V. Nastro or any person controlled or entity owned/controlled by him, ever had, now have, or hereafter can, shall, or may have from the beginning of the world to the day of these presents, whether the foregoing were known or unknown, asserted or not asserted, anticipated or unanticipated. NOTWITHSTANDING the above, this Order does not affect or impair any of the Parties' rights, duties, obligations,

agreements, representations, covenants, or warranties under the Settlement Agreement and all Settlement Documents, including, but not limited to the right to bring any legal proceedings under the terms of or to enforce any of the provisions of the Settlement Agreement and Settlement Documents; and it is further

**ORDERED** that the terms of this Order shall survive as a final judgment, decree and order of the Bankruptcy Court notwithstanding the dismissal of this Chapter 11 bankruptcy case.

Dated: November 30, 2005                            BY THE COURT

Albert S. Dabrowski
Chief United States Bankruptcy Judge

41647344.1 066266-00000
December 1, 2005 12:36 pm