UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
------------------------------------------------------x
VINCENT NASTRO                      :   NO. 3:02 CV 00857 (DJS)
                                    :
                                    :
            The Plaintiff           :
                                    :
v.                                  :
                                    :
`ARTHUR M. D'ONOFRIO, et al         :
                                    :
                                    :
            The Defendants          :   FEBRUARY 16, 2007
------------------------------------------------------x
```

## DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to this Court's order dated November 22, 2006, the defendants, KLEBAN & SAMOR, P.C. and ELLIOT I. MILLER (hereinafter "Attorney Miller"), hereby submit this reply to plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment dated January 29, 2007 (hereinafter "Reply").

A.   Plaintiff erroneously argues that claims of mail and wire fraud do not require evidence of intent.

In his Reply, the plaintiff claims that proof of actual intent is not necessary to establish a claim of mail or wire fraud actionable under RICO. In support of his claim, the plaintiff cites, in part, the following footnote from United States v. Computer Sciences Corp., 869 F.2d 1181, 1188 fn. 14 (4th Cir. 1982):

> We pass rapidly over the contention that dismissal of the wire fraud counts was proper in the absence of allegations that the wire transmissions themselves were false or fraudulent. It is also well

> recognized that innocence in a mailing, the consideration that a mailing was absent criminal intent, does not insulate from mail fraud prosecution if the mailing was a step in the fraudulent path.

Despite what may be claimed by the plaintiff, this footnote does not support the plaintiff's argument that proof of intent is not required to establish a mail or wire fraud claim actionable under RICO. Rather, what this footnote actually stands for is the principle that a claim for mail or wire fraud can be stated, even if an individual mailing itself was not false or fraudulent, so long as the mailing was part of a scheme intended to defraud a plaintiff. Nothing in Computer Sciences Corp. even remotely suggests that a plaintiff is not required to prove that a defendant acted with intent in order to prove a claim for mail or wire fraud actionable under RICO.

In fact, it is well-established that in order to prevail on a claim for mail or wire fraud, the plaintiff must prove that the "scheme was devised with *__the specific intent to defraud__*...that the use of the mails [or wires] in furtherance of the scheme was reasonably foreseeable...that...non disclosures or affirmative misrepresentations [were] material, [and] that some actual harm or injury was at least contemplated." (Emphasis added). The Cadle Company v. Flanagan, 2005 WL 1039005 *10 (D.Conn. 2005), citing United States v. Rodolitz, 786 F.2d 77, 80 (2nd Cir. 1986).

As set forth in greater detail in the Defendants' Memorandum of Law in Support of Motion for Summary Judgment (hereinafter "defendants' Memorandum of Law"), the plaintiff's claim of mail and wire fraud must fail not only because a "fraudulent transfer" in violation of Connecticut General Statutes § 52-552a is not a criminal offense identified as "racketeering activity" in 18 U.S.C. § 1961(a), but also, for the additional reason that

- 2 -

the plaintiff cannot prove intent on the part of Attorney Miller to defraud the plaintiff. In fact, Attorney Miller did not even know of the California judgment entered in favor of the plaintiff before the Chana Trust was executed. (Defendant's Local Rule 56(a)1 Statement, ¶ 18).

Therefore, in the complete absence of any evidence that Attorney Miller or Kleban & Samor, P.C. engaged in "racketeering activity" – namely, mail or wire fraud indictable under 18 U.S.C. § 1341 and § 1343 - the plaintiff's RICO claim must fail and the defendants' motion for summary judgment should be granted.

   B.    The plaintiff has not established closed or open-ended continuity.

   In his Reply, the plaintiff claims that he has established closed-ended continuity based on United States v. Indelicato, 865 F.2d 1370, 1383 (2nd Cir. 1989), which states that:

> We doubt that Congress meant to exclude from the reach of RICO
> multiple acts of racketeering simply because they achieve their
> objective quickly or because they further but a single scheme.

   Despite what may be claimed by the plaintiff, Indelicato does not support his argument that closed-ended continuity can be proved by acts in this case spanning, at most, eleven months. Rather, in Indelicato, the court appears to have found that the evidence supported open-ended continuity holding that:

> Though the murders themselves were quickly completed, both the
> nature of the Commission, which was the alleged RICO enterprise,
> and the criminal nature of the Bonanno family, control of which the
> murders were designed to achieve, made it clear beyond
> peradventure that there was a threat of continuing racketeering
> activity.

Id. at 1384-85.

As set forth in greater detail in the defendants' Memorandum of Law, case law from this Circuit clearly establishes that acts spanning an eleven month period are insufficient to establish closed-ended continuity. First Capital Asset Management, Inc. v. Brickelbush, Inc., 150 F.Supp.2d 624, 634 (S.D.N.Y. 2001)("Since the Supreme Court decided *H.J. Inc. v. Northwestern Bell Telephone Co.*, this circuit has not held that a period of less than two years amounted to a period of time sufficiently substantial to make out a closed-ended pattern.") ; SKS Constructors, Inc. v. Drinkwine, 458 F.Supp.2d 68, 78 (E.D.N.Y. 2006)("The Second Circuit has noted that it has never held a period of less than two years of activity sufficient to satisfy the closed ended continuity requirement.") citing DeFalco v. Bernas, 244 F.3d 286, 321 (2nd Cir. 2001). Yet, that is precisely what the plaintiff is attempting to argue here.

Furthermore, despite what may be claimed by the plaintiff, he has not established open-ended continuity either. Open-ended continuity may be established by showing "a threat of continuing criminal activity beyond the period during which the predicate acts were performed." DeFalco v. Bernas, 244 F.3d 286, 323 (2nd Cir. 2001). When the enterprise "primarily conducts a legitimate business, there must be evidence from which it may be inferred that the predicate acts were the regular way of operating that business, or that the nature of the predicate acts themselves implies a threat of continued criminal activity." First Capital Asset Management, 150 F.Supp.2d 633.

As the evidence in this case demonstrates, the plaintiff cannot establish closed-ended continuity because the Chana Trust was terminated and the assets of the trust were

repatriated and returned to Mr. D'Onofrio's custody on December 23, 2004. (Defendants' Local Rule 56(a)1 Statement, ¶ 20). Assuming, of course, that the predicate acts alleged by the plaintiff constitute "criminal activity," the fact that the trust was terminated is fatal to the plaintiff's claim that there is a threat that such "criminal activity" is continuing.

Additionally, the plaintiff's reliance on <u>Thomas v. Ross & Hardies</u>, 9 F.Supp.2d 547 (D. Maryland 1998) is misplaced. Although in <u>Thomas</u>, the court found that the plaintiff homeowners who had been victimized by a scheme to illegally divert mortgage proceeds had stated open-ended continuity, the court's holding was based on the fact that the defendants' scheme did not have a limited purpose which terminated upon the achievement of a limited goal. Specifically, the court held that:

> In the case *sub judice*, the scheme alleged by the complaint was not self-terminating and did not have a finite goal. There is no reason to believe [the defendants] had a fixed number of victims in mind for the broad, open-ended scheme. Instead, the facts alleged by the complaint strongly suggest that [the defendants] would have continued to defraud homeowners for as long as they could.

<u>Id</u>. at 554.

That is not the situation in the present case. Again, assuming for purposes of this argument that the defendants' conduct amounts to "racketeering activity," the "scheme" alleged by the plaintiff had a finite goal – establishing the Chana Trust – and only one "victim," Mr. Nastro. The "broad, open-ended scheme" contemplating numerous victims as was pled in <u>Thomas</u> simply is not present in the instant case.

Therefore, since the plaintiff cannot establish either closed-ended or open-ended continuity, the defendants are entitled to judgment as a matter of law.

C.    The plaintiff cannot establish two or more predicate acts.

In his Reply, the plaintiff claims that he has established "six predicate acts." To support this claim, the plaintiff relies on Proctor & Gamble Co. v. Big Apple Industrial Buildings, Inc., 879 F.2d 10, 16 (2nd Cir. 1989). However, the plaintiff's reliance on Proctor & Gamble Co. is misplaced. In the language from Proctor & Gamble Co. cited by the plaintiff, the court was considering whether the requisite element of continuity had been established. The court was not addressing the issue of whether the plaintiff had sufficiently established at least two predicate acts. Therefore, Proctor & Gamble Co. provides no support for the plaintiff's claim that "six predicate acts" have been established in the present case.

As set forth in greater detail in the defendants' Memorandum of Law, multiple acts in furtherance of a single scheme do not constitute a pattern of racketeering activity. See Persaud v. Bode, FHB, 2006 WL 1419397 (E.D.N.Y. 2006); Linens of Europe, Inc. v. Best Mfg., Inc., 2004 WL 2071689 (S.D.N.Y. 2004); Tellis v. United States Fid. & Guar. Co., 826 F.2d 477, 478 (7th Cir. 1986). Yet, that is precisely what the plaintiff attempts to do here. Although the plaintiff alleges a number of different uses of the mail and facsimiles by the defendants, each and every use related to the single act of establishing the Chana Trust. As the above cited case law demonstrates, at best, this would amount to one predicate act, not the six claimed by the plaintiff.

- 6 -

Therefore, since the plaintiff cannot establish two or more predicate acts on the part of Attorney Miller and Kleban & Samor, P.C., the defendants' motion for summary judgment should be granted.

> D.     The plaintiff's judicial admission that the RICO enterprise and the RICO person are identical is fatal to his claim against the defendants.

In arguing that he has sufficiently established that the RICO enterprise and the RICO person are distinct, the plaintiff ignores the judicial admission in his RICO case statement that, in fact, the RICO enterprise and the RICO person are identical.  (See RICO Case Statement at p. 7; (e)).

"A party's assertion of fact in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding." Bellefonte Re Ins. Co. v. Argonaut Ins. Co., 757 F.2d 523 (2nd Cir. 1985).  Therefore, since the plaintiff has admitted that the RICO person is the same as the RICO enterprise, the plaintiff cannot establish a legally sufficient RICO claim and the defendants are entitled to judgment as a matter of law.

> E.     The performance of otherwise proper legal services by an attorney of a law firm is not a RICO violation.

In his Reply, the plaintiff argues that the legal services provided by the defendants "strike[] at the very core of the enterprise" and therefore, a claim for RICO has been established.  This is simply inaccurate.

As set forth in greater detail in the defendants' Memorandum of Law, the evidence demonstrates that Attorney Miller and Kleban & Samor, P.C.'s role was confined, at all times, to providing standard and appropriate tax advice and services.

Attorney Miller was retained by Mr. D'Onofrio to review the draft trust documents, provide advice concerning the estate, gift and income tax effects of the establishment of the Chana Trust and prepare required tax filings. (Defendants' Local Rule 56(a)1 Statement, ¶ 7). After he was retained, Attorney Miller and/or Kleban & Samor, P.C. reviewed the draft trust document, communicated tax advice to Mr. D'Onofrio, requested revisions to the trust document, prepared and filed required forms with the Internal Revenue Services, and prepared and filed fiduciary and income tax returns for the Chana Trust. (Defendants' Local Rule 56(a)1 Statement, ¶¶ 8, 9, 11, 13, 14, 16).

It is well established that in order for a RICO claim to be actionable against an attorney, the attorney must "participate in the operation or management of the enterprise itself." Reves v. Ernst & Young, 507 U.S. 170, 185 (1993). Contrary to the plaintiff's claim, the evidence presented in this case clearly demonstrates that Attorney Miller and Kleban & Samor, P.C.'s role with regard to the Chana Trust was providing legal services to Mr. D'Onofrio and as the above-cited case law demonstrates, this is simply not enough to prevail on a claim for RICO against an attorney.

WHEREFORE, the defendants, KLEBAN & SAMOR, P.C. and ELLIOT I.

MILLER, respectfully request this court grant their Motion for Summary Judgment.

THE DEFENDANTS
Elliot I. Miller and
Kleban & Samor, P.C.

By _____

Anthony Nuzzo, Jr.
Federal Bar No. CT05397
NUZZO & ROBERTS, L.L.C.
One Town Center
P.O. Box 747
Cheshire, Connecticut 06410
Tel: (203) 250-2000
Fax: (203) 250-3131
anuzzo@nuzzo-roberts.com

## CERTIFICATION

This is to certify that on February 16, 2007, a copy of the foregoing Defendants' Supplemental Memorandum of Law in Support of Motion for Summary Judgment was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By _____

      Anthony Nuzzo, Jr.
      Federal Bar No: CT05397
      NUZZO & ROBERTS, L.L.C.
      One Town Center
      P.O. Box 747
      Cheshire, Connecticut 06410
      Tel: (203) 250-2000
      Fax: (203) 250-3131
      anuzzo@nuzzo-roberts.com

\\Fp\nuzzo\WP\423002\134\Reply Obj MSJ 2 16 07.doc