UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **VINCENT NASTRO** | : | CIVIL ACTION |
| | : | NO. 3:02 CV 00857 (DJS) |
| V. | : | |
| **KLEBAN & SAMOR, P.C. and** | : | |
| **ELLIOT I. MILLER** | : | FEBRUARY 20, 2007 |

## PLAINTIFF'S LOCAL RULE 9(c)(2) STATEMENT

This statement is submitted by plaintiff Vincent Nastro pursuant to Local Rule 9(c)(2) in response to Defendants' Local Rule 56(a)(1) Statement dated January 29, 2007.

I. **RESPONSE TO DEFENDANTS' STATEMENT.**

1. Admitted, except that the California action was to collect amounts owed by Arthur D'Onofrio to Vincent nastro and not an action to dissolve a corporation.

2. Admitted.

3. Admitted.

4. Denied. This is contradicted by the deposition testimony of Elliot Ira Miller, April 30, 2002, page 9.

5. Admitted.[1]

---

[1] This statement is admitted for purposes of this motion only. Elliot I. Miller, on whose affidavit the Local Rule Statement is based, has not been deposed since waiving the attorney-client privilege.

6. Admitted. <u>See</u> footnote 1.

7. Admitted, but see par. II.2.

8. Denied.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Denied.

18. Denied.

19. Admitted.

20. Admitted as to the content of Exhibit 3. Denied as to repatriation and return of Trust assets since such return would have been in violation of preliminary injunction issued by this Court on December 18, 2002 (Docket No. 47), which injunction was not terminated until December 7, 2005 (Docket No. 153).

21. Admitted.

---

Plaintiff was unable to inquire of Attorney Miller at the 4/30/02 examination concerning the conversations with Arthur D'Onofio since privilege as to these conversations was claimed.

## II.     ISSUES OF MATERIAL FACT TO BE TRIED.

1.     Did Attorney Miller and Kleban & Samor (hereinafter "Defendants") know or should they have known of the judgment in favor of Vincent Nastro against Arthur D'Onofrio?

2.     Did Defendants' scope of representation of Arthur D'Onofrio include discussion concerning protection of trust assets from judgment creditors as set forth in Exhibits A and C to Defendants' Memorandum?

4.     Did Defendants have involvement in the preparation of the initial draft of The Chana Trust? See Examination of Elliot I. Miller, 4/30/02 at 36 - 37.

3.     Did Defendants have dealings with Arthur D'Onofrio and/or Continental Trust, Trustee of The Chana Trust concerning the Chana Trust between July 11, 2001 and April, 2002, the dates set forth in paragraphs 15 and 16 of Defendants' Local Rule Statement? See Examination of Elliot I. Miller, 4/30/02 at 38 - 39.

THE PLAINTIFF
VINCENT NASTRO

by: _____
Edwin L. Doernberger
Fed. Bar No. ct05199
Heidi H. Zapp
Fed. Bar No. ct24426
Saxe, Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517
Tel. (203) 287-8890
Fax. (203) 287-8847

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically and served via first class mail, postage pre-paid, to the following counsel of record on February 20, 2007:

Thomas P. O'Dea, Jr., Esq.
James M. Sconzo, Esq.
Halloran & Sage LLP
315 Post Road West
Westport, CT 06880-4739

Anthony Nuzzo, Jr. Esq.
Nuzzo & Roberts, LLC
One Town Center
P.O. box 747
Cheshire, CT 06410

Heidi H. Zapp