## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **VINCENT NASTRO** | : | **CIVIL ACTION** |
| | : | **NO. 3:02 CV 00857 (DJS)** |
| | : | |
| **V.** | : | |
| | : | |
| **KLEBAN & SAMOR, P.C. and** | : | |
| **ELLIOT I. MILLER** | : | **MARCH 5, 2007** |

### PLAINTIFF'S REPLY TO DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

The plaintiff Vincent Nastro ("Nastro") submits this reply in response to defendants', Kleban & Samor, P.C. and Elliot I. Miller (hereinafter collectively referred to as "Defendants") Reply to Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment dated February 16, 2007.[1] In the fifth count of the Amended Complaint, Nastro alleges Defendants engaged in RICO violations in that the Defendants, together with other policies, used the mail and wire in conjunction with a RICO enterprise for the purpose of defrauding D'Onofrio's creditors including Nastro.

---

[1] Nastro incorporates by reference his Memorandum in Opposition to Defendants Kleban & Samor, P.C. and Elliot I. Miller's Motion to Dismiss dated February 3, 2006 (No. 164), July 30, 2003 (No. 73), January 29, 2007 (No. 178), and February 20, 2007 (No. 180) for a more expansive argument.

## I.    BACKGROUND

Nastro directs the Court to the factual background as set forth in the February 3, 2006 (No. 164) Memorandum of Law in Opposition to Defendants Motion to Dismiss for a full recitation of the facts of this case.  Nastro disputes a number of factual allegations made by Defendants and which are addressed in Nastro's Rule 9(c)(2) Statement.

Further, Nastro notes that there has been no opportunity to date to inquire as to the knowledge Attorney Elliot I. Miller had regarding Arthur D'Onofrio's assets at the time of the creation of the Chana Trust nor to ascertain Attorney Miller's knowledge concerning the judgment against Mr. D'Onofrio at the time of the transfer of assets.  Also, Nastro has not been able to conduct discovery as to the continued and full extent of the conduct or acts of Defendants with respect to this scheme.  Consequently, there remain additional genuine issues of material fact to this claim.

## II.    ARGUMENT

Nastro bases his RICO claim against the Defendants upon the actions of wire and mail fraud committed by the Defendants.  The Defendants utilized their legal services to participate in and conduct a pattern of racketeering activity in the furtherance of a RICO enterprise.

**A.    Constructive intent is sufficient for the allegations that the defendants engaged in mail and wire fraud in violation of 18**

U.S.C. § 1961 to further the scheme to defraud Nastro.[2]

Despite the case law in support of Nastro's claim that actual intent is unnecessary, Defendants continue to claim that intentional fraud is required. However, "[f]raudulent intent may be found from circumstantial evidence that one party arranged matters with another party in such a way as would facilitate the commission of fraud."  Crowe v. Henry, 115 F.3d 294, 297 (5th Cir. 1997). D'Onofrio arranged matters with the Defendants and Defendants facilitated the creation of The Chana Trust in order to further D'Onofrio's scheme to defraud Nastro.

The claims set forth in Nastro's Amended Complaint are well within the standards establishing mail and wire fraud.  Defendants participated in a scheme to defraud Nastro and they used wire and mail in furtherance of that scheme.

**B.    Nastro has established both the requisite continuity and predicate acts necessary to support bringing a RICO action and has established that the RICO persons are different from the RICO enterprise.**

Nastro incorporates by reference all previous briefs addressing this issue. See Footnote 1.

**C.    The Defendants can not be absolved of their actions in the RICO scheme simply because they used their professional skills.**

Nastro incorporates by reference all previous briefs addressing this issue.

---

[2] Nastro incorporates by reference all arguments previously made on this topic and addressed in numerous briefs.  See Footnote 1.

See Footnote 1.

## III.    CONCLUSION

Under the standard for summary judgment, Nastro has presented several issues of material facts through his memorandums in opposition to Defendants motions to dismiss, in his supplemental brief, his response and this reply. Per the Since all reasonable inferences and any ambiguities are drawn in favor of the non-moving party, Defendants have failed to sustain their burden for supporting their summary judgment motion/motion to dismiss.   Consequently, Defendants' summary judgment/motion to dismiss must be denied.

THE PLAINTIFF
VINCENT NASTRO

by: _____
Edwin L. Doernberger
Fed. Bar No. ct05199
Heidi H. Zapp
Fed. Bar No. ct24426
Saxe, Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517
Tel. (203) 287-8890
Fax. (203) 287-8847

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically and served via first class mail, postage pre-paid, to the following counsel of record on March 5, 2007:

Thomas P. O'Dea, Jr., Esq.
James M. Sconzo, Esq.
Halloran & Sage LLP
315 Post Road West
Westport, CT 06880-4739

Anthony Nuzzo, Jr. Esq.
Nuzzo & Roberts, LLC
One Town Center
P.O. box 747
Cheshire, CT 06410

Heidi H. Zapp