UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

----------------------------------------------------x
VINCENT NASTRO                          :    NO. 3:02 CV 00857 (DJS)
                                        :
         The Plaintiff                  :
v.                                      :
                                        :
ARTHUR M. D'ONOFRIO, et al              :
                                        :
         The Defendants                 :    MARCH 5, 2007
----------------------------------------------------x

### DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Pursuant to this Court's order dated November 22, 2006, the defendants, KLEBAN & SAMOR, P.C. and ELLIOT I. MILLER (hereinafter "the defendants" or "Attorney Miller"), hereby submit this reply to plaintiff's Opposition to Defendants' Supplemental Memorandum of Law in Support of Motion for Summary Judgment dated February 20, 2007 (hereinafter "Reply"). Many of the arguments raised by the plaintiff in his Reply have already been addressed by the defendants in their Reply to Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment dated February 16, 2007, and will not be repeated herein.

A.   The plaintiff has not complied with Local Rule 56(a)(3) and therefore, all facts contained in the defendants' Local Rule 56(a)1 Statement should be deemed admitted.

Local Civil Rule 56(a)(3) provides, in pertinent part, that:

> ... each denial in an opponent's Local Rule 56(a)(2) ... must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial ... The "specific citation" obligation of this Local Rule requires counsel and pro se parties to cite to specific paragraphs when citing affidavits or responses to discovery requests,

> and to cite to specific pages when citing to deposition or other transcripts or to documents longer than a single page in length. Counsel and pro se parties are hereby notified that failure to provide specific citations to evidence in the record as required by this Local Rule may result in the Court deeming certain facts that are supported by the evidence admitted in accordance with Rule 56(a)(1) or in the Court imposing sanctions, including ... when the opponent fails to comply, an order granting the motion if the undisputed facts show that the movant is entitled to judgment as a matter of law.

In his Local Rule 9(c)(2) Statement (sic), the plaintiff purports to deny several paragraphs of the defendants' Local Rule 56(a)1 Statement. However, for all but one of these denials, the plaintiff fails to cite to any evidence to support it. (See ¶¶ 8, 17, and 18). Therefore, pursuant to Local Rule 56(a)(3), paragraphs 8, 17, and 18 of the defendants' Local Rule 56(a)1 Statement should be deemed admitted by the plaintiff.

As for the one paragraph in which the plaintiff appears to comply with the "specific citation" rule, it is clear that the evidence cited does not support the plaintiff's denial. In paragraph 4 of the defendants' Local Rule 56(a)1 Statement, the defendants state: "In Late-April/early-May 2001, Attorney Miller received a telephone call from a lawyer who advised him that he had referred Mr. Arthur D'Onofrio to him for tax advice related to an off-shore trust that he was establishing." The plaintiff has denied this paragraph, citing to page 9 of the deposition transcript of Attorney Miller. However, nothing on page 9 (or any other page) of Attorney Miller's deposition transcript even remotely contradicts Attorney Miller's statement that he received a call from a lawyer at some point in late-April/early-May 2001 advising him that he had referred Mr. D'Onofrio to him for tax advice. As such, the plaintiff's denial of paragraph 4 of the defendants' Local Rule 56(a)1 Statement is simply not supported by any evidence and should be disregarded.

> and to cite to specific pages when citing to deposition or other transcripts or to documents longer than a single page in length. Counsel and pro se parties are hereby notified that failure to provide specific citations to evidence in the record as required by this Local Rule may result in the Court deeming certain facts that are supported by the evidence admitted in accordance with Rule 56(a)(1) or in the Court imposing sanctions, including ... when the opponent fails to comply, an order granting the motion if the undisputed facts show that the movant is entitled to judgment as a matter of law.

In his Local Rule 9(c)(2) Statement (sic), the plaintiff purports to deny several paragraphs of the defendants' Local Rule 56(a)1 Statement. However, for all but one of these denials, the plaintiff fails to cite to any evidence to support it. (See ¶¶ 8, 17, and 18). Therefore, pursuant to Local Rule 56(a)(3), paragraphs 8, 17, and 18 of the defendants' Local Rule 56(a)1 Statement should be deemed admitted by the plaintiff.

As for the one paragraph in which the plaintiff appears to comply with the "specific citation" rule, it is clear that the evidence cited does not support the plaintiff's denial. In paragraph 4 of the defendants' Local Rule 56(a)1 Statement, the defendants state: "In Late-April/early-May 2001, Attorney Miller received a telephone call from a lawyer who advised him that he had referred Mr. Arthur D'Onofrio to him for tax advice related to an off-shore trust that he was establishing." The plaintiff has denied this paragraph, citing to page 9 of the deposition transcript of Attorney Miller. However, nothing on page 9 (or any other page) of Attorney Miller's deposition transcript even remotely contradicts Attorney Miller's statement that he received a call from a lawyer at some point in late-April/early-May 2001 advising him that he had referred Mr. D'Onofrio to him for tax advice. As such, the plaintiff's denial of paragraph 4 of the defendants' Local Rule 56(a)1 Statement is simply not supported by any evidence and should be disregarded.

Therefore, because the plaintiff has not complied with Local Rule 56(a)(3), all facts contained in the defendants' Local Rule 56(a)1 Statement should be deemed admitted for purposes of the defendants' Motion for Summary Judgment.

    B.    <u>Plaintiff erroneously claims that he has established conduct which constitutes a racketeering activity under RICO.</u>

In his Reply, the plaintiff appears to claim that he has established conduct which constitutes a racketeering activity under RICO since he has alleged a "scheme to defraud" him which was conducted by the defendants' engaging in mail and wire fraud. (Reply at p. 3). This argument is simply without merit.

Both the mail fraud statute, 18 U.S.C. § 1341; and the wire fraud statute, 18 U.S.C. § 1343; make it an offense "to devise any scheme or artifice to defraud." In the context of these statutes, "the words 'to defraud' commonly refer to wronging one in his property rights by dishonest methods or schemes and usually signify the deprivation of something of value by trick, deceit, chicane or overreaching." (Internal quotation marks omitted); <u>United States v. Pierce</u>, 224 F.3d 158 (2nd Cir. 2000) citing <u>McNally v. United States</u>, 483 U.S. 350, 358 (1987).

What is evident form the plaintiff's complaint is that the alleged "scheme to defraud" is the transfer to Mr. D'Onofrio's assets to the Chana Trust. However, neither this transfer, or any mailing or communication related to the transfer, can properly constitute a "scheme to defraud" the plaintiff since this transfer was not accompanied by any trick, deceit, or misrepresentation. In short, there was nothing fraudulent about this transfer.

As set forth in greater detail in the defendants' Supplemental Memorandum of Law dated January 29, 2007 (hereinafter "defendants' Supplemental Memorandum"),

there is no evidence that Attorney Miller or Kleban & Samor, P.C. made any intentional misrepresentations to anyone with the intent that they rely upon it to their detriment. In fact, all of the communications which the plaintiff relies on to support his mail and wire fraud claim involve either truthful and accurate correspondence between the defendants and the Continental Trust Company or IRS filings required by law. Furthermore, there is no evidence that the establishment of the Chana Trust and the transfer of assets were made under any false misrepresentations or pretenses. In fact, the undisputed evidence in this case demonstrates that Attorney Miller did not even know of the California judgment entered in favor of the plaintiff before the Chana Trust was executed. (Defendants' Local Rule 56(a)1 Statement, ¶ 18).

Despite what may be claimed by the plaintiff, Webster Industries, Inc. v. Northwood Doors, Inc., 320 F.Supp. 2d 821 (N.D. Iowa 2004) is directly applicable to the present case. As set forth in greater detail in the defendants' Supplemental Memorandum, the Webster court correctly found that a violation of Iowa's version of the Uniform Fraudulent Transfer Act (which is nearly identical to Connecticut's Fraudulent Transfer Act) was not a racketeering activity actionable under RICO and therefore, truthful and accurate mailings related to the transfer could not form the basis for a mail fraud predicate act. Id. at 848.

Nonetheless, that is precisely what the plaintiff is attempting to argue here. As stated above, there is no evidence that the defendants engaged in any fraudulent or deceitful conduct or that they concealed or misrepresented any facts to anyone. As the undisputed evidence in this case demonstrates, the defendants' roles was confined, at all times, to providing standard and appropriate tax advice and services and all the

communications challenged by the plaintiff are entirely consistent with this purpose. These communications, which are entirely truthful and accurate, relate solely to the transfer to Mr. D'Onofrio's assets to the Chana Trust and as <u>Webster</u> demonstrates, they simply cannot support a claim for mail or wire fraud.

Therefore, in the complete absence of any evidence that Attorney Miller or Kleban & Samor, P.C. engaged "racketeering activity" – namely, mail or wire fraud indictable under 18 U.S.C. § 1341 and § 1343 - the plaintiff's RICO claim must fail and the defendants' motion for summary judgment should be granted.

    C.    <u>Intent is necessary to prove mail and/or fraud.</u>

In his Reply, the plaintiff continues to maintain that proof of intent on the part of the defendants is not necessary to establish mail or wire fraud actionable under RICO. (Reply at pp. 4-7). Although this claim has been addressed at length by the defendants in their previous briefs, it is again worth noting that there can be no question that proof of intent is a necessary element for a claim of mail or wire fraud.

In fact, it is well established that in order prove the "scheme to defraud" element of mail or wire fraud, the plaintiff must prove "(i) the existence of a scheme to defraud, (ii) **the requisite scienter (or fraudulent intent) on the part of the defendant**, and (iii) the materiality of the misrepresentations."  (Emphasis added)(internal citations omitted); <u>United States v. Autuori</u>, 212 F.3d 105 (2nd Cir. 2000).

As set forth in greater detail in the Defendants' Memorandum of Law in Support of Motion for Summary Judgment (hereinafter "defendants' Memorandum of Law"), the plaintiff's claim of mail and wire fraud must fail not only because a
- 5 -

"fraudulent transfer" in violation of Connecticut General Statutes § 52-552a is not a criminal offense identified as "racketeering activity" in 18 U.S.C. § 1961(a), but also, for the additional reason that the plaintiff cannot prove intent on the part of Attorney Miller to defraud the plaintiff. In fact, as the undisputed evidence in this case demonstrates, Attorney Miller did not even know of the California judgment entered in favor of the plaintiff before the Chana Trust was executed. (Defendant's Local Rule 56(a)1 Statement, ¶ 18).

Therefore, in the complete absence of any evidence that Attorney Miller or Kleban & Samor, P.C. engaged in "racketeering activity" – namely, mail or wire fraud indictable under 18 U.S.C. § 1341 and § 1343 - the plaintiff's RICO claim must fail and the defendants' motion for summary judgment should be granted.

D. <u>The issues of fact identified by the plaintiff in his Local Rule 9(c)(2) Statement are neither material nor supported by any evidence.</u>

A material fact is one which "might affect the outcome of the suit under the governing law" and an issue is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In his Local Rule 9(c)(2) Statement, the plaintiff identifies four separate issues which he claims are issues of material fact to be tried. These four issues relate to the defendants' knowledge of the California judgment, the scope of their representation, their involvement in the preparation of the Chana Trust, and "dealings" with Mr. D'Onofrio and the trust company after the Chana Trust was executed. However, despite what may be claimed by the plaintiff, none of these issues are material

because even assuming they could be proven, they would not entitle the plaintiff to a verdict on his RICO claim against the defendants.

Specifically, as set forth in greater detail in the defendants' Memorandum of Law, none of these "issues" would affect the outcome of this case because they have absolutely no bearing on the whether the plaintiff can prove"(1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." Town of West Hartford v. Operation Rescue, 915 F.2d 92, 100 (2nd Cir. 1990). In other words, even if resolved in favor of the plaintiff, none of these claimed issues of fact would prove that: (1) the defendants engaged in a scheme with the intent to defraud the plaintiff; or (2) that the "racketeering activity" was continuous; or (3) that the defendants engaged in two or more predicate acts; or (4) that the RICO person and RICO enterprise are different; or (5) that the defendants participated in the operation or management of an enterprise. Therefore, none of these issues are material and the defendants are entitled to judgment as a matter of law.

More importantly, even assuming they could be deemed material, the plaintiff has not provided any evidence to support these issues. For example, in his first identified issue relating to the defendants' knowledge of the California judgment, the plaintiff simply has not produced, nor does he cite to, any evidence which would support this issue. (Local Rule 9(c)(2) Statement at p. 3). Therefore, the plaintiff has not met his burden of demonstrating a genuine issue of material fact.

Likewise, with respect to the second identified issue, the plaintiff cites to exhibits A and C to the defendants' Memorandum of Law for his claim that there is a genuine issue of material fact as to the scope of the defendants' representation of Mr. D'Onofrio. However, nothing in either of these documents supports the plaintiff's contention that there is an issue as to whether the scope of the defendants' representation included "discussion concerning protection of trust assets from judgment creditors." Rather, these documents, which are the Retainer Agreement and a Memorandum, establish that the scope of the defendants' representation was limited solely to providing tax advice and services.

Similarly, with regard to the third issue, the plaintiff cites to pages 36 through 37 of Attorney Miller's deposition transcript for his claim that there is an issue of fact as whether the defendants had any involvement in the preparation of the initial draft of the Chana Trust. Again, nothing in this transcript supports such a claim. In fact, there is no testimony anywhere in the cited portion of the transcript which even addresses the issue of who prepared the initial draft of the Chana Trust. There is however, evidence elsewhere in the record – namely, an email from the Continental Trust Company to Attorney Miller enclosing the initial draft of the trust document as well as Attorney Miller's affidavit - which demonstrates that the trust company, and not the defendants, prepared the initial draft of the Chana Trust. See Defendants Local Rule 56(a)1 Statement, ¶ 8

As for the fourth and final issue, the plaintiff claims there is a genuine issue of material fact as to whether the defendants had "dealings" with Mr. D'Onofrio and the trust company between July 11, 2001 and April 2002 and cites to pages 38 through 39

of Attorney Miller's deposition transcript. Although there is testimony in these pages of the transcript regarding communications between the defendants and the trust company within these dates, there is no testimony regarding communication with Mr. D'Onofrio. Moreover, testimony regarding the existence of communications between the defendants and the trust company hardly supports the plaintiff's claim of "dealings" between the two, whatever exactly that may mean.

In sum, the plaintiff has not produced any evidence to demonstrate a genuine issue of material fact as to his RICO claim against the defendants. Instead, what the evidence demonstrates is that Attorney Miller and Kleban & Samor, P.C.'s, sole involvement with Mr. D'Onofrio and the Chana Trust was the provision of standard and appropriate tax advice and services, as they were retained to do. Such evidence is simply insufficient to support a claim for RICO. The plaintiff's claim against the defendants is entirely baseless and the defendants are entitled to judgment as a matter of law.

WHEREFORE, the defendants, KLEBAN & SAMOR, P.C. and ELLIOT I. MILLER, respectfully request this court grant their Motion for Summary Judgment.

    THE DEFENDANTS
    Elliot I. Miller and
    Kleban & Samor, P.C.

By _____
    Anthony Nuzzo, Jr.
    Federal Bar No: CT05397
    NUZZO & ROBERTS, L.L.C.
    One Town Center
    P.O. Box 747
    Cheshire, Connecticut 06410
    Tel: (203) 250-2000
    Fax: (203) 250-3131
    anuzzo@nuzzo-roberts.com

## CERTIFICATION

This is to certify that on March 5, 2007, a copy of the foregoing Defendants' Reply to Plaintiff's Opposition to Defendants' Supplemental Memorandum of Law in Support of Motion for Summary Judgment was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By _____
Anthony Nuzzo, Jr.
Federal Bar No: CT05397
NUZZO & ROBERTS, L.L.C.
One Town Center
P.O. Box 747
Cheshire, Connecticut 06410
Tel: (203) 250-2000
Fax: (203) 250-3131
anuzzo@nuzzo-roberts.com

\\Fp\nuzzo\WP\423002\134\Reply Pltfs Opp Supp Mem 3 5 07.doc